UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS and all )
others similarly situated under 29 U.S.C. 216(b), )
)
            Plaintiff, )
    vs. )
)
BARNEY N. WEINKLE )
ILENE M. WEINKLE )
)
            Defendants. )
_____ )

## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Comes Now Plaintiff, by and through undersigned counsel, pursuant to Federal Rules of

Civil Procedure 12(b)(1) and (6) and 8(c) and hereby file Plaintiff's Motion to Dismiss

Defendants' Counterclaim and in support thereof states as follows:

1. Plaintiff filed a complaint for the non-payment of minimum wages and overtime wages

   under the Fair Labor Standards Act.

2. Defendants asserted a counterclaim for breach of implied covenant of good faith and fair

   dealing.

3. Plaintiff hereby moves this Court to dismiss Defendants' counterclaim for the following

   two reasons:

   1) This Court lacks jurisdiction to hear Defendants permissive counterclaim.

   2) The Fair Labor Standards Act does not allow for an employer to counterclaim

      under indemnification or breach of contract theories, as said counterclaim would

      run counter to the intent and purpose of the Fair Labor Standards Act. *Lyle v.*

      *Food Lion, Inc.*, 954 F.2d 984 (4th Cir. N.C. 1992), *Martin v. Gingerbread*

*House, Inc*., 977 F.2d 1405, 1407 (10th Cir. Colo. 1992), *Quintana v. Explorer Enters*., 2010 U.S. Dist. LEXIS 54683 (S.D. Fla. June 3, 2010). Similarly, the counterclaims brought by Defendant for fraud, conversion, misappropriation of a trade secret and defamation should not be allowed.

### A. Standard of Review on Motions to Dismiss:

In considering a motion to dismiss the Court is required to accept all well-pled allegations of the complaint as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Plaintiff in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Defendants to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003). The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296. *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008). "*Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination.")." *Lecik v. Nost*, 2005 U.S. Dist. LEXIS 34727 (M.D. Fla. Dec. 5, 2005).

### B. Lack of Subject Matter Jurisdiction

Defendants, in their Counterclaim, fail to address whether this Court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. §1367 and Rule 13, Fed R. Civ. P." Furthermore, Defendants fail to address whether this is a permissive or compulsory counterclaim. It is Plaintiff's position that this is at best a permissive counterclaim.

> If a counterclaim is permissive rather than compulsory, the court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court. *See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir. 1989);

*Hutton v. Grumpie's Pizza & Subs, Inc.*, 2008 U.S. Dist. LEXIS 37425 (S.D. Fla. May 6, 2008), 2008 WL 1995091 (S.D. Fla. May 7, 2008).

In actions where Plaintiff has sued under a Federal Statute but the Defendant desires to pursue a State based claim as a counterclaim, the U.S. District Courts in both the Southern District of Florida as well as the Middle District of Florida have held that said state based claim, i.e. for breach of contract, is not a compulsory counterclaim but at best a permissive counterclaim.

> *Kirby v. Tafco Emerald Coast, Inc.*, 05CV341 (RV), 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *2 (N.D.Fla. 2006) (finding no supplemental jurisdiction over breach of contract and failure to pay promissory note counterclaims to plaintiff's FLSA claim); *Lecik v. Nost*, 05 CV 1040 ORL (KRS), 2005 U.S. Dist. LEXIS 34727, 2005 WL 3307192, at *2-3 (M.D.Fla. 2005) (finding no supplemental jurisdiction over breach of contract counterclaim to plaintiff's FLSA claim).

*Carvalho v. Door-Pack, Inc.*, 565 F. Supp. 2d 1340, 1341 (S.D. Fla. 2008). The Courts have gone on to hold that although the Court lacks independent basis for jurisdiction, there is an exception for the Court to hear a permissive counterclaim when the counterclaim merely seeks a setoff that would not reduce Plaintiff's average hourly wage below the minimum wage.

> The Court finds that under the logical relationship test, all three of RSM's counterclaims are permissive, because they are not based on the same core facts as Plaintiff's FLSA claim. See *Kirby*, 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *2 (finding the defendant's breach of contract claim and failure to repay promissory notes claim to be permissive counterclaims to the plaintiff's FLSA claim); *Mercer*, 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *1 (finding the defendant's conversion claim

to be a permissive counterclaim to the plaintiff's FLSA claim); *Lecik v. Nost*, 2005 U.S. Dist. LEXIS 34727, 2005 WL 3307192, at *3 (M.D. Fla. Dec. 6, 2005) v. *Nost*, 2005 U.S. Dist. LEXIS 34727, 2005 WL 3307192, at *3 (M.D. Fla. Dec. 6, 2005)(finding the defendant's breach of contract claim to be a permissive counterclaim to the plaintiff's FLSA claim). However, the Court's finding that the counterclaims are permissive does not end the Court's inquiry as to whether the counterclaims should be dismissed due to there being no independent basis for subject matter jurisdiction.

