UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS,     )
*and all others similarly situated under 29*     )
*U.S.C. 216(b)*,     )
                                    )
                Plaintiff,          )
        vs.                         )
                                    )
BARNEY N. WEINKLE,                  )
ILENE M. WEINKLE,                   )
                                    )
                Defendants.         )
_____)

## MOTION TO STRIKE DEFENSES, FOR SANCTIONS, AND TO COMPEL MEDIATION

**COMES NOW** Plaintiff, by and through undersigned counsel, and requests the entry of an Order granting this Plaintiff's Motion to Strike Defenses, for Sanctions, and to Compel Mediation (the "Motion") and, in support thereof, states as follows:

1. Defendants are appearing *pro se* and have been consistently avoiding their procedural obligations in this matter. Defendants choose to play by their own rules, feign ignorance, threaten bar complaints, name-call, and otherwise impede all efforts for Plaintiff to facilitate the most basic cooperation, and this bad faith conduct is sufficient grounds for dramatic sanctions.

2. Plaintiff has been stymied by Defendants' refusal to participate in court-ordered mediation, and by Defendants' refusal to cooperate with counsel in litigation, in general.

3. Plaintiff's counsel sent over ten (10) emails over the course of a month to Defendant Barney N. Weinkle in an attempt to schedule mediation, and furthermore, throughout such time, Plaintiff was unable to convince Defendants to comply with the Court's order

in scheduling mediation. Furthermore, Plaintiff's attempts to convince Defendants to collaborate resulted in Defendant Barney N. Weinkle threatening to file a bar complaint against undersigned counsel and denying my many attempts at facilitating scheduling mediation.

4.   As a result of Defendants' refusals to comply, this Court entered an Order on February 11, 2015 [D.E. 24] directing the parties to comply with the Court's orders regarding mediation and to properly schedule mediation and file the Notice of Mediation with the Court by February 19, 2015.

5.   After undersigned counsel offered several available dates for mediation to Defendants, Defendant Barney N. Weinkle indicated to Plaintiff's counsel Defendants' preference of June 10, 2015 for mediation, and Defendants agreed that the mediation would occur in Plaintiff's counsel's law office. Therefore, on February 12, 2015, undersigned counsel filed a Notice of Scheduled Mediation with the Court, indicating that mediation in this case was scheduled to occur on June 10, 2015 at 10:00 am. See [D.E. 25].

6.   On February 17, 2015, the Court issued an Order Scheduling Mediation for June 10, 2015 [D.E. 27], and undersigned counsel sent the Order to Defendants via email and USPS certified mail.

7.   In an email exchange with Defendant Barney N. Weinkle from May 26, 2015 through June 1, 2015, undersigned counsel reminded Mr. Weinkle of the mediation scheduled on June 10, 2015, and Mr. Weinkle suggested the parties jointly move for an enlargement of discovery, as Defendants were not available to be deposed before mediation. However, Mr. Weinkle stated Defendants were available to be deposed on June 25, 2015. Because Defendants had generally been non-responsive in undersigned counsel's attempts to schedule Defendants for depositions, Plaintiffs counsel sent a Notice of Depositions to

Defendants scheduling them both for June 8, 2015, and informing Defendants that they needed to be present at said deposition unless they committed to being deposed on their chosen date, June 25, 2015.[1]   Plaintiff's counsel received no confirmation that Defendants would appear for a June 25, 2015 deposition. Plaintiff's counsel had a court reporter present and was prepared to depose Defendants on June 8, 2015, but Defendants did not appear. See Exhibit 1, Certificate of Nonappearance for Defendants.

8.    On June 3, 2015, undersigned counsel, on behalf of both parties, filed a Joint Motion for Enlargement of Time to Conduct Discovery. See [D.E. 30]. That Motion was granted by this Court on June 4, 2015. See [D.E. 31].

9.    On June 10, 2015, Plaintiff, Plaintiff's counsel, and court-appointed mediator Bruce Alexander were present at Plaintiff's counsel's office for the scheduled mediation. After waiting for Defendants for about fifteen (15) minutes, undersigned counsel called Defendant Barney N. Weinkle, and asked Mr. Weinkle if the Defendants would be attending the mediation. He said no and, further, insisted that he was "not aware" of the mediation. Mediator Bruce Alexander filed his Mediation Report on June 11, 2015, noting Defendants' failure to appear. See [D.E. 32].

10.   Later on June 10, 2015, Defendant Barney N. Weinkle called undersigned counsel and stated that he would confirm Defendants' dates of availability for another mediation, and for Defendants' depositions to be taken, and would call Plaintiff's counsel back the following day. Undersigned counsel reminded Mr. Weinkle that mediation must occur on or before June 23, 2015. Since that date, Defendants have not made themselves available to meaningfully communicate with Plaintiff's counsel.

---

1   At this time the discovery period had not yet been extended.  Defendants insisted that Mr. Barney N. Weinkle's many doctors appointments prevented him from being available  at any time during the weeks before the close of discovery.   The extension was an attempt to accommodate Mr. Weinkle.

11.   In an email exchange on June 25, 2015, undersigned counsel asked Defendant Mr. Weinkle to send dates of availability between July 2, 2015 and July 10, 2015 for depositions and for mediation. Mr. Weinkle sent a reply offering only dates for Defendants' depositions outside of the extended discovery period.  However, he did state Defendants are available for a rescheduled mediation on "July 9th or July 10 in the morning."

