UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS, *and all others similarly situated under 29 U.S.C. 216(b)*, )
)
)
Plaintiff, )
vs. )
)
BARNEY N. WEINKLE, )
ILENE M. WEINKLE, )
)
Defendants. )
_____ )

FILED by MM D.C.
JUL 16 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA – MIAMI

## DEFENDANTS ANSWER TO PLANTIIFF MOTION FOR TO STRIKE DEFENSES FOR SANCTIONS AND MOTION TO COMPEL

Your honor,

I am the Defendant and we are submitting this opposition to the plaintiffs motion for sanctions and to strike our answers and in a response to their motion to compel.

I have always been very responsive to all requests and orders from the court. The motion before the court by the plaintiff should not be granted for the following reasons.

1) We have submitted our admissions and interrogatories by the deadline July 13th via e mail.

2) We have conducted our depositions of the plaintiff and both defendants Barney Weinkle and Ilene Weinkle have completed their deposition been by plaintiff's attorney.

4) Defendants spoke the Plaintiffs attorney during the time the mediation was in their office and advised them of scheduling error due to not receiving the order via U.S mail and that proof that we did not received is attached and confirmed that the notice was returned to them by the U.S mail, There was many dates and times discuss and we scheduled the wrong date and immediately made our self available to reschedule and there convenience.

5) The plaintiff is trying to portray the defendants in a bad light and as not complying, this not true, the defendants due to financial problems are forced to represents themselves and plaintiff is using trickery of the court to try to gain a advantage with the court, I have attached correspondence to show we have acted in good faith and delivered all documents to plaintiff that were served on us timely and completed depositions, The plaintiff s attorney in contrast to our actions has engaged in verbal personal attacks, I was badgered by plaintiff attorney during

deposition so badly I had to threaten to walk out, but I remained calm to complete all questioning, again in contrast to our actions when I was deposing Plaintiff, plaintiff's attorney called me a jerk calling into question my creditably with the deponent and the court reporter and translator.

7) We have agreed to reschedule court ordered mediation and that fact is memorized in e mails attached. There were many dates and deadlines and the plaintiffs attorney acknowledged that they got the notice from the U.S Mal that the notice they sent regarding mediation was returned by mail as undeliverable, I have attached their acknowledgement of that. We stand ready to meet for mediation and have meaningful decisions to resolve this dispute, and not take any more of the courts valuable time un necessarily. Plaintiff has not agreed to repeated request for extensions a common courtesy normally given to lawyers but plaintiffs' lawyer is using the fact that we are representing ourselves as a weakness rather than understanding the court allows Pro Se representation and "good faith and fair dealing" standards should apply that have not been extended in this case.

I hope this Pro Se response is in proper form , if not please excuse the defendants lack of legal knowledge in the form of this filing, we are doing the very best we can, I tried to contact your Honor by phone Monday July 13, 2015 to advise we are going to file this response by email, we were informed that had to be filed in person. I spoke to your judicial assistant Toni Ann, she was very nice and she said would pass along the message that I called.

Sincerely,

Barney & Ilene Weinkle
10070 Bay Harbor Terrace
Bay Harbor Florida 33154
Barneynweinkle@gmail.com
305-218-6036

| | |
|---|---|
| Subj: | **Fwd: Letter Returned Unclaimed - From J.H. Zidell, P.A.** |
| Date: | 7/15/2015 9:17:43 A.M. Eastern Daylight Time |
| From: | barneynweinkle@gmail.com |
| To: | hotslice@aol.com |

Barney Weinkle

Begin forwarded message:

