UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-62481-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS,

    Plaintiff,

vs.

BARNEY WEINKLE and ILENE WEINKLE,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE DEFENSES,
FOR SANCTIONS, AND TO COMPEL MEDIATION**

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defenses, for Sanctions, and to Compel Mediation (the "Motion") (ECF No. 33). United States District Judge Beth Bloom has referred all discovery matters to the undersigned for appropriate disposition. *See* (ECF No. 17). The Court has reviewed Plaintiff's Motion, the *pro se* Defendants' Response (ECF No. 37), and the applicable law, and is otherwise duly advised in the premises. Accordingly, for the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

This is a Fair Labor Standards Act case. *See* (ECF No. 1). Plaintiff has sued Defendants for unpaid minimum and overtime wages during her employment as Defendants' housekeeper. *See id.* Defendants have denied liability and asserted a counterclaim against Plaintiff for breach of the implied covenant of good faith and fair dealing. (ECF No. 8). Defendants are proceeding *pro se*.

In her Motion, Plaintiff seeks sanctions against Defendants for failing to attend their depositions on June 8, 2015 and the court-ordered mediation on June 10, 2015. Pursuant to the parties' agreement, (ECF No. 25), the Court issued an order scheduling mediation with Bruce Alexander on June 10, 2015. (ECF No. 27). On that day, Plaintiff, her counsel, and the mediator all appeared for mediation. (ECF No. 33 at 3). Defendants, however, did not show up. After waiting for fifteen minutes, Plaintiff's counsel called Defendants, who advised that they were not aware of the mediation and thus would not be attending. *Id.* The mediator then filed a report indicating that Defendants had "failed to appear at mediation." (ECF No. 32).

Plaintiff's counsel also claims that she noticed Defendants' depositions for June 8, 2015. (ECF No. 33 at 2-3). According to Plaintiff's counsel, she informed Defendants that they needed to appear for their depositions on June 8th, unless they committed to being deposed on June 25th, their preferred date. *Id.* Because Defendants purportedly never confirmed that they would appear for deposition on June 25th, Plaintiff's counsel went forward with the depositions on June 8th. *Id.* But Defendants did not show up. (ECF No. 33-1).

In response, Defendants state that they missed the mediation on June 10, 2015 due to a "scheduling error." (ECF No. 38 at 1). Nevertheless, Defendants claim that they "immediately made [themselves] available to reschedule" the mediation at Plaintiff's convenience. *Id.* Defendants also explain that they have since appeared for the depositions. According to Defendants, Plaintiff is simply attempting to portray them as noncompliant and take advantage of their *pro se* status. *Id.*

## DISCUSSION

"The striking of affirmative defenses is a 'drastic remedy' generally disfavored by courts." *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D.

Fla. 2011) (citations omitted). However, under Local Rule 16.2(e), the "[f]ailure to comply with the attendance . . . requirements [of mediation] may subject a party to sanctions by the Court." Likewise, under Federal Rule of Civil Procedure 37(d)(1)(A)(i), a court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."

In this case, the Court ordered mediation for June 10, 2015 based on the parties' agreement, but Defendants failed to appear. (ECF Nos. 25, 31, and 32). Accordingly, the Court finds that sanctions are appropriate. However, the Court finds that sanctions are not appropriate in connection with the missed June 8, 2015 depositions. Mindful that Defendants are proceeding *pro se*, Plaintiff has not submitted any evidence establishing that Defendants were given "proper notice" of the depositions. Rather, Plaintiff's counsel merely claims that she sent a Notice of Depositions to Defendants (on an unknown date, to an unknown place, and in an unknown manner), scheduling their depositions for June 8, 2015. (ECF No. 33 at 2-3). Without any evidence that the *pro se* Defendants were actually given proper notice, the Court declines to sanction Defendants for failing to appear for the depositions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defenses, for Sanctions, and to Compel Mediation (ECF No. 33) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Motion is **GRANTED** insofar as Plaintiff seeks to compel Defendants' appearance at mediation and seeks sanctions for Defendants failure to appear at the court-ordered mediation. The parties shall confer and schedule a time, date, and place for mediation on or before **August 21, 2015**, and shall file a notice with the Court indicating the same. The mediation shall take place no later than **August 30, 2015**, and the parties shall file a mediation

report within seven (7) days of the mediation.  Additionally, by **September 25, 2015**, Defendants shall reimburse Plaintiff for the full cost of the June 10, 2015 mediation.

(2)    Plaintiff's Motion to strike Defendants' affirmative defenses, compel their attendance at future depositions, and for an award of fees and costs in connection with the missed depositions is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on August 18, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable Beth Bloom
All counsel of record