UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS,   )
                                  )
            Plaintiff,            )
    vs.                           )
                                  )
BARNEY N. WEINKLE,                )
ILENE M. WEINKLE,                 )
                                  )
            Defendants.           )
_____)

## JOINT PRETRIAL STIPULATION

Pursuant to Fed.R.Civ.P.26(a)(3) and S.D.Fla.L.R. 16.1.E, Plaintiff, by and through her undersigned counsel, and Defendants, appearing *pro se*, hereby submit their joint pretrial stipulation.

**1. A short concise statement of the case prepared by each Party in the action.**

Plaintiff's Statement Of The Case:

Plaintiff filed a claim under the Fair Labor Standards Act (FLSA) for overtime wages and overtime in relation to her time when she worked as a housekeeper and domestic servant for Defendants. The majority of the time which Plaintiff claims is for uncompensated time.

Defendants' Statement Of The Case:

Defendants dispute Plaintiff's claim, and contend that at all times Plaintiff was paid the appropriate pay under the law. Defendants assert that much of the time which Plaintiff claimed to have been working was in fact either not work time, or, she was not actually present.

**2. A statement of the basis for federal subject matter jurisdiction.**

Subject matter jurisdiction is proper under 29 U.S.C. § 206(f) and 29 U.S.C. § 206(l). Therefore, no evidence regarding FLSA coverage need be introduced at trial. The Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. 1367.

3. **A list of all pleadings raising the issues.**
   a. Plaintiff's Complaint [D.E. 1].
   b. Defendants' Answer, Affirmative Defenses, and Counterclaim [D.E. 8].

4. **A list of all pending motions.**

   a. Plaintiff's Motion *in Limine* and for Spoliation Sanctions

5. **A joint statement of stipulated facts which will require no proof at trial.**
   a. Plaintiff is covered by the FLSA as a domestic servant pursuant to 29 U.S.C. § 206(f) and 29 U.S.C. § 206(l).
   b. Defendants were the employers of Plaintiff during the "time in question" – January 15, 2012 until July 12, 2014.
   c. Defendants knew of the FLSA overtime laws in the United States for the period of time that Plaintiff worked for Defendants.
   d. Defendants have no accurate time records for the Plaintiff's work while Plaintiff worked for Defendants.

6. **A detailed statement of contested facts that remain to be litigated at trial.**
   a. The amount of hours that Plaintiff worked on a weekly basis.
   b. How much overtime wages Plaintiff is entitled to, if any.

7. **A concise statement of issues of law on which there is agreement.**

    a. The FLSA generally requires that, unless there is an applicable exemption, an employer employing an employee for a workweek exceeding 40 hours must provide compensation to that employee for all hours worked in excess of 40 hours at a rate of not less than one and one-half times the employee's regular rate. 29 U.S.C. § 207(a)(1).

    b. An employee in domestic service must be paid the minimum wage per hour. 29 U.S.C. § 206.

8. **A concise statement of issues of law that remain for determination by the Court.**

    a. None.

9. **Exhibit and Witness Lists:**

    a. Plaintiff's witness list is attached as Exhibit A

    b. Defendants' witness list is attached as Exhibit B[1]

    c. Plaintiff's exhibit list is attached as Exhibit C

    d. Defendants' exhibit list is attached as Exhibit D

    e. Joint proposed jury instructions are attached as Exhibit E

    f. Joint proposed verdict forms are attached as Exhibit F

10. **Length of Trial:**

The Parties estimate that this will be a 2 or 2 1/2 day jury trial.

11. **Each Party's estimate of the maximum amount of attorneys' fees properly allowable, if any.**

---

[1] Defendants did not provide a witness list or exhibit list.

    a. Plaintiff's attorney's fees are estimated at $60,000 through trial and post trial motions.

    b. Defendant attorney fees are estimated at $0 through trial and post trial motions.

| | |
|---|---|
| Date: 8/28/15 | Date 8/28/15 |
| J.H. Zidell P.A. | Barney N. Weinkle<br>Ilene M. Weinkle |
| 300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Tel: (305) 865-6766<br>Fax: (305) 865-7167<br>*Attorneys for Plaintiff* | 343 Layne Blvd.<br>Hallandale Beach, FL 33009<br>Telephone: 305-218-6036<br>barneynweinkle@gmail.com<br>*PRO SE DEFENDANTS* |
| By:_-____/s/_____<br>    Elizabeth O. Hueber, Esq.<br>    Florida Bar No.: 0073061 | BY:___/s/_____<br>Barney N. Weinkle<br>Ilene M. Weinkle<br>*PRO SE DEFENDANTS* |

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via this Court's CMF/ECF system and further, was e-mailed to *pro se* Defendants in this matter.

300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:_____/s/_____
    Elizabeth O. Hueber, Esq.
    Florida Bar No.: 0073061


**SERVICE LIST**

Barney N. Weinkle
Ilene M. Weinkle
343 Layne Blvd.
Hallandale Beach, FL 33009
Telephone: 305-218-6036
barneynweinkle@gmail.com
*PRO SE DEFENDANTS*