UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS, )
*and all others similarly situated under 29* )
*U.S.C. 216(b)*, )
   )
        Plaintiff, )
  vs. )
   )
BARNEY N. WEINKLE, )
ILENE M. WEINKLE, )
   )
        Defendants. )
_____ )

**MOTION IN LIMINE AND MOTION FOR SPOLIATION SANCTIONS**

**COMES NOW** Plaintiff, by and through undersigned counsel, and requests the entry of an Order granting Plaintiff Isabel Tarcila Cazorla Salinas's Motion to Compel and for Spoliation Sanctions:

### MEMORANDUM OF LAW

### I. Introduction

1. On November 26, 2014, Defendants filed their Answer and Counterclaim, where they claimed that they had video tape which showed all of the hours that Plaintiff worked.

2. On June 11, 2015, Plaintiff delivered to Defendants a Request for Production of Documents, a First Set of Interrogatories, and a First Request for Admissions.

3. Defendant only responded to this discovery request by writing some responses onto Plaintiff's interrogatories and requests for admissions, and taking a photograph of it. No documents were provided, the interrogatories were not notarized, and the admissions were not signed.

4. Defendants requested additional time to respond to the Discovery. Plaintiff did not grant this request, but nevertheless gave Defendants the time before filing this motion in accordance with Defendants' request.

5. At Deposition, Defendant Barney Weinkle revealed pertinent information, including:

    (a) Mr. Weinkle had not made any attempts to look for any responsive documents.

    (b) Mr. Weinkle had video evidence of the times of every hour Plaintiff worked – *the critical issue of the case.*

    (c) That said video evidence might no longer exist out of negligence.

6. Plaintiff requests that this Court Compel the Production of Documents and if said Order is not complied with, then an inference of adverse evidence be established.

7. Additionally, Defendant Barney Weinkle has threatened[1] to bring up or otherwise address Plaintiff's immigration status, as well as the immigration status of several non-party friends of Plaintiff in order to dissuade Plaintiff from going to Court. Further, this could be used for prejudicial purposes. Plaintiff's payment of taxes were similarly threatened.

8. Plaintiff requests that references to attorneys' fees, liquidated damages, immigration status, and tax issues be excluded.

   II.   **Argument**

   - <u>An Adverse Inference is the Appropriate Sanction for Destruction of Critical Video</u>

Defendant Barney Weinkle claimed in his Answer that he has video footage of the times that Ms. Salinas was working [DE 8]. He has confirmed that he had these videos and that they show every moment which Plaintiff worked (or did not work). Deposition of Barney Weinkle ("Barney Deposition"), pages 91-108. Thus, this video would eliminate every single issue of fact in this trial. In the Barney Deposition, Mr. Weinkle describes that he went through the videos

---

1  Defendant Weinkle insists that his statements are not threats, but that he is entitled to refer to tax matters and immigration matters because of "free speech."

when Plaintiff filed the case, id. at 93, 96, and that he would provide it if he had not lost it, id. at 95-96.

This video is clearly absolutely critical for Plaintiff and Defendants were aware of the importance of this video tape by basing a counterclaim on it.  Nevertheless, Defendants are either choosing to not provide said dispositive evidence, or have failed to maintain it out of bad faith.  This is spoliation, and the only just method to address said spoliation is to create an adverse inference of the video in favor of Plaintiff, for the reasons stated below.

Sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process. *See* Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir.1999).  "'Spoliation' is the intentional destruction, mutilation, alteration, or concealment of evidence." Walter v. Carnival Corp., No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010).  For there to be spoliation, there must be some kind of bad faith.  Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir.1997).

The party seeking spoliation sanctions must either show bad faith directly or through circumstantial evidence.  Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 736 F. Supp. 2d 1317, 1322-23 (S.D. Fla. 2010), *citing* Atlantic Sea Company, S.A. v. Anais Worldwide Shipping, Inc., No. 08–23079–CIV, 2010 WL 2346665, at *2 (S.D.Fla. June 9, 2010). Circumstantial evidence can be found when:

> (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

Walter v. Carnival Corp., No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010) *citing* Calixto v. Watson Bowman Acme Corp., 2009 WL 3823390, at *16 (S.D.Fla. Nov.16, 2009), *see* Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005).

In the 11th Circuit, the movant show that the spoliated evidence was crucial to its claim or defense. Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 736 F. Supp. 2d 1317, 1327 (S.D. Fla. 2010). The Eleventh Circuit has held that appropriate sanctions for spoliation may include, among other things, (1) dismissing the case; (2) excluding expert testimony; or (3) instructing the jury that spoliation of evidence raises a presumption against the spoliator. Flury v. Daimler Chrysler Corp. ., 427 F.3d 939, 945 (11th Cir.2005); *see also* Walter v. Carnival Corp., No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010).

In this matter, Plaintiff seeks the remedy of an adverse inference, which may be found when the absence of evidence is predicated on bad faith. Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir.1997).

Plaintiff asserts that the evidence shows that this video is critical for her claim and that the loss of this video is done in bad faith. The video would put to rest each and every single dispute in this action. Barney Deposition, p. 95-97. Defendants were aware of the video at the onset of this litigation and knew of its importance. Id. at 93, 96. The only reasonable purpose for the failure to now provide the video is that it would show that Plaintiff in fact worked those hours. Essentially, this entire litigation is a waste this Court and the litigants' time, since such a video would put to rest every issue.

