# SUPPLEMENTAL JURY INSTRUCTION:

## Adverse Inference

I have previously determined that there once existed video footage of the Defendants' home during the period of time that Plaintiff Isabel Cazorla Salinas was working for Defendants. This video footage showed the times that Plaintiff Isabel Cazorla Salinas was at Defendants' home, and what she was doing while she was there. This video footage, however, was destroyed by Defendants in "bad faith."

Because the video footage was destroyed, this video footage could not be shown to you in this trial. You are directed to presume that this video footage was favorable to the Plaintiff Isabel Cazorla Salinas, and unfavorable to the Defendants. In other words, you must assume that this video footage showed that Plaintiff Isabel Cazorla Salinas worked the hours and days she claims at the Defendants' home.

AUTHORITY:

 [Generally]

- Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1310 (11th Cir. 2009)[1];
- Walter v. Carnival Corp., No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010);

---

[1] "We review the district court's decision regarding spoliation sanctions for abuse of discretion."

- Optowave Co. v. Nikitin, No. 6:05-CV-1083ORL22DAB, 2006 WL 3231422, at *8 (M.D. Fla. Nov. 7, 2006)[2].

[Bad Faith Finding]

- Vick v. Texas Employment Comm'n, 514 F.2d 734, 737 (5th Cir.1975);
- Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

---

[2] "The Court finds that the appropriate sanction for Nikitin's spoliation is an adverse inference instruction to the jury directing that the destroyed evidence would have supported the Plaintiff's case on the following two issues: 1) the parties understood that acceptance tests, or the contract specifications, were incorporated into the Contract, and 2) the Contract must be construed against PTG, who drafted the Contract. The language of the adverse inference instruction must be left to the discretion of the District Judge to determine, depending on the issues remaining in the case at the time of trial."