UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-62481-BLOOM/Valle

ISABEL TARCILA CAZORLA SALINAS,

    Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon an *ex parte* communication. On September 30, 2015, Plaintiff filed her Supplemental Jury Instructions, ECF No. [55], with the Court. Later that day, the Court received an email from Defendant Barney Weinkle, indicating his objection to the Instructions. *See* Attachment. *Ex parte* communications with the Court, that is, communications not placed on the record are generally disfavored and will not be considered. It is therefore **ORDERED AND ADJDUDGED** that all documents, including objections, must be filed on the Court's docket for consideration.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of October, 2015.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Barney N Weinkle and Ilene M. Weinkle
1835 Hallendale Beach Blvd
Suite 849
Hallandale Beach, FL 33009

 **0:14-cv-62481 - Proposed Jury Instructions, Supplemental; Salinas v. Weinkle**
Barney  to: bloom, Elizabeth Hueber                              09/30/2015 04:20 PM

| From: | Barney <hotslice@aol.com> |
|---|---|
| To: | bloom@flsd.uscourts.gov, Elizabeth Hueber <elizabeth.hueber.esq@gmail.com> |
| History: | This message has been forwarded. |

0:14-cv-62481 - Proposed Jury Instructions, Supplemental; Salinas v. Weinkle

Your honor I object to the proposed jury instruction by the plaintiff.

Those comments would prejudice the jury and they are clearly untrue the plaintiff never established there were tapes and the plaintiff has no proof that there ever was other than my comments that I believe that they did exist at some point but never where they have existed for more than 30 days at a time they copy over themselves.

We have supplied exhibits in our last filings that show in the plaintiffs own handwriting when she worked so nothing could be more clear than that.

Sincerely,

Barney Weinkle