UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  14-CIV-62481-BLOOM/Valle

ISABEL TARCILA CAZORLA SALINAS,

      Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

      Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS CAUSE comes before the Court upon Defendants, Barney N. Weinkle and Ilene M. Weinkle's Motion for Reconsideration, ECF No. [59] ("Motion"), which seeks reconsideration of this Court's denial of Defendants' twice requested and twice denied continuance.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted).  Accordingly, "[t]he only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).  Arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.  *See Gougler v. Sirius*

*Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). This Court has emphasized that a motion for reconsideration should not be used to reiterate arguments previously made:

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. [However], [t]he motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (internal formatting omitted). If a motion for reconsideration merely submits previously rejected arguments, the motion should generally be denied. *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")). Ultimately, motions for reconsideration are considered an "extraordinary remedy" for which the district court is granted substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994)); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) ("District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings.").

Because Defendants merely resubmit arguments previously rejected by this Court on not one, but two occasions, it is hereby **ORDERED AND ADJUDGED** that the Motion, **ECF No.**

**[58]**, is **DENIED**.  *See Z.K. Marine*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly.").  As noted at calendar call, trial in this matter shall commence on **Tuesday, October 13, 2015, at 9:00 a.m. in Courtroom 207A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of October, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Barney N  Weinkle and Ilene M. Weinkle
1835 Hallendale Beach Blvd
Suite 849
Hallandale Beach, FL 33009
barneynweinkle@gmail.com
ileneweinkle@gmail.com