**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  14-CIV-62481-BLOOM/Valle**

ISABEL TARCILA CAZORLA SALINAS,

      Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

      Defendants.

_____/

## ORDER DENYING MOTION FOR RECUSAL

This cause is before the Court upon Defendants, Barney N. Weinkle and Ilene M. Weinkle's Motion for Recusal, ECF No. [61], filed on October 6, 2015 (the "Motion"). The Motion requests that the undersigned recuse from this case, alleging bias and prejudice stemming from the undersigned's denial of Defendants' requests for a continuance. *Id.* Defendants Barney N. Weinkle and Ilene M. Weinkle (hereinafter, "Defendants") move for disqualification under 28 U.S.C. §§ 455 and 144. *Id.*

A district judge must recuse "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015) (quoting *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)). "[T]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." *Id.* (citation omitted). Here, no extrajudicial sources of bias are present. Defendants' complaints stem exclusively from

1

their displeasure with the undersigned's administration of this case.  *See* Mot. at 1 (stating that the undersigned has failed to make "any concessions [t] treat the defendant fairly"). Specifically, Defendants assert that the Court granted Plaintiff's requested continuances but failed to show the same consideration to Defendants' similar request.  On June 3, 2015, Plaintiff moved for an extension of time to complete discovery.  *See* ECF No. [30]. This extension was requested with Defendants' approval.  *See id* at 4 (indicating that Defendants had "agreed, consented, and joined" the motion). The only other extension requested was also unopposed by Defendants.  *See* ECF No. [47]. Accordingly, the record is inconsistent with Defendants' characterization.  The Court has permitted extensions where agreed to by both parties.

Defendants' motions, however, were not only opposed by Plaintiff but, also, incredibly untimely, providing no legitimate justification for the almost one-year delay in participating in this litigation.  Defendants were served with process in November 2014, yet elected not to seek counsel and not to actively defend their case.[1]  The Court's denial of the repeated requests for continuances at this late stage does not evince a modicum of bias and no fully informed lay observer would disagree.  *See Perkins*, 787 F.3d at 1342-43 (finding no error in declining to recuse where district judge's "frustration" stemmed from judicial sources, such as, the defendant's "refusal to participate in the judicial proceedings"); *see also United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.").  Therefore, recusal under § 455 is unnecessary.

---

[1] Defendants claim that a medical condition precluded them from doing so.  The Court is sympathetic to this situation.  Yet there are two Defendants, husband and wife, only one of which was in need of extensive medical care.

Pursuant to 28 U.S.C. § 144, a district judge "shall proceed no further" where "a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." "[A]ffidavits of disqualification are strictly scrutinized for form, timeliness, and sufficiency." *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972).[2] "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted).

As an initial matter, Defendants have submitted no affidavit in support of their contentions, as required by § 144.  Because Defendants have "not filed an affidavit with the Court, . . . § 144 may not serve as a basis for recusal." *Bostic v. Astrue*, No. CV 112-082, 2012 WL 3113942, at *2 (S.D. Ga. July 31, 2012).  Nevertheless, even when considering the merits of Defendants' Motion, no basis for recusal exists.  Defendants' primary ground for recusal is this Court's repeated denial of Defendants' requests for a continuance.[3]  This is insufficient.  *See Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 811 (11th Cir. 2012) (district judge did not abuse discretion where the allegations of judicial bias stemmed solely from the

---

[2] All decisions rendered by the former Fifth Circuit prior to October 1, 1981 are binding upon this Court.  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

[3] Defendants also make note of the fact that they did not receive notice of certain hearings.  The record supports the conclusion that Defendants have received notice of other hearings.  Additionally, Defendants point to the fact that the Court permitted opposing counsel to appear by phone; however, Defendants were also allowed to appear by phone at a different proceeding after failing to appear, notwithstanding the fact that the hearing had been scheduled for nearly a month.

plaintiff's disagreement with the judge's rulings); *Loranger v. Stierheim*, 10 F.3d 776, 780-81 (11th Cir. 1994) (recusal not warranted where "complaints about the trial judge . . . are nothing more than complaints about the judge's timeliness and rulings").  In rare circumstances, judicial conduct may necessitate recusal where there is "pervasive bias and prejudice."  *See Jones*, 459 F. App'x at 811 (citing *United States v. Archbold–Newball*, 554 F.2d 665, 682 (5th Cir. 1977)). However, Defendants' conclusory assertions regarding adverse rulings do not rise to this level. Consequently, recusal under § 144 is improper.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants, Barney N. Weinkle and Ilene M. Weinkle's Motion for Recusal, **ECF No. [61]**, is **DENIED**. Copies of this Order shall be forwarded to Defendants at barneynweinkle@gmail.com and ileneweinkle@gmail.com

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of October, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Barney N  Weinkle and Ilene M. Weinkle
1835 Hallandale Beach Blvd
Suite 849
Hallandale Beach, FL 33009