UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS, *and all others similarly situated under 29 U.S.C. 216(b)*,

       Plaintiff,

vs.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

       Defendants.

## MOTION TO STRIKE WITNESSES

**COME NOW** Plaintiff, by and through her respective undersigned Counsel, and hereby requests an entry of an order granting this Motion to Strike Witnesses and states as follows:

1. On January 7, 2015, this Court ordered that the pretrial stipulations containing the witness lists be filed on August 28, 2015 [DE 17]. As this date approached, Plaintiff reminded Defendant Barney Weinkle about the obligation to prepare witness lists and exhibit lists both in person at the August 27, 2015 hearing and over e-mail.

2. Defendants filed their response to Plaintiff's interrogatories on July 13, 2015. These interrogatories listed the only witnesses name to be "Ilene Weinkle."

3. Plaintiff prepared and their witness list and filed it on August 28, 2015. Recognizing the fact that Defendant is *pro se*, Plaintiff stated that she would not object to a witness list as untimely as long as the Defendants filed theirs by the end of the weekend. Plaintiff followed up via e-mail on September 1, 2015 and September 16, 2015 about the exhibit list, with no response.[1]

4. This Court then ordered that Defendants provide their witness list at a hearing dated September 25, 2015. They did not do so.

5. This Court again ordered Defendants to provide their witness list at the pretrial conference September 29, 2015. Defendants filed their witness list on September 30, 2015.

6. Defendants included the following witnesses: Ilene Weinkle, Taylor Weinkle, Paige Weinkle, Marylyn Stern, Charlie Stern, Ranato, Lily Herrera, Miriam Weinkle, Dr. Milton Weinkle, Natalie Weinkle, Susan Sherwood. Other than Defendant Ilene Weinkle, Plaintiff's counsel was unfamiliar with the relevance of the remaining 10 witnesses. After an investigation, Plaintiff determined that the remaining witnesses are the following:

    a. Taylor Weinkle. Son of Defendants.
    b. Paige Weinkle. Daughter of Defendants.
    c. Marylyn Stern. Mother of Defendant Ilene Weinkle.
    d. Charlie Stern. Father of Defendant Ilene Weinkle.
    e. Ranato. Nephew of Plaintiff.
    f. Lily Herrera. Former employee of Defendants (prior to the time period at issue).
    g. Miriam Weinkle. Mother of Barney Weinkle.
    h. Dr. Milton Weinkle. Father of Barney Weinkle.

---

[1] "Of course, I cannot give you legal advice, but you really should consider filing something."

   i. Natalie Weinkle.  Wife of Jordan Weinkle, son of Defendants.

   j. Susan Sherwood.  A friend of the Weinkle family.

7. This matter is regarding unpaid sums owed Plaintiff as a domestic servant.  Thus, the issues are the amount of time worked and the amount paid for these services.  Plaintiff does not follow how any of these witnesses could be relevant.  While Plaintiff was aware of the existence of various members of the Weinkle family, she does not know how their testimony can be relevant if they did not actually observe the work conducted by Plaintiff.  The fact that these parties were even under consideration for the possibility of being witnesses was not disclosed until less than two weeks before trial.

8. Plaintiff does not know how these witnesses could be relevant.  Plaintiff fears that these witnesses will be used by *pro se* Defendants to bring in all sorts of irrelevant issues, extending trial unnecessarily.

9. This Court should limit the Defendants introduction of witnesses under its inherent authority to control its court room and pursuant to 11th Circuit Court of Appeals precedent as delineated below.

10. Further, it is materially unfair for Defendants to be permitted to bring evidence, even if relevant, which was not disclosed until two weeks before trial.  Trial is not supposed to be a surprise or an ambush.

11. Defendants, even being *pro se* had many opportunities and obligations to provide this information in discovery.  Defendants only provided the witness list after the third time the Court ordered them to.

<u>LEGAL MEMORANDUM OF POINTS AND AUTHORITIES</u>

The Eleventh Circuit has established a three prong test in determining whether the exclude testimony of an untimely disclosed witness. The three factors as set forth by the Eleventh Circuit are (1) the importance of the testimony; (2) the reason for the the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify. <u>Rogers v. Muscogee County School District</u>, 165 F.3d 812, 818 (11th Cir. 1999)." <u>Bearint v. Dorell Juvenile</u>, 389 F.3d 1339, 1353 (11th Cir. Fla. 2004), see also <u>Debose v. Broward Health</u>, 2009 U.S. Dist. LEXIS 45546 (S.D. Fla. May 20, 2009). It is unknown the importance of the testimony that said witnesses would provide as Plaintiff never had an opportunity to depose said witnesses as they were never previously listed as Defendants witnesses. However, as set forth by the Eleventh Circuit in <u>Bearint</u>, regardless of the importance of said testimony, Defendants are unable to provide this Court with a good reason as to why these witnesses were never disclosed in a timely manner.

All of the witnesses are friends or relatives of Defendants. Therefore, Defendants had access to said witnesses throughout this litigation and should have timely disclosed said witnesses by the deadlines established by this Court, or at the very least prior to the discovery cutoff date in order to afford Plaintiff's counsel the opportunity to depose said witnesses. As Defendants had knowledge and access to said witnesses throughout the pendency of this case, there is no plausibly good reason as to why Defendants failed to timely disclose said witnesses.

Furthermore, as a result of Defendants failure to timely disclose said witnesses, Plaintiff is prejudiced as Plaintiff was unable to take said deponents depositions during

the discovery period and would be prejudiced if said witnesses are allowed to testify at trial or supply affidavits to this court without affording Plaintiff a fair opportunity to inquire via deposition as to the knowledge said witnesses have regarding the facts in this case.

Wherefore, as Defendants cannot proffer sufficient good cause as to why said witnesses were untimely disclosed and Plaintiff would be severely prejudiced, Defendants untimely disclosed witnesses:, Taylor Weinkle, Paige Weinkle, Marylyn Stern, Charlie Stern, Ranato, Lily Herrera, Miriam Weinkle, Dr. Milton Weinkle, Natalie Weinkle, Susan Sherwood.

Respectfully submitted this 8th day of October, 2015.

> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiff*
>
> By: /s/ Elizabeth O. Hueber
> Elizabeth Olivia Hueber
> Elizabeth.hueber.esq@gmail.com
> Florida Bar Number: 0073061

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I certify that I corresponded with Barney N. Weinkle regarding the relief requested in this Motion. He opposed the relief sought.

> /s/
> **Elizabeth O. Hueber**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to *pro se* Defendants Barney N. Weinkle and Ilene M. Weinkle via email at barneynweinkle@gmail.com, on October 8, 2015.

          J.H. Zidell, P.A.
          300 71st Street, Suite 605
          Miami Beach, Florida 33141
          Tel: (305) 865-6766
          Fax: (305) 865-7167
          *Attorneys for Plaintiff*

          By: /s/ Elizabeth O. Hueber
          Elizabeth Olivia Hueber
          Elizabeth.hueber.esq@gmail.com
          Florida Bar Number: 0073061