**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  14-CIV-62481-BLOOM/Valle**

ISABEL TARCILA CAZORLA SALINAS,

     Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

     Defendants.

_____/

## JURY INSTRUCTIONS

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.  When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**Official English Translation/Interpretation**

You have heard other languages other than English during this trial. You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English interpretation provided and disregard any different meaning.

## CONSIDERATION OF THE EVIDENCE AND DUTY TO FOLLOW LAW

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel;**
**Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness. "Circumstantial   evidence"   is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES
### (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## RESPONSIBILITY FOR PROOF
### Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of her claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff and for the Defendants.

## FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 201 *et seq.*)

In this case, Isabel Salinas claims that Barney N. Weinkle and Ilene M. Weinkle did not pay Isabel Salinas the overtime wage pay and minimum wage pay required by the Fair Labor Standards Act, also known as the FLSA.  To succeed on his claim against Defendants, Plaintiff must prove that Ilene M. Weinkle and Barney N. Weinkle failed to pay the overtime and minimum wage pay required by the FLSA.

**MINIMUM WAGE CLAIM**:

The applicable minimum wage required by the FLSA during the period involved in this case was as follows:

- June 1, 2011 from December 31, 2011: **$7.31**

- January 1, 2012 to December 31, 2012: **$7.67**

- January 1, 2013 to December 31, 2014: **$7.79**

The amount of damages is the difference between the amount Plaintiff should have been paid and the amount she was actually paid.  Under the FLSA Plaintiff is entitled to recover lost wages from the date of your verdict back to no more than two years before she filed this lawsuit on October 31, 2014—unless you find that the employer either knew or showed reckless disregard for whether the

FSLA prohibited its conduct.  If you find that the employer knew or showed reckless disregard for whether the FSLA prohibited its conduct, then Plaintiff is entitled to recover lost wages from date of your verdict back to no more than three years before she filed this lawsuit.

**OVERTIME CLAIM**:

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek.  Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours.  This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee.  The "regular rate" for a week is determined by dividing the total wages paid for the week by 40 (the total number of hours Plaintiff's weekly salary was intended to compensate).  To calculate how much overtime pay was owed to Plaintiff for a certain week, subtract 40 from the total number of hours she worked and multiply the difference by the overtime rate.  Defendants failed to pay Plaintiff the required overtime pay if they paid her less than that amount.

## **RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA**

It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act.  Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out her burden if she proves that she has in fact performed work for which she has been improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the employee may then be awarded damages even though the result is only an approximate.

## ADDITIONAL RECORD KEEPING
## <u>OBLIGATIONS OF EMPLOYER UNDER THE FLSA</u>

Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period.  Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.

The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.

## RIGHTS TO MINIMUM WAGE NON-WAIVABLE

An individual employee's rights for minimum wage compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.

## REST TIME AND MEAL TIME

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or

personal pursuit, such as relaxing or eating, then the employee is relieved from duty.  On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

## **"WORK" DEFINED**

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

## DUTY TO DELIBERATE
## <u>WHEN PLAINTIFF CLAIMS DAMAGES</u>

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. [Explain verdict] You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, and that you should not tell me your numerical division at the time.