UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS,    )
*and all others similarly situated under 29*    )
*U.S.C. 216(b)*,    )
    )
              Plaintiff,    )
      vs.    )
    )
BARNEY N. WEINKLE,    )
ILENE M. WEINKLE,    )
    )
              Defendants.    )
_____ )

## MOTION FOR LIQUIDATED DAMAGES

**COMES NOW** Plaintiff, by and through undersigned counsel, and requests the entry of a Final Judgment against Defendants Barney N. Weinkle and Ilene M. Weinklewhich incorporates both the jury verdict and liquidated damages, and in support thereof, states as follows:

### Memorandum of Points and Authorities

1.      On October 14, 2015, the jury in this matter found in favor of Plaintiff for $26,617.25 in minimum wages.  Further, the jury found "yes" in response to the question "[t]hat the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act's Overtime or Minimum Wage requirements?" [DE 76].

2.      Following the jury verdict, this Court granted Plaintiff seven days to file a motion for liquidated damages under the FLSA.  This is that memorandum.

## I. Introduction

The imposition of liquidated damages is mandatory and is not discretionary unless the Court finds that a Defendant has plead and shown that he or she acted in good faith and under the reasonable belief that it was in compliance with the FLSA.  As described below, this has not occurred in this matter because:

    a) The jury, as triers of fact, explicitly found that Defendants "knew or showed reckless disregard" in regard to the FLSA's implementation;

    b) Defendants did not show any evidence as to how they relied on any particular law or source of law, which was buttressed by the fact that Defendants did not keep records, nor were they able to articulate at trial what the FLSA requires.

If any one of the above stated reasons above is true, then this Court does not have discretion, and must award liquidated damages.

## II. Argument

In order for Defendants to fulfill their burden of showing a good faith reliance on a particular and adequate source of law, they must plead that defense, and then show through evidence that they had a good faith reliance on a *particular* law or holding under the FLSA.

The FLSA provides that liquidated damages are generally mandatory:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C.A. § 216(b).

Section 260 gives the Court some authority if certain criteria is met through a "safe harbor" provision:

In any action […] to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in

> good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260.

These two sectinos together show that the FLSA only vests in the Court *discretion* if the employer is able to show this good faith defense.  *See*  Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, n2 (11th Cir. 2013)("The court has discretion not to award liquidated damages if it finds that the defendant acted in good faith. 29 U.S.C. § 260"); Joiner v. Macon, 814 F.2d 1537, 1539 (11th Cir. 1987); *see also* Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1241 (11th Cir. 2013)(explaining that liquidated damages in *retaliation* matters are discretionary because a different standard exists for retaliation matters compared to to minimum wage matters); 9 C.F.R. § 790.13.

"An employer who violates the FLSA's overtime provision carries the burden of proving its entitlement to the safe harbor." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008), *citing*  Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir.1987).  To make this showing, an employer must not merely show that their heart was in the right place.  An objective and subjective showing must be made.  "[E]ven if we assume, *arguendo* only, that the [employer] demonstrated a sufficient honest intention to meet the subjective component of good faith, the employer still must shoulder the 'additional requirement' of showing that the employer had reasonable grounds for believing that its conduct comported with the Act." Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991).  An employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.  Joiner v. Macon, 814 F.2d 1537, 1539 (11th Cir. 1987).

The subjective component requires that the employer show that they truly believed in compliance and made an effort to understand the laws by which they were expected to abide. "The standard set forth in *Dybach* requires a showing of intention to ascertain the law, not just an honest belief that the defendants acted in accordance with the law." Arias v. Alpine Towing, Inc., 2011 WL 1233229 (S.D. Fla. Mar. 30, 2011); Friedman v. S. Florida Psychiatric Associates, Inc., 139 F. App'x 183 (11th Cir. 2005)("[G]ood faith requires some duty to investigate potential liability under FLSA").

The objective requirement demands that the employer have something particular that they reasonably relied on.  "'[G]ood faith is intended to apply only where an employer innocently and to his detriment, followed the law as it was laid down to him by government agencies, without notice that such interpretations were claimed to be erroneous or invalid.' Under the Act, '[t]he employer must meet an *objective test* of actual conformity with an administrative ruling or policy [internal citations omitted].'"  Olson v. Superior Pontiac-GMC, Inc., 765 F.2d 1570, 1579-80 (11th Cir.) modified, 776 F.2d 265 (11th Cir. 1985).  "Even if there were reasonable grounds to believe that the [employee was exempt], the law requires that the defendants show what actions they took to ascertain this belief." Arias v. Alpine Towing, Inc., 2011 WL 1233229 (S.D. Fla. Mar. 30, 2011), *citing* Barcellona v. Tiffany English Pub, 579 F.2d 464, 469 (5th Cir. 1979). This objective requirement requires that the employer show that he or she went above and beyond mere review of the law or reliance on their experience in business.  *E.g.* Rodriguez v. Farm Stores Grocery, Inc., Case Number: 02-22451 [D.E. 342 entered on 9/13/05]; *Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353 (S.D. Fla. 2009); Moon v. Technodent Nat., Inc., 2008 WL 2117053 (M.D. Fla. May 19, 2008); Hurtado v. Raly Development, case no.: 11-24476 [D.E. 175]

a.     **A Jury Verdict of "yes" on Willfulness in Regard to Statute of Limitations Matters Precludes a Court Finding of Good Faith.**

