SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS,
*And all other similarly situated under 29*

      Plaintiff,

vs.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

      Defendants.

_____/

```
FILED by _____ D.C.

OCT 2 3 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI
```

## DEFENDANTS BARNEY N. WEINKLE AND ILENE M. WEINKLE'S OBJECTION TO MOTION FOR LIQUIDATED DAMAGES

      **COME NOW** the Defendants BARNEY N. WEINKLE AND ILENE M. WEINKLE, *pro se* and pursuant to the Federal Rules of Civil Procedure 62 and local rule 62.1 of the United States District Court for the Southern District of Florida file this, their Objection to Motion for Liquidated Damages and state as follows:

      1.      This matter was tried before this Honorable Court on October 14, 2015.

      2.      The jury did not follow the Judge's instructions nor did they follow law in this matter.

3.      The jury computed financial damages based on a nineteen (19) year employment history which exceeds the maximum two (2) years by law if unintentional and three (3) years if intentional.

4.      On October 21, 2015, this Honorable Court entered an order granting the plaintiff's motion for liquidated damages and entered a judgment against the Defendants in the amount of $26,617.25 for unpaid minimum wages and $26,617.25 for liquidated damages.

5.      The Honorable Court instructed the jury on calculating financial damages however, accepted the jury's verdict and made a ruling based on a nineteen (19) year history and not on the statutory two (2) or three (3) years.

6.      The jury ignored this Honorable Court's jury instructions by calculating damages for nineteen (19) years instead of two (2) or three (3) by law, but also in so doing so it showed that it was guided by tremendous sympathy passion and prejudice for the Plaintiff and against the Defendants.  Of course the excessiveness of a jury's award can be indicative of its bias or prejudice in determining liability

7.      The Court made an erroneous evidentiary ruling, the damages awarded were excessive.

8.      Defendants request that the court deny Plaintiff's Motion for Liquidated Damages and further relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by U.S. Mail on this 23 day of October, 2015 to: Elizabeth O. Hueber, and By Email. ELIZABETH.HUEBER.esq@Gmail.com

Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141. In addition on this same date this document was filed with the Clerk of Court using CM/ECF.

Barney N. Weinkle
1835 Hallendale Beach Blvd.
Suite 849
Hallandale Beach, FL 33009
barneynweinkle@gmail.com

Ilene M. Weinkle
1835 Hallendale Beach Blvd.
Suite 849
Hallandale Beach, FL 33009
ileneweinkle@gmail.com