SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS,
*And all other similarly situated under 29*

      Plaintiff,

vs.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

      Defendants.

_____/

FILED by _____ D.C.

OCT 2 3 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. -- MIAMI

## DEFENDANTS BARNEY N. WEINKLE AND ILENE M. WEINKLE'S MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE MOTION FOR REMITTUR & MEMORANDUM OF LAW IN SUPPORT THEREOF

**COME NOW** the Defendants BARNEY N. WEINKLE AND ILENE M. WEINKLE, *pro se* and pursuant to the Federal Rules of Civil Procedure 62 and local rule 62.1 of the United States District Court for the Southern District of Florida file this their motion for new trial or in the alternative motion for remittur and state as follows:

### I.     INTRODUCTION

This matter was tried before this Honorable Court on October 14, 2015. The critical issues for determination were unpaid minimum wages of the plaintiff. The plaintiff claimed that she was not compensated for hours worked. The jury did not follow the Judge's instructions nor did they follow law in this matter. The jury computed financial damages based on a nineteen (19) year

employment history which exceeds the maximum two (2) years by law if unintentional and three (3) years if intentional.

On October 21, 2015, this Honorable Court entered an order granting the plaintiff's motion for liquidated damages and entered a judgment against the Defendants in the amount of $26,617.25 for unpaid minimum wages and $26,617.25 for liquidated damages.

Defendants move for a new trial on the following grounds; the verdict was against the great weight of the evidence, the honorable court made an erroneous evidentiary ruling, the damages awarded were excessive.

## II.   STANDARD FOR DETERMINING A MOTION FOR NEW TRIAL

In affirming the trial court's decision to grant a new trial, the Eleventh Circuit stated   in *Ard v. Southwest Forest Industries, 849 F.2d 517,520 (11th Cir. 1988):*

> "The law is clear that a district court may grant such a motion if the jury verdict is contrary to the great weight of the evidence. *Watts v. Great Atlantic and Pacific Tea Co., Inc., 842 F.2d 307, 310 (11th Cir.1988); Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir.1984).* This rule does not, however, grant a license to the trial judge merely to substitute his judgment for that of the jury on questions of fact. Consequently, when considering a motion for new trial, the trial judge may weigh the evidence, but it is proper to grant the motion only if the verdict is against the great, not just the greater, weight of the evidence. *Watts, 842 F.2d at 310."*

The standard is not the same as considering a motion for a directed verdict or motion for j.n.ov. in which the court "should consider all of the evidence in the light most favorable to the nonmoving party and with all

reasonable inferences drawn in favor of the nonmover. If the facts and inferences are so strong that the court believes that reasonable persons in the exercise of impartial judgment could not arrive at a contrary verdict, the district court properly grants a directed verdict or j.n.o.v. If, however, the evidence is such that "reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions," it is improper for the district court to grant a directed verdict or j.n.o.v. See, *MacPherson v. University of Montevallo, 922 F.wd 766, 770 (11th Cir. 1991) (internal citations omitted).*

## II.   THE HONORABLE COURT MADE AN ERRONEOUS EVIDENTIARY RULING

With all due respect to the trial court, this Honorable Court erred in allowing Plaintiff's lawyer to show an exhibit to the jury that was not introduced into evidence and in fact, allowed Plaintiff's lawyer to make light of the exhibit and mention it was "dark and not readable." Plaintiff' lawyer then lied to this Honorable Court and said she did not show this to the jury.

The Honorable Court instructed the jury of calculating financial damages however, accepted the jury's verdict and made a ruling based on a nineteen (19) year history and not on the statutory two (2) or three (3) years.

## III.   BIAS OF THE HONORABLE COURT

Concerned the Defendants would not receive a fair trial, they filed a Motion to Recuse the Judge which was denied.

Defendant provided new medical records to be used as exhibits which proved Defendant's claim of a new medical condition and not the previous condition mentioned throughout the trial. The Honorable Court dismissed this new evidence being brought forward even though Defendant told the Court he was on medication.

