UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

| | |
|---|---|
| ISABEL TARCILA CAZORLA SALINAS, *and all others similarly situated under 29 U.S.C. 216(b)*, <br><br> Plaintiff, <br> vs. <br><br> BARNEY N. WEINKLE, <br> ILENE M. WEINKLE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LIQUIDATED DAMAGES**

Plaintiff by and through her counsel of record hereby reply to the Opposition filed by Defendants [DE 78] to Plaintiff's Motion for Liquidated Damages, and states as follows:

**Memorandum of Points and Authorities**

1.    On October 23, 2015, Defendants opposed [DE 78] Plaintiff's Motion for Liquidated damages [DE 77] in regard to a jury verdict in favor of Plaintiff for minimum wages [DE 76].

2.    Defendants' arguments are inapplicable and contrafactual.  Particularly, (1) the only issue before the Court in a liquidated damages assessment is if a defendant made a sufficient good faith reliance on a particular and adequate source of law, and (2) the argument of miscalculation is simply untrue.

I. **Argument**

The imposition of liquidated damages is mandatory and is not discretionary unless the Court finds that a Defendant has plead and shown that he or she acted in good faith and under the reasonable belief that it was in compliance with the FLSA. As Plaintiff argued in her motion, the jury has already found there was not a good faith basis sufficient to defeat a automatically application of liquidated damages. That is the end of the analysis, unless Defendants find some error in Plaintiff's application of law.

Defendants instead argue that the jury somehow erroneously based their verdict on 19 years instead of three years. This argument is irrelevant as to whether liquidated damages are to apply for the reasons presented in Plaintiff's original motion.

The argument that the jury used a calculation of 19 years is clearly not factual. There is no reason to believe this is what the jury believed. It is possible that Defendants are thinking of the fact that there existed a balance at the beginning of the statute of limitations period. Plaintiff provided arguments and evidence that showed the existence and validity of this outstanding balance, and that it was *entirely paid off*. As shown in Plaintiff's books and records as well as the composite exhibit of these books and records, the entire amount claimed by Plaintiff was accumulated during the 3 year period. The jury used the exact amount which was calculated solely from this 3 year period.

Defendant's argument is irrelevant and objectively and demonstrably incorrect.

*Wherefore*, Plaintiff requests that this Court award liquidated damages in accordance with Plaintiff's Motion for Liquidated Damages.

Respectfully submitted this 2nd day of November, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Bar No. 0073061
elizabeth.hueber.esq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to *pro se* Defendants Defendants Barney N. Weinkle and Ilene M. Weinkle via email at barneynweinkle@gmail.com, on November 2, 2015.

.

                                                                   J.H. Zidell, P.A.
                                                                   300 71st Street, Suite 605
                                                                   Miami Beach, Florida 33141
                                                                   Tel: (305) 865-6766
                                                                   Fax: (305) 865-7167
                                                                   *Attorneys for Plaintiff*

                                                                   By: /s/ Elizabeth O. Hueber
                                                                   Elizabeth Olivia Hueber
                                                                   Bar No. 0073061
                                                                   elizabeth.hueber.esq@gmail.com