UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS, )
*and all others similarly situated under 29* )
*U.S.C. 216(b)*, )
   )
       Plaintiff, )
  vs. )
   )
BARNEY N. WEINKLE, )
ILENE M. WEINKLE, )
   )
       Defendants. )
_____)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE MOTION FOR REMITTUR & MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, by and through her undersigned counsel, hereby files her Response in Opposition to Defendants' Motion for New Trial or in the alternative Motion for Remittur (the "Motion") [DE 79], and in support thereof, states as follows:

**Memorandum of Points and Authorities**

**I.   INTRODUCTION**

Defendants' Motion appears to request a new trial, or for at least a remitter of damages, for three reasons: (1) the jury returned a verdict in favor of Plaintiff against the great weight of the evidence; (2) the Court made an erroneous evidentiary ruling; and (3) the jury's award of damages to Plaintiff were excessive. In the Motion, Defendants do not offer a showing of how the greater weight of the evidence was in Defendants' favor, and do not offer any evidence or explanation as to how the damages awarded by the jury was based on an erroneous length of time or was somehow excessive. Defendants further argue the same points upon which this Court

has previously issued its rulings regarding documents allegedly shown to the jury in Plaintiff's closing statement, as well as Defendants' perceived bias of this Court in favor of Plaintiff and against Defendants. Because of the reasons stated below, Defendants' Motion should be denied.

## II.   ARGUMENT

### a.  The jury's verdict was not contrary to the great weight of the evidence

The Defendants' Motion cites to legal authority which states that a district court may grant a motion for a new trial if the jury verdict is contrary to the great weight of the evidence. See *Ard v. Southwest Forest Industries*, 849 F.2d 517 (11th Cir. 1988); *Watts v. Great Atlantic and Pacific Tea Co., Inc.*, 842 F.2d 307 (11th Cir. 1988); *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554 (11th Cir. 1984). However, the Motion does not explain how the great weight of the evidence presented at trial served to disprove Plaintiff's claims or support Defendants' defenses.

The jury in this case was charged with deciding whether Defendants knew or showed reckless disregard for the FLSA overtime and minimum wage requirements related to Plaintiff's pay. The jury was also charged with deciding whether Defendants owed Plaintiff overtime and minimum wages, and, if so, the amount owed to Plaintiff. *See* Jury Verdict Form [DE 76]. In the Motion, Defendants present no argument as to how the evidence at trial could not lead a reasonable jury to their verdict. At trial, Defendants offered no evidence in support of their defenses or in rebuttal to the evidence presented by Plaintiff, other than Defendants' testimony. As to testimony presented by witnesses at trial, it is the jury's job to evaluate the credibility of witnesses, and should not be taken out of the hands of the jury by the trial court. *Ard v. Southwest Forest Industries* at 522 (citing *Hewitt v. B.F. Goodrich Co.* at 1556). Accordingly, Defendants' Motion for a new trial based on the great weight of the evidence should be denied.

### b.  The trial court made no error in any evidentiary ruling

Defendants argue that the Court erred in allowing Plaintiff's counsel to show an exhibit to the jury which was not entered into evidence, and then Plaintiff's counsel lied to the Court by stating that she did not show the exhibit to the jury. At trial, in an effort to bolster Defendants' case during the closing statement, Defendant Barney Weinkle stated to the jury that Defendants had submitted many pages of evidence to the Court that would disprove Plaintiff's claims, but that he did not have a chance to present those documents at trial.

As an initial matter, Plaintiff's counsel did not tell the Court that she did not show the referenced documents to the jury. Plaintiff's counsel presented to the jury the books and records that Plaintiff had already entered into evidence.  Those documents happened to be the same documents which Defendant had filed with the Court.

Further, it should be noted that  the very premise of Defendants' Motion for a New Trial is their fabrication to the jury.  Defendants lied to the jury that they had exculpatory evidence and lied that they were unable to provide it (they had an opportunity to present evidence on the second day of trial but chose to rest, even if their assurance that they were confused on the first day was true).   Plaintiff merely revealed to the jury this fabrication by showing that the documents at issue where in fact only the admitted evidence which was the basis of *Plaintiff's* case.

In addition, a new trial is appropriate only where an evidentiary error has caused "substantial prejudice to the affected party (or, stated somewhat differently, affected the party's 'substantial rights' or resulted in 'substantial injustice')." *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004) (citing *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1258-9 (11th Cir. 2004) ("substantial prejudice"); *Alexander v. Fulton County*, 207 F.3d 1303, 1330 (11th Cir. 2000) ("substantial injustice"); *Noble v. Alabama Dept. of Environmental*

*Management*, 872 F.2d 361, 367 (11th Cir. 1989) ("affect substantial rights"). *Peat, Inc*. lays out several factors to consider when deciding if an evidentiary error caused "substantial prejudice" to the affected party,

> including the number of errors, the closeness of the factual disputes (i.e. the strength of the evidence on the issues affected by the error), and the prejudicial effect of the evidence at issue. We also consider whether counsel intentionally elicited the evidence, whether counsel focused on the evidence during the trial, and whether any cautionary or limiting instructions were given.

*Id.*, citing *Aetna Cas. & Sur. Co. v. Gosdin*, 803 (F.2d 1153, 1160 (11th Cir. 1986); *Nettles v. Electrolux Motor AB*, 784 F.2d 1574, 1581 (11th Cir. 1986).