There is an exception to the requirement that permissive counterclaims require an independent basis for jurisdiction when the permissive counterclaim is seeking only a setoff. See *Cole*, 2007 U.S. Dist. LEXIS 42507, 2007 WL 1696029, at *4; *Kirby*, 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *1 n.1; Mercer, 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *2. However, under the exception, the counterclaim for setoff must be used solely to defeat or reduce the plaintiff's recovery and cannot seek affirmative relief. See *Cole*, 2007 U.S. Dist. LEXIS 42507, 2007 WL 1696029, at *4; *Kirby*, 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *1 n.1; *Mercer*, 2005 U.S. Dist. LEXIS 28290, 2005 WL 3019302, at *2.

*Robinson v. Roofs, Structures & Mgmt.,* 2007 U.S. Dist. LEXIS 92644, 5-7 (M.D. Fla. Dec. 18, 2007), see also *Dejesus v. Emerald Coast Connections of St. Petersburg, Inc*., 2010 U.S. Dist. LEXIS 68845 (M.D. Fla. June 17, 2010) (allowing setoff for the purchase of a pizza oven so long as said setoff did not result in Plaintiff's wage rate falling below the applicable minimum wage rate).

Furthermore, in *Goings v. Advanced Sys*., 2008 U.S. Dist. LEXIS 74331 (M.D. Fla. Sept. 12, 2008) after Plaintiff was injured and could not work, Defendants loaned Plaintiff money so that Plaintiff could continue to pay for his health insurance benefits. Plaintiff never returned to work and ultimately asserted a claim for overtime wages under the Fair Labor Standards Act. Thereafter, Defendants filed a counterclaim for breach of contract. The Court in *Goings* went on

to find that the claim for breach of contract is a permissive counterclaim for which the Court did

not have any independent basis for subject matter jurisdiction.

> This Court has given careful consideration to this matter, and determines that most of the facts needed for the prosecution and defense of Plaintiff's FLSA claims are distinct from the facts needed to litigate Defendant's counterclaim for breach of contract regarding an unpaid loan. For that reason, separate trials of these separate claims would not "involve substantial duplication of effort and time by the parties and the courts." See *Revere Copper & Brass, Inc*., 426 F.2d at 714. Broadly, the aggregate core of facts upon which Plaintiff's claims rest are the hours worked by Plaintiff and the amount that he was paid for those hours, an issue quite distinct from the alleged loan between Plaintiff and Defendant. In addition, the elements of proof for each claim are distinct from one another. Thus applying the logical relationship test, the Court finds that Defendant's counterclaim is permissive rather than compulsory.

*Goings v. Advanced Sys*., 2008 U.S. Dist. LEXIS 74331, 7-8 (M.D. Fla. Sept. 12, 2008).

However, the Court went on to state that Defendant could use the breach of contract claim solely

for the purpose of setoff to reduce the recovery but cannot be used to seek affirmative relief.

In the present case, Defendants counterclaims do not seek setoff but rather seek

affirmative relief, requesting that Plaintiffs pay Defendant for 755 paid hours of work. As

Plaintiff is currently claiming that she has not been paid Federal or Florida minimum wages, any

claim for setoff would cause Plaintiff's wages to be reduced even further below the applicable

minimum wages.

Defendants' counterclaim should be construed as nothing more than a denial of Plaintiff's

claims, whereby plaintiff claims she worked all these hours for which she was not paid minimum

and overtime wages, and Defendants (without submitting any time records) deny these

allegations. Allowing said counterclaim, would automatically subject every single FLSA lawsuit

to a counterclaim for fraud, which is contrary to the purpose behind the FLSA. *Lyle v. Food

Lion, Inc*., 954 F.2d 984 (4th Cir. N.C. 1992), *Martin v. Gingerbread House, Inc*., 977 F.2d

1405, 1407 (10th Cir. Colo. 1992), *Quintana v. Explorer Enters.*, 2010 U.S. Dist. LEXIS 54683

(S.D. Fla. June 3, 2010).

> [o]ur precedent suggests that such claims should not be addressed in a FLSA action. See *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988) (noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.").

*Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010).