## MEMORANDUM OF LAW

### I.   Introduction

Plaintiff has been stymied by Defendants' repeated refusals to: (1) attend their scheduled depositions or confirm their attendance of depositions on alternate dates, (2) meaningfully cooperate in scheduling mediation without court intervention; (3) comply with court order to attend mediation for which Defendants' were properly on notice; and (4) schedule and confirm Defendants' depositions — this, after goading undersigned counsel into drafting and filing a Joint Motion for Enlargement of Discovery under the guise of planning to confirm dates for Defendants' depositions later, and has not done so.

### II.   Argument

#### a.      The Sanction of Striking Affirmative Defenses is Appropriate

Litigants can move under Fed.R.Civ.P. Rule 37(c) in order to compel discovery and seek sanctions.  "The district court has broad discretion to control discovery. This power includes the ability to impose sanctions on uncooperative litigants."  Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (citing Fed.R.Civ.P. 37(b)(2)(C)).  "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir.1999).

Extraordinary remedies under Fed.R.Civ.P. Rule 37 are available when there is bad faith or repeated violations in discovery. Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913 (11th Cir. 2010), *citing* Griffin v. Aluminum Co. of Am., 564 F.2d 1171, 1172 (5th Cir.1977) (noting that the former Fifth Circuit "has approved dismissal as a sanction imposed under Rule 37(d), [where] plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply").

The district court is not required to consider lesser sanctions before taking such dramatic steps as dismissing a case. Phipps v. Blakeney at 790. In Phipps, the 11th Circuit upheld the district court's order dismissing Plaintiff's case, because the Plaintiff "disobeyed several discovery orders." The 11th Circuit respected the district court's discretionary decision, stating, "We intend to protect the ability of district courts to police discovery simply and speedily." Phipps at 790 (citing National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 96 (1976)). Thus, to strike affirmative defenses in regard to discovery violations is an available remedy.

Defendants' failure to sufficiently participate and cooperate in discovery and mediation has materially affected Plaintiff's ability to prosecute her case in a timely and efficient manner. While such a sanction is extraordinary, it is justified. Plaintiff's counsel drafted and filed the Joint Motion for Enlargement of Discovery at the urging of Defendants, who now have such an enlarged discovery period, and have failed to respond to Plaintiffs' many requests to schedule depositions within the time granted by the court to do so, and have further failed to appear at depositions unilaterally noticed by Plaintiff's counsel. Further, during one of the many email exchanges when undersigned counsel asked Defendants to provide dates of availability for depositions, Defendant Barney N. Weinkle demanded that Plaintiff provide her dates of

availability for her deposition. Plaintiff promptly provided Defendants with several dates of availability for Plaintiff's deposition within the discovery period. However, Defendants have not followed up at all in any attempt to actually confirm one of the several dates offered by Plaintiff, not to mention ignoring Plaintiff's repeated requests for confirmation of Defendants' willingness to appear for a deposition.  Finally, Defendant Barney N. Weinkle has repeatedly attempted to evade his responsibilities as a Defendant in this action by attempting to insult and name-call the undersigned, and twice threatening to file a complaint with the bar. It must be reasonably inferred under the context of the circumstances that Defendants are acting in bad faith and that threatening to attempt to destroy the professional career of undersigned counsel is Defendants' chosen defense strategy.

> **b.** **Monetary Sanctions**

Monetary sanctions for vexatious and dilatory tactics, as well as ignoring court orders are appropriate. "A court may appropriately sanction a party or attorney who 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 45 (11th Cir. 1993) (quoting Hutto v. Finney, 437 U.S. 678, 679 n. 14 (1978)). Furthermore, claiming ignorance to a court order requiring a party's compliance, where the party was fully aware of the court's instructions, is not a defense to sanctions. Id. at 1543.

As explained above, the Defendants were timely noticed of the Court Order Scheduling Mediation and furthermore reminded by undersigned counsel of the upcoming mediation by email. Then, when undersigned called Defendants to inquire about their absence on the day of mediation, Defendant Barney N. Weinkle stated he was "not aware" of the mediation's scheduled date of occurrence.

Monetary sanctions are appropriate and necessary for Defendants' failure to cooperate in scheduling mediation without court interference,  Defendants' failure to attend mediation after receiving the court's order to do so, thus requiring Plaintiff, Plaintiff's counsel, and the court-appointed mediator to waste our time, and requiring Plaintiff's counsel to prepare this Motion to address these ongoing problems. It is necessary for the integrity of this judicial system that the strategy of purposefully ignoring requests for dates for depositions and ignoring court order to attend mediation should not be profitable.

**WHEREFORE,** Plaintiff requests that this court enter an order compelling Defendants' attendance at mediation and to cooperate with discovery, but additionally seek reasonable costs for the mediation Defendants did not attend, costs for bringing this Motion, and to strike Defendants' affirmative defenses.

Respectfully submitted this 25th day of June, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 105151

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues.  Defendant Barney N. Weinkle responded via email to Plaintiff's email conferral by threatening, for a second time, to file a bar complaint against the undersigned.


By:  /s/ Julia M. Garrett
      Julia M. Garrett, Esq.
      jgarrett.jhzidellpa@gmail.com
      Florida Bar Number: 105151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to *pro se* Defendants Defendants Barney N. Weinkle and Ilene M. Weinkle via email at barneynweinkle@gmail.com, and via USPS certified mail to 343 Layne Blvd., Hallandale Beach, FL 33009 on June 25, 2015.

.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151