> **From:** Julia Garrett <jgarrett.jhzidellpa@gmail.com>
> **Date:** March 16, 2015 at 2:52:04 PM EDT
> **To:** Barney Weinkle <barneynweinkle@gmail.com>
> **Cc:** "J.H. Zidell" <zabogado@aol.com>, Steven Fraser <steven.fraser.esq@gmail.com>, Elizabeth Hueber <elizabeth.hueber.esq@gmail.com>
> **Subject: Letter Returned Unclaimed - From J.H. Zidell, P.A.**
>
> Dear Mr. Weinkle,
>
> On February 12, 2015, our office mailed to you via USPS certified mail the Notice of Scheduled Mediation on our case, Salinas v. Weinkle, et al. 14-62481-CIV-Bloom.
>
> We received the letter back today, marked by USPS as "Return to Sender Unclaimed Unable to Forward." The USPS tracking website states that a Notice was left at your residence on February 14, 2015 but that the letter was returned to our office unclaimed. Please let me know at your earliest convenience if you have a new or different mailing address.
>
> Regardless, I emailed a PDF copy of the Court's Order Scheduling Mediation on February 23, 2015, as well, containing the pertinent information related to the Mediation.
>
> I look forward to hearing from you.
>
> Sincerely,
>
> Julia Garrett, Esq.
> **J.H. Zidell, P.A.**
> 300 71st Street
> Suite 605
> Miami Beach, FL 33141
> Phone: (305) 865-6766
> Fax: (305) 865-7167
> Email: jgarrett.jhzidellpa@gmail.com

=

Subj: **Fwd: Isabel Corzola Cazorla salinas**
Date: 7/15/2015 9:16:17 A.M. Eastern Daylight Time
From: barneynweinkle@gmail.com
To: hotslice@aol.com

Barney Weinkle

Begin forwarded message:

> **From:** Julia Garrett <jgarrett.jhzidellpa@gmail.com>
> **Date:** July 6, 2015 at 1:37:45 PM EDT
> **To:** Barney Weinkle <barneynweinkle@gmail.com>
> **Cc:** Elizabeth Hueber <elizabeth.hueber.esq@gmail.com>
> **Subject: Re: Isabel Corzola Cazorla salinas**
>
> Mr. Weinkle,
>
> I stated I will withdraw after completion of the depositions and mediation, and that I will withdraw the portion requesting that the affirmative defenses be stricken, not the other relief sought in the motion. I will send you a copy of my notice to withdraw the request to strike affirmative defenses upon its filing.
>
> I will prepare the Motion to extend the deadline to file pre-trial motions and send it, along with the proposed order for the judge, to you for your review shortly.
>
> Sincerely,
>
> Julia
>
> Julia M. Garrett, Esq.
> **J.H. Zidell, P.A.**
> 300 71st Street
> Suite 605
> Miami Beach, FL 33141
> Phone: (305) 865-6766
> Fax: (305) 865-7167
> Email: jgarrett.jhzidellpa@gmail.com
>
> On Mon, Jul 6, 2015 at 1:29 PM, Barney Weinkle <barneynweinkle@gmail.com> wrote:
>> Julia,
>>
>> I agree to the time line and commitment to mediation and our submission of the requested documents timely. Please send me a copy of your notice to withdraw your motion as mentioned in your email.
>>
>> Sincerely,
>>
>> Barney Weinkle
>>
>>
>> On Jul 6, 2015, at 12:25 PM, Julia Garrett <jgarrett.jhzidellpa@gmail.com> wrote:
>>
>>> Mr. Weinkle,

| | |
|---|---|
| Subj: | **Re: Isabel Corzola Cazorla salinas** |
| Date: | 7/6/2015 12:25:05 P.M. Eastern Daylight Time |
| From: | jgarrett.jhzidellpa@gmail.com |
| To: | hotslice@aol.com, barneynweinkle@gmail.com |
| CC: | elizabeth.hueber.esq@gmail.com |

Mr. Weinkle,

It was my understanding that pre-trial motions were going to be due after discovery. I have just reviewed our pre-trial deadlines, and the pre-trial motion deadline was July 1, 2015 (set before we received an extension for discovery). I can only file my pre-trial motion(s) after receiving your discovery responses.