- Exclusion (Generally)

The Court should determine admissibility via a motion in limine. Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). The motion in *limine* derives from

the court's authority to control the trial process. *See*, *e.g.*, Luce v U.S. (1984) 469 US 38, 41 (1984).

Fed. R. Evid. 403 provides that, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose." In re Mirabilis Ventures, Inc., 2011 WL 3236027, at 5 (M.D. Fla. July 28, 2011).

As explained below, there are several pieces of information that Defendants may either introduce evidence of or refer to, which are unduly prejudicial and have no value to the trial. These are: (1) Attorneys' Fees and Liquidated Damages, (2) Immigration Status, and (3) Tax Issues.

- (1) Attorneys' Fees and Liquidated Damages

Any reference to attorney fees, costs and/or liquidated damages pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as the probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter.

There is no legal basis for referring to attorneys' fees and costs at trial. Attorneys' fees and costs are post-trial issues for the Court that do not relate to any question of fact for the jury to answer. See 29 U.S.C. § 216(b) There is no basis, not even in closing argument, to refer to attorneys' fees and costs to the jury. Dingman v. Cart Shield USA, LLC, 12-20088-CIV, 2013 WL 3353835 (S.D. Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial). Referencing attorney fees, costs or liquidated damages has absolutely no probative value and can only possibly be used to unfairly prejudice the jury.

Nevertheless, Defendant has an interest in bringing up the FLSA's provisions regarding attorneys' fee awards and liquidated for the purpose of prejudicing Plaintiff. A jury cannot equitably consider the FLSA's policy considerations in awarding attorneys' fees and liquidated damages, and therefore might be persuaded into reducing or setting off an award. This scenario is a quintessential example of evidence prohibited under Fed. R. Evid. 403.

As such, any reference to attorneys' fees, costs, or liquidated damages at trial should be excluded. Moreover, liquidated damages, fees and costs are determined by the Court post-trial and it would be poor use of the Court's time and resources to allow the jury to hear arguments and evidence regarding issues on which the jury would not deliberate.

- (2) Exclusion: Immigration Status

The Plaintiffs move to preclude all references at trial to any of the Plaintiffs' immigration statuses. Immigration status is irrelevant to a claim for overtime wages under the FLSA and is otherwise highly prejudicial. Such is also not discoverable. *See* Martinez et.al. v. Mecca Farms, Inc. et.al., 213 FRD 601 (S.D. Fla. 2002) and Patel v. Quality Inn South, 846 F.2d 700 (11th Cir. 1988). *See also* Zuniga v. W.M. Construction Inc., 04-23153 (S.D. Fla. DE #69).

- (3) Exclusion: Tax Issues

Defendants will likely attempt to prejudice the jury by questioning the Plaintiff regarding income tax filing issues. Such is irrelevant to this wage and hour matter, and assuming that the doctrine of unclean hands could even apply to an FLSA lawsuit, the matter of whether Plaintiff filed income taxes has no connection with the matter of this lawsuit and the Plaintiff's right to overtime wages. Patel v. Quality Inn South, 846 F.2d 700 (11th Cir.. 1988).

Defense counsel tried to raise such arguments in Jorge Alberto Barrera et al v. Weiss & Woolrich Southern Enterprises, Inc. and C.G.R. Contractors, Co., Inc. Case No.: 09-21841-CIV-

Graham/Torresl; <u>Solano v. A Navas Party Production, Inc</u>., 09-22847-CIV-ALTONAGA (2010), at Page 7 et seq.; <u>Martinez-Pinillos v. Air Flow Filters, Inc.</u>, 09-22453 at n8 (2010).  In both <u>Solano</u> and <u>Martinez-Pinillos</u> defense counsel's arguments were also rejected.

The tax issues in this matter are irrelevant to adjudication of the merits in this case and can only be used to prejudice Plaintiff.  Thus, pursuant to Fed. R. Evid. 403 this matter should be excluded.

**WHEREFORE,** Plaintiff requests that this Court enter an Order regarding spoliation sanctions in which the jury is to be instructed to have an adverse inference to Defendants failure to provide the video evidence, and to exclude the production of evidence or argument regarding (1) Attorneys' Fees and Liquidated Damages, (2) Immigration Status, and (3) Tax Issues.

Respectfully submitted this 28th day of August, 2015.

>J.H. Zidell, P.A.
>300 71st Street, Suite 605
>Miami Beach, Florida 33141
>Tel: (305) 865-6766
>Fax: (305) 865-7167
>*Attorneys for Plaintiff*
>
>By:  /s/ Elizabeth O. Hueber
>Elizabeth Olivia Hueber, Esq.
>Elizabeth.hueber.esq@gmail.com
>Florida Bar Number: 0073061

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Plaintiff advised Mr. Weinkle via e-mail and in person while at mediation on August 27, 2015. Defendant Barney N. Weinkle disagrees with the relief sought.

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber, Esq.
Elizabeth.hueber.esq@gmail.com
Florida Bar Number: 0073061

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to *pro se* Defendants Defendants Barney N. Weinkle and Ilene M. Weinkle via email at barneynweinkle@gmail.com, and via on August 28, 2015

.

    J.H. Zidell, P.A.
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167
    *Attorneys for Plaintiff*

    By:  /s/ Elizabeth O. Hueber
    Elizabeth Olivia Hueber, Esq.
    Elizabeth.hueber.esq@gmail.com
    Florida Bar Number: 0073061