In FLSA matters, the jury is often faced with the question as to whether the two or three year statute of limitations applies.  An instruction addressing this topic would ask the jury to provide a verdict regarding the "willfulness" of the FLSA violation.  While the question that this Court is faced with in this instant motion is different in that it deals with "good faith", these two questions are so close that a jury's "yes" verdict on willfulness will preclude the Court from finding a "yes" on good faith.  The 11th Circuit Court of Appeals analyzed this extensively in Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1166 (11th Cir. 2008). "We conclude, based on the reasoning and holdings of our *Glenn* and *Castle* decisions, that in an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question." Id. at 1166; *e.g.*  Williams v. R.W. Cannon, Inc., 08-60168-CIV, 2009 WL 655730 (S.D. Fla. Mar. 12, 2009). Ortiz v. Santuli Corp., 08-20218-CIV, 2009 WL 2852629 (S.D. Fla. Sept. 2, 2009), Chacon v. El Milagro Care Ctr., Inc., 07-22835-CIV, 2009 WL 2852551 (S.D. Fla. Sept. 1, 2009) and Jones v. Carswell Prop. Maint., Inc., 09-22027-CIV, 2011 WL 4832543 (S.D. Fla. Oct. 12, 2011).

Because the jury in this matter found that Defendants were willful in their violation of the FLSA, this Court must find for the full liquidated damages amount. The Court should not review the merits of Defendants' good faith argument.

b.     **Defendants Have Not Shown Any Evidence of Good Faith Efforts of Compliance with the FLSA**

Defendants provided nothing which would indicate that they acted in good faith. Defendant Ilene Weinkle stated that she did not know what the minimum wage was.  Plaintiff's counsel recalls that Defendants affirmed that they reviewed no laws or other sources to ensure

that Plaintiff was properly paid.  The Defendants took no records of which they could possibly know how much Plaintiff was entitled to under the FLSA.  Defendant Barney Weinkle made many affirmations of the law which were baldly incorrect (independent contractor status, Department of Labor policies).  In fact, the Defendants seemed unaware that the matter was even about unpaid wages until halfway through the trial.[1]

There is no justification on the record for this Court to find that Defendants had performed the good faith research and review necessary for them to avail themselves of the safe-harbor which would prevent the application of mandatory liquidated damages. Without justification for a finding good faith, this Court cannot exercise discretion to reduce liquidated damages.

### III. Conclusion

The jury in this matter found that Defendants' actions were willful in denying Plaintiff her minimum wages.  With such a jury verdict, this Court cannot permit Defendants to avail themselves of the safe harbor provisions which would prevent mandatory liquidated damages. Further, there is no evidence to find that Defendants were in good faith, even if this Court could exercise its discretion.  Thus, this Court should enter judgment for the full amount found by the jury and the liquidated damages.

---

1   This was not the first time counsel for Plaintiff noticed this.  Counsel for Plaintiff attempted to remedy
    Defendants confusion on multiple occasions, including at deposition. *See* Deposition of Barney Weinkle [DE 44-
    1]:

```
     Q.    Okay.  Did you read the rest of the complaint after the overtime
part?
     A.    I don't remember anything other than that.
     Q.    Okay.  So you have no idea about any claims that aren't overtime
claims in this matter?
     A.    I'm sorry, can you repeat the question?
     Q.    You have no idea about any other claim in this, other than
overtime?
     A.    Independent recollection right now that she had to work in an
environment, a bad environment?  She worked with chemicals.
     Q.    No.  That's not what the suit's about.
     A.    No?
     Q.    No.
```

Wherefore, Plaintiff requests that this Court enter judgment for $26,617.25 in minimum wages, and $26,617.25 in liquidated damages, for a total judgment of $53,234.50.

Respectfully submitted this 21st day of October, 2015.

> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiff*
>
> By: /s/ Elizabeth O. Hueber
> Elizabeth Olivia Hueber
> Bar No. 0073061
> elizabeth.hueber.esq@gmail.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that the relief sought under this motion was objected to at trial when it was brought up, and further, over a telephone conference held on October 21, 2015.

> By: /s/ Elizabeth O. Hueber
> Elizabeth Olivia Hueber
> Bar No. 0073061
> elizabeth.hueber.esq@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was sent to *pro se* Defendants Defendants Barney N. Weinkle and Ilene M. Weinkle via email at barneynweinkle@gmail.com, on October 21, 2015.

.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Bar No. 0073061
elizabeth.hueber.esq@gmail.com