Defendants asked for a continuation based on religious holidays of which The Honorable Court agreed to an extension for the Plaintiff, but when requested by the Defendant, The Honorable Court denied the request showing bias.

The Honorable Court told the parties at a pre-hearing that October would only be selection and the next day the trial would begin. Immediately after the jury was chosen, The Honorable Court stated that trial would start right away, not allowing Defendants to be prepared as they did not bring any exhibits or documentation to present their case and properly represent themselves.

The Honorable Court would not allow immigration or tax filing information to be presented as evidence by the Defendants. Said documentation would have directly proved the Plaintiff purposely broke state and federal laws and could not be trusted at her word.

## IV.   A MOTION FOR NEW TRIAL SHOULD BE GRANTED ON THE EXCESSIVENESS OF THE DAMAGES, OR IN THE ALTERNATIVE, THE DAMAGES SHOULD BE REDUCED.

As stated in *Goldstein v. Manhattan Industries Inc.* 758 F.2d 1435, 1447 (11th Cir. 1985):

"It is true that a grossly excessive award may warrant a finding that the jury's verdict was swayed by passion and prejudice and thus necessitate a new trial.   *See Edwards v. Sears, Roebuck & Co.,* 512 F.2d 276, 283 (5th Cir.1975). However, a new trial should be ordered only where the verdict is so excessive as to shock the conscience of the court.   *Thompson v. National Railroad Passenger Corp.,* 621 F.2d 814, 827 (6th Cir.), *cert. denied,* 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980);   *Williams v. Steuart Motor Co.,* 494 F.2d 1074, 1085 (D.C.Cir.1974); *Massachusetts Bonding & Insurance Co. v. Abbott,* 287 F.2d 547, 548 (5th Cir.1961)"

In this matter the jury awarded a sum that not only clearly exceeded the maximum it could award, but added a category of liquidated damages

Of course, not only did the jury ignore this Honorable Court's jury instructions by calculating damages for nineteen (19) years instead of two (2) or three (3) by law, but also in so doing so it showed that it was guided by tremendous sympathy passion and prejudice for the Plaintiff and against the Defendants.  Of course the excessiveness of a jury's award can be indicative of its bias or prejudice in determining liability. See, *Christopher v. Florida* 449 F.3d 1360

(11th Cir. 2006). Accordingly a new trial should be ordered on the basis of the damage award by the jury.

There are many cases in which the court provides plaintiff an option of accepting a lower damage award or a new trial. See for example, *Copley v. BAX Global, Inc. 97 F.Supp,2d 1164 (S.D.Fla. 2000)* and cases cited therein. Many cases deal with the remittur of punitive damages or pain and suffering awards, the first has constitutional limitations, the second has no exact standard. In many of those cases, the jury was correct in awarding the damage but the amount was beyond reason.

In the alternative, Defendants request that the court reduce the jury's award to the outer limit of the damages that could have been awarded under the court's instructions. In doing so, the Court would reduce the judgment

**CONCLUSION**

The jury's verdict was over twice the amount it could award under the court's instructions and included sums for damages that were awarded solely out of the kindness it wanted to show for the Plaintiff, and was against the great weight of the evidence. For all the foregoing reasons, the motion for new trial should be granted.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by U.S. Mail on this 23 day of October, 2015 to: Elizabeth O. Hueber, and By Email. ELIZABETH.HUEBER,ESQ@GMAIL.com

Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141. In

addition on this same date this document was filed with the Clerk of Court using

CM/ECF.

Barney N. Weinkle
1835 Hallendale Beach Blvd.
Suite 849
Hallandale Beach, FL 33009
barneynweinkle@gmail.com

Illene M. Weinkle
1835 Hallendale Beach Blvd.
Suite 849
Hallandale Beach, FL 33009
ileneweinkle@gmail.com