At trial in the present case, Defendants request a new trial based on one evidentiary ruling made by this Court which Defendants have not shown had any prejudicial affect whatsoever against Defendants, and therefore certainly Defendants have not shown the evidentiary ruling caused *substantial* prejudice so as to warrant a new trial. Furthermore, Plaintiff's counsel did not intentionally elicit the evidence, but Defendants brought it out themselves in their closing argument and seemed to have only protested when Plaintiff's counsel suggested Defendants did not have the evidence they wanted the jury to believe they had.

In the same vein, on page 4 of Defendants' Motion, Defendants state that the Court's decision to disallow Defendants from eliciting testimony from Plaintiff about her "immigration or tax filing information" at trial was an error because "[s]aid documentation would have directly proved the Plaintiff purposely broke state and federal laws and could not be trusted at her word." [DE 79 at p. 4].

This Court previously ruled on Plaintiff's Motion in Limine regarding the specific issues Defendants raise in the instant Motion. For the sake of brevity, Plaintiff reincorporates the arguments in Plaintiff's Motion in Limine to support Plaintiff's contention that Plaintiff's

immigration status is irrelevant and the FLSA explicitly protects immigrants' overtime and minimum wage rights regardless of their employment authorization. Regarding Plaintiff's "tax information," Plaintiff did not present her tax returns as evidence of payments from Defendants or otherwise put her taxes in question, and it was therefore improper for Defendants to be allowed to examine Plaintiff about her taxes on cross-examination. It is also misleading for Defendants to argue that Defendants would have presented immigration and tax "documentation" if allowed, as Defendants did not provide any immigration and tax "documentation" to Plaintiff or Plaintiff's counsel before trial. As a final point, Plaintiff notes that any attempt by Defendants to use Plaintiff's immigration status and related tax information against her would have merely served to highlight Defendants' violations of various state and federal laws. For these reasons, Defendants' Motion for a new trial based on the court's evidentiary rulings should be denied.

  **c. The trial court did not show bias to warrant a new trial**

  In the Motion, Defendants state the Court was biased to Defendants' detriment because the Court ignored new medical evidence and that Defendant[1] was on medication at trial. Defendants do not state that medication prevented them from going forward with trial or from driving to Court the morning of trial on October 13, 2015 or from competently understanding and participating in the legal proceedings.

  Defendants' Motion also references requesting a continuation based on religious holidays which was denied for Defendants but previously granted for Plaintiff. The Motion does not provide any reason that the Court's previous rulings on extensions related to religious holidays

---

1 Although the Motion does not specify, Plaintiff's counsel assumes the Motion refers to Defendant Barney Weinkle, although there are two Defendants in this action, only Defendant Barney Weinkle represented to the Court that he was under medical treatment and on medication.

had any bearing on the Court's administration of the trial or the outcome of the jury's verdict, and therefore is wholly irrelevant to the relief Defendants seek in the Motion.

Regarding Defendants' assertion that they were unprepared for trial because the Court informed the parties at a "pre-hearing that October would only be selection and the next day the trial would begin." [DE 79 at 4]. Plaintiff's counsel does not recall the Court stating that the first day of trial would be devoted solely to jury selection at any pre-trial hearing and, in fact, specifically prepared to present Plaintiff's case on October 13, 2015 as instructed by the Court. Defendants' failure to attend trial prepared to proceed is the fault of Defendants alone and does not signal a miscarriage of justice. In addition, and importantly, Defendants were given the opportunity to present their case on the second day of trial, and Defendants chose to rest their case without bringing any evidence or testimony that they had the opportunity to gather and bring to trial on that second day. Defendants' failure to prepare or present their defense to their satisfaction does not warrant the granting of a new trial.

### d. The amount of damages awarded by the jury was not excessive

Defendants' Motion argues for a new trial or, in the alternative, reduced damages, because the jury's award of damages "clearly exceeded the maximum it could award, but [sic] added a category of liquidated damages[.]" [DE 79 at 5]. However, Defendants fail to state the maximum damages Defendants believe the jury could award so as to show how the jury's award "clearly exceeded" that threshold. As stated in Plaintiff's Reply in support of Plaintiff's Motion for Liquidated Damages [DE 80], Defendants present no evidence, nor do Defendants even present a working theory as to how the jury calculated Plaintiff's damages based on nineteen (19) years instead of the two (2) or three (3) years as provided by the FLSA. In fact, the jury awarded no overtime damages although Plaintiff claimed them, showing that the jury awarded a sum that was less than the maximum it could award. *See* [DE 76]. Defendants' Motion cites to

*Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 283 (5th Cir. 1975), which states, in part, that "a grossly excessive award may warrant a finding that the jury's verdict was swayed by passion and prejudice and thus necessitate a new trial." However, in that case and others cited by Defendants, the question of large punitive damages was central to the claims and not relevant to the jury's verdict in this case, as the jury not only awarded less than Plaintiff claimed, but was not asked to award punitive damages. Furthermore, Defendant's Motion states that the Court awarded Plaintiff double damages, which is a clear misstatement of the events in this case as Plaintiff's motion for liquidated damages [DE 77] is still pending before the Court. Therefore, neither a new trial nor a reduction in damages is proper in this case.

### III.  CONCLUSION

For the reasons stated above, Defendants' Motion for a New Trial or for Remittur should be wholly denied.

Respectfully submitted this 9th day of November, 2015.

> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiff*
>
> By: /s/ Julia M. Garrett
> Julia M. Garrett
> Florida Bar No. 0105151
> jgarrett.jhzidellpa@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to *pro se* Defendants Defendants Barney N. Weinkle and Ilene M. Weinkle via email at barneynweinkle@gmail.com, on November 9, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Julia M. Garrett
Julia M. Garrett
Florida Bar No. 0105151
jgarrett.jhzidellpa@gmail.com