Therefore, Defendants' counterclaim, is at best, a permissive counterclaim of which

Defendants have not established any independent basis for the Court's subject matter

jurisdiction. As a result Defendants' counterclaim should be dismissed for lack of Subject Matter

Jurisdiction.

**C. Purpose of the Fair Labor Standard Act:**

The Fair Labor Standards Act does not allow for an employer to counterclaim under theories

that run counter to the intent and purpose of the Fair Labor Standards Act. *Lyle v. Food Lion,*

*Inc.*, 954 F.2d 984 (4th Cir. N.C. 1992), *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407

(10th Cir. Colo. 1992), *Quintana v. Explorer Enters.*, 2010 U.S. Dist. LEXIS 54683 (S.D. Fla.

June 3, 2010). Specifically the Courts have held that state based theories are barred by the

supremacy clause as no such action was contemplated by the act, presumably because it would

chill the rights of an employee to seek minimum or overtime compensation under the act if an

employee knew that he/she would be hit with a counterclaim if he/she filed a lawsuit. As the

Fifth Circuit stated when affirming the District's Court Dismissal of a counterclaim:

> The district court's disposition was proper. To engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution, would

> undermine employers' incentives to abide by the Act, and would differentiate among employees entitled to receive overtime compensation in a way which does not otherwise exist in the statute.

*LeCompte v. Chrysler Credit Corp*., 780 F.2d 1260, 1264 (5th Cir. 1986). The counterclaim being asserted by Defendants run contrary to public policy and the intent of the Fair Labor Standards Act.

> [t]he circuits that have addressed the issue consistently found that indemnification claims against employees or owners are contrary to public policy and the legislative intent of the FLSA. See, e.g., *LeCompte v. Chrysler Credit Corp*., 780 F.2d 1260, 1264 (5th Cir. 1986); *Lyle v. Food Lion, Inc*., 954 F.2d 984, 987 (4th Cir. 1992); *Martin v. Gingerbread House, Inc*., 977 F.2d 1405, 1407 (10th Cir. 1992); *Herman v. RSR Sec. Services Ltd*., 172 F.3d 132, 144 (2d Cir. 1999).

*Quintana v. Explorer Enters*., 2010 U.S. Dist. LEXIS 54683, 4-5 (S.D. Fla. June 3, 2010). In the present case, Defendants' claim that Plaintiff was paid for hours that she did not actually work. However, similar counterclaims have been addressed by other courts such as the Fifth Circuit in *Gagnon v. United Technisource Inc*., 607 F.3d 1036, 1042 (5th Tex. 2010). In *Gagnon* the Plaintiff filed a complaint under the Fair Labor Standards Act as well as other counts. The Defendant/employer in *Gagnon* filed a counterclaim against Plaintiff for breach of contract and fraud as Plaintiff was paid a per diem expenses for travel expenses of 280 miles each day even though Plaintiff had moved closer to Defendants facility and only lived a mere 9 miles away. The Court in *Gagnon* went on to find that the per diem expenses must be included when calculating Plaintiff's hourly rate, yet found that Defendants' counterclaim for breach of contract and fraud should never have been filed with this FLSA claim.

> [o]ur precedent suggests that such claims should not be addressed in a FLSA action. See *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988) (noting that the only function of the federal judiciary under the FLSA "is

to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.").

*Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010). As such, Defendants'

counterclaim or "arguments and disputations over claims against those wages" are contrary to

the purpose behind the Fair Labor Standards Act and are not appropriate to be brought as a

counterclaim when Plaintiff has brought a claim for unpaid minimum and overtime wages.

Therefore, Defendants' counterclaim should be dismissed as contrary to the purpose and intent of

the FLSA.

Wherefore, Plaintiff respectfully requests that this Court Dismiss Defendants'

counterclaim in its entirety.

Respectfully submitted,

Daniel T. Feld, Esq.
J. H. Zidell, P.A.
Attorneys for Plaintiffs
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld_____
     Daniel T. Feld, Esq.
     Florida Bar No.: 0037013

**<u>CERTIFICATE OF SERVICE:</u>**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Dismiss

Defendants' counterclaim was sent via U.S. Mail to Barney N. Weinkle and Ilene M. Weinkle at

343 Layne Blvd., Hallandaae Beach,  Florida 33009 on this 8th day of December 2014.


Daniel T. Feld, Esq.
J. H. Zidell, P.A.
Attorneys for Plaintiffs
300-71[st] Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: _/s/_Daniel T. Feld _____
Daniel T. Feld, Esq.
Florida Bar Number: 0037