The joint pre-trial stipulation is due to the court on August 28, 2015, and we must give the court sufficient time to rule on any pending pre-trial motions in the meantime. Therefore, on the condition that you will join me on a motion to extend the pre-trial motion deadline until July 27, 2015 <u>and</u> it is granted, I will not oppose extending your discovery response deadline until July 20, 2015. Please confirm whether or not you are in agreement with this timeline. The responses would be to the Request for Production of Documents, the Interrogatories, and Request for Admissions, to the extent that you need the documents in storage to respond.

To the extent that any responses to, at least, the Interrogatories and the Request for Admissions do not require your review of the documents in storage, please send those responses to me by July 13. If you are able to retrieve the responsive documents in several batches, I request that you send them to me as they come in, and do not wait until the very end to send everything at once.

Finally, given our phone conversation today in which you stated your commitment to following through with your deposition(s) and mediation, I am willing to withdraw Plaintiff's request that the court strike Defendants' affirmative defenses upon the completion of your and Mrs. Weinkle's depositions and the mediation.

Looking forward to hearing from you.

Sincerely,

Julia M. Garrett, Esq.
**J.H. Zidell, P.A.**
300 71st Street
Suite 605
Miami Beach, FL 33141
Phone: (305) 865-6766
Fax: (305) 865-7167
Email: jgarrett.jhzidellpa@gmail.com

On Mon, Jul 6, 2015 at 11:02 AM, Barney <hotslice@aol.com> wrote:
> Dear Julia,
>
> We are requesting an deadline extension for us to respond to your request for production and interrogatory responses, we have closed our offices 6 months ago and moved our home location to a rental property and all of our personal and business documents are packed away in a storage facility.
>
> We have to hire a moving company to move large boxes and furniture to be able to look through all of our storage to find our old files to see if any documents exist that you requested.
>
> We are requesting a 30 day extension until August 13, 2015.
>
> Sincerely
>
> Barney Weinkle

| | |
|---|---|
| Subj: | **Mediation** |
| Date: | 6/10/2015 11:07:03 A.M. Eastern Daylight Time |
| From: | hotslice@aol.com |
| To: | jgarrett.jhzidellpa@gmail.com |

Ms Garrett,

I want to apologize for the scheduling error, unfortunately I did not have today's mediation scheduled on the right date. Please send me alternative dates so that we may schedule this mediation in the near future.

Thank you

Barney Weinkle


Barney Weinkle
Sent from my I phone

Subj: **Isabel Corzola Cazorla salinas**
Date: 7/6/2015 11:02:59 A.M. Eastern Daylight Time
From: hotslice@aol.com
To: jgarrett.jhzidellpa@gmail.com

Dear Julia,

We are requesting an deadline extension for us to respond to your request for production and interrogatory responses, we have closed our offices 6 months ago and moved our home location to a rental property and all of our personal and business documents are packed away in a storage facility.

We have to hire a moving company to move large boxes and furniture to be able to look through all of our storage to find our old files to see if any documents exist that you requested.

We are requesting a 30 day extension until August 13, 2015.

Sincerely

Barney Weinkle

| | |
|---|---|
| Subj: | **Fwd: Isabel Corzola Cazorla salinas** |
| Date: | 7/15/2015 9:15:43 A.M. Eastern Daylight Time |
| From: | barneynweinkle@gmail.com |
| To: | hotslice@aol.com |

Barney Weinkle

Begin forwarded message:

**From:** Julia Garrett <jgarrett.jhzidellpa@gmail.com>
**Date:** July 6, 2015 at 12:25:04 PM EDT
**To:** hotslice@aol.com, **Barney Weinkle** <barneynweinkle@gmail.com>
**Cc:** Elizabeth Hueber <elizabeth.hueber.esq@gmail.com>
**Subject: Re: Isabel Corzola Cazorla salinas**

Mr. Weinkle,

It was my understanding that pre-trial motions were going to be due after discovery. I have just reviewed our pre-trial deadlines, and the pre-trial motion deadline was July 1, 2015 (set before we received an extension for discovery). I can only file my pre-trial motion(s) after receiving your discovery responses.

The joint pre-trial stipulation is due to the court on August 28, 2015, and we must give the court sufficient time to rule on any pending pre-trial motions in the meantime. Therefore, on the condition that you will join me on a motion to extend the pre-trial motion deadline until July 27, 2015 <u>and</u> it is granted, I will not oppose extending your discovery response deadline until July 20, 2015. Please confirm whether or not you are in agreement with this timeline. The responses would be to the Request for Production of Documents, the Interrogatories, and Request for Admissions, to the extent that you need the documents in storage to respond.

To the extent that any responses to, at least, the Interrogatories and the Request for Admissions do not require your review of the documents in storage, please send those responses to me by July 13. If you are able to retrieve the responsive documents in several batches, I request that you send them to me as they come in, and do not wait until the very end to send everything at once.

Finally, given our phone conversation today in which you stated your commitment to following through with your deposition(s) and mediation, I am willing to withdraw Plaintiff's request that the court strike Defendants' affirmative defenses upon the completion of your and Mrs. Weinkle's depositions and the mediation.

Looking forward to hearing from you.

Sincerely,

Julia M. Garrett, Esq.
**J.H. Zidell, P.A.**
300 71st Street
Suite 605
Miami Beach, FL 33141
Phone: (305) 865-6766
Fax: (305) 865-7167
Email: jgarrett.jhzidellpa@gmail.com

On Mon, Jul 6, 2015 at 11:02 AM, Barney <hotslice@aol.com> wrote:
> Dear Julia,

We are requesting an deadline extension for us to respond to your request for production and interrogatory responses, we have closed our offices 6 months ago and moved our home location to a rental property and all of our personal and business documents are packed away in a storage facility.

We have to hire a moving company to move large boxes and furniture to be able to look through all of our storage to find our old files to see if any documents exist that you requested.

We are requesting a 30 day extension until August 13, 2015.

Sincerely

Barney Weinkle

=

It was my understanding that pre-trial motions were going to be due after discovery. I have just reviewed our pre-trial deadlines, and the pre-trial motion deadline was July 1, 2015 (set before we received an extension for discovery). I can only file my pre-trial motion(s) after receiving your discovery responses.

The joint pre-trial stipulation is due to the court on August 28, 2015, and we must give the court sufficient time to rule on any pending pre-trial motions in the meantime. Therefore, on the condition that you will join me on a motion to extend the pre-trial motion deadline until July 27, 2015 <u>and</u> it is granted, I will not oppose extending your discovery response deadline until July 20, 2015. Please confirm whether or not you are in agreement with this timeline. The responses would be to the Request for Production of Documents, the Interrogatories, and Request for Admissions, to the extent that you need the documents in storage to respond.

To the extent that any responses to, at least, the Interrogatories and the Request for Admissions do not require your review of the documents in storage, please send those responses to me by July 13. If you are able to retrieve the responsive documents in several batches, I request that you send them to me as they come in, and do not wait until the very end to send everything at once.

Finally, given our phone conversation today in which you stated your commitment to following through with your deposition(s) and mediation, I am willing to withdraw Plaintiff's request that the court strike Defendants' affirmative defenses upon the completion of your and Mrs. Weinkle's depositions and the mediation.

Looking forward to hearing from you.

Sincerely,

Julia M. Garrett, Esq.
**J.H. Zidell, P.A.**
300 71st Street
Suite 605
Miami Beach, FL 33141
Phone: (305) 865-6766
Fax: (305) 865-7167
Email: jgarrett.jhzidellpa@gmail.com

On Mon, Jul 6, 2015 at 11:02 AM, Barney <hotslice@aol.com> wrote:
> Dear Julia,
>
> We are requesting an deadline extension for us to respond to your request for production and interrogatory responses, we have closed our offices 6 months ago and moved our home location to a rental property and all of our personal and business documents are packed away in a storage facility.
>
> We have to hire a moving company to move large boxes and furniture to be able to look through all of our storage to find our old files to see if any documents exist that you requested.
>
> We are requesting a 30 day extension until August 13, 2015.
>
> Sincerely
>
> Barney Weinkle