UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-62481-Bloom/Valle

ISABEL TARCILA CAZORLA SALINAS,

    Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

    Defendants.
_____/

## ORDER

This cause is before the Court upon Plaintiff Isabel Tarcila Cazorla Salinas' Motion for Liquidated Damages, ECF No. [77] ("Motion for Liquidated Damages"), and Defendants, Barney N. Weinkle and Ilene M. Weinkle's Motion for New Trial, or in the Alternative Motion for Remittitur, ECF No. [79] ("Motion for New Trial") (collectively, the "Motions"). The Court has reviewed the Motions, all supporting and opposing filings, the record in this case, and has the benefit of oral argument, which was heard on November 12, 2015. For the reasons that follow, the Court finds that a remittitur of the damages is necessary, and punitive damages are warranted, but only upon the corrected measure of damages.

**I.  Introduction**

During the pertinent time period, Plaintiff Isabel Tarcila Cazorla Salinas ("Plaintiff") was employed by Defendants, Barney N. Weinkle ("Mr. Weinkle") and Ilene M. Weinkle ("Mrs. Weinkle") (collectively, "Defendants") as a domestic servant. *See generally* Complaint, ECF No. [1]. Plaintiff claims that from approximately November 2009 through the present, she

worked approximately 3,300 completely unpaid hours. *See id.* at ¶ 18. Further, Plaintiff claims to have worked in excess of forty (40) hours per week during the relevant period. *See id.* at ¶¶ 13-14. Accordingly, Plaintiff commenced this action on October 31, 2014, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. *et seq.*, claiming entitlement to minimum wage and overtime compensation. *See generally* Complaint, ECF No. [1]; *see generally Ramirez v. Martinez*, No. 08-21863-CIV, 2009 WL 199786, at *1 (S.D. Fla. Jan. 23, 2009) ("Domestic service workers are included under the FLSA as nonexempt employees.") (citing 29 U.S.C. § 206(f)); *Buckner v. Florida Habilitation Network, Inc.*, 489 F.3d 1151, 1154 (11th Cir. 2007) ("In 1974, Congress extended the coverage of the FLSA to apply to 'domestic services,' which was understood to mean those employed within the home in various capacities.").

On November 26, 2014, Defendants answered the Complaint. *See* Answer and Affirmative Defenses, Counterclaim, ECF No. [8]. On January 7, 2015, the Court entered its Scheduling Order setting trial for October 5, 2015. *See* Scheduling Order, ECF No. [17]. Everything seemingly ran smoothly until September 25, 2015, when Defendants, who proceeded through this litigation *pro se*, failed to appear at a hearing scheduled three weeks prior. The Court was able to contact Defendants and permitted them to appear telephonically. At the hearing, Defendants made an *ore tenus* motion for a continuance of the trial period. The request was denied. A similar motion was made at calendar call on September 29, 2015. This request was also denied as Defendants had failed to present good cause for the continuance. The following day, Defendants, yet again sought to continue the trial, filing a motion for reconsideration. *See* Motion for Reconsideration, ECF No. [59]. The Court thereafter denied the motion, noting that Defendants had simply resubmitted arguments previously rejected on two occasions, a clearly improper basis for reconsideration. *See* Order Denying Reconsideration,

2

ECF No. [60] (citing *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Defendants also sought the undersigned's recusal, arguing that the undersigned had afforded Plaintiff and her counsel a leniency not similarly afforded to them. *See* Motion for Recusal, ECF No. [61]. In declining to recuse, the undersigned stressed that Defendants' complaints of unfairness were contradicted by the record, particularly Defendants' assertion that the Court granted Plaintiff's requested extensions but not Defendants' continuance. *See* Order, ECF No. [64]. Indeed, Plaintiff's requests were unopposed, whereas Defendants' requests were not only opposed but, also, incredibly untimely and unsupported by sufficient cause. *See id.* Because Defendants' displeasure stemmed from the undersigned's administration of the case, the undersigned believed recusal to be utterly unwarranted. *See id.* (citing *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.")) (further citations omitted).

Seeking a continuance for the fourth time, Defendants again implored the Court to move the trial. *See* Motion for Trial Delay, ECF No. [62]. As support, Mr. Weinkle claimed to have suffered a back and neck injury which prevented him from adequately defending this action, submitting documentation supposedly supporting his contention. *See id.* The documentation contained evidence that Mr. Weinkle was admitted to the hospital nearly three (3) months prior to the date at when the motion was filed. *See id.* No evidence indicating a more recent injury was produced and, accordingly, the fourth request for delay was denied. *See* Paperless Order, ECF No. [67]. Much to Defendants' dismay, the matter proceeded to trial on October 13, 2015.

On the morning of October 13, 2015, the Court inquired as to whether any issues required remediation prior to commencing *voir dire*. Despite the Court clearly indicating at calendar call that trial would commence on October 13th, Defendants claimed to be unprepared, asserting their unfounded belief that only *voir dire* was to be conducted that day and, therefore, sought, for a fifth

time, a continuance of the trial. With thirty (30) jurors waiting outside the courtroom door, the request was denied and the case proceeded to trial.

During trial, Plaintiffs introduced into evidence a notebook containing Plaintiff's handwritten record of her daily hours and the monies purportedly owed to her (hereinafter, the "Notebook"). As she was entitled to do pursuant to Fed. R. Evid. 1006, Plaintiff submitted a summary of the notebook, a typed ledger listing the transactions in chronological order (hereinafter, the "Spreadsheet"). *See* Spreadsheet, ECF No. [87-3]. The Spreadsheet cleanly notes the date, the hours worked, the amount owed, and includes any payments Defendants made to Plaintiff, crediting Defendants for such payments by subtracting those payments from the total amount owed. *See id.* As time progresses, the Spreadsheet, line-by-line, notes the total amount owed to Plaintiff by virtue of her minimum wage and overtime claims. *See id.* However, the Spreadsheet does not begin the aforementioned calculation at zero; rather, the spreadsheet begins the "Amount Owed" or "Past Accrued" column with $19,740, a deficit purportedly encompassing funds owed to Plaintiff for periods before October 31, 2011. *Id.* After Plaintiff had recouped the $19,740 deficit, in April 2013, then, and only then, are Defendants given credit for the monies paid to Plaintiff. *See id.* The Spreadsheet concludes that Plaintiff is owed $2,138.75 in overtime payments, $35,822.25 for minimum wage, but credits Defendants for the $9,669 surplus in payments. *Id.* Accordingly, Plaintiff submitted to the jury that she was entitled to a grand total of $28,292.00 for Defendants' FLSA violations. *See id.* at 7.

After a day and a half of testimony, Plaintiff rested her case. Defendants elected not to present a case, closings were held, and the matter, including the Notebook and the Spreadsheet, was submitted to the jury. The jury returned a verdict in favor of Plaintiff, finding that Defendants showed "reckless disregard" for the FLSA's requirements and awarding her $26,617.25 in minimum wages. *See* Jury Verdict, ECF No. [76]. The jury found that Plaintiff was not entitled to overtime compensation under the FLSA. *Id.* Judgment has yet to be entered.

II.     Discussion

Because Defendants' Motion for New Trial, if granted, moots and/or modifies the issues raised by Plaintiff's Motion for Liquidated Damages, the Court addresses that Motion first.

A.      A New Trial is Not Warranted

A district court may grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). For instance, a party may assert that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Thus, a motion for new trial should be granted "when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict."[1] *Brown v. Sheriff of Orange Cnty., Fla.*, 604 F. App'x 915 (11th Cir. 2015) (per curiam) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)). Additionally, the motion "may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Id.* "[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before [her] . . . ." *Sherrod v. Palm Beach Cnty. Sch. Dist.*, 237 F. App'x 423, 424 (11th Cir. 2007) (quoting *Christopher v. Florida*, 449 F.3d 1360, 1366 n.4 (11th Cir. 2006)). Ultimately, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

---

[1] "[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Tucker v. Hous. Auth. of Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007).

Defendants first assert that the Court made an erroneous evidentiary ruling by permitting Plaintiff's lawyer to show an exhibit to the jury that was not introduced into evidence. The Court has previously rejected this contention both at trial and subsequent to trial. The exhibit Defendants reference was a copy of the Notebook and, in fact, the Notebook itself was submitted to the jury, not the copy. Therefore, this assertion is without merit.

Defendants next allege bias on the part of the Court stemming from the Court's refusal to grant a continuance and statements Defendants inexplicably claim to have heard during calendar call. This is now the sixth time the Court has been obligated to address this, or an issue related to Defendants' protests over being forced to litigate this action. Accordingly the Court addresses it only briefly. Throughout this late stage of litigation, Defendants have failed to make a showing of good cause necessitating a continuance. Further, the Court's decision to deny the oft-requested continuances does not evince bias on the part of the Court. As previously noted, the continuance granted to Plaintiff was because the request was unopposed. Defendants, however, waited until they failed to appear in person at a hearing scheduled weeks prior before raising their scheduling concerns. The medical records presented in support of Defendants' request indicated that Mr. Weinkle had been hospitalized nearly three months prior to the start of trial. Due to the lack of temporal proximity, the Court found these medical records insufficient to conclude that Defendants were unable to proceed. Additionally, there are *two* Defendants and, therefore, the medical excuse provided, while admittedly insufficient given the lack of temporal proximity, did not obviate Defendants' obligation to appear and defend this action. Nothing in the record indicates that Mrs. Weinkle was legally incapable of appearing in this action. Defendants' remaining evidentiary challenges, although not specifically addressed, are implicitly rejected.

Defendants next assert that the Court informed them that trial would not begin until the second day of trial and that the first day would be comprised exclusively of jury selection. This assertion has no basis in fact. At no point in time did the Court ever relay such an instruction. Defendants' failure to be prepared on the morning of trial is their own doing.

A new trial is not warranted based on Defendants' complaints of evidentiary error and bias. Defendants, proceeding *pro se*, made a decision not to vigorously defend this action, opting to wait almost a year until, on the eve of trial, proclaiming prejudice. While the Court must treat *pro se* litigants with a leniency not afforded to those represented by counsel, they must nonetheless adhere to procedural rules, including, *inter alia*, the Court's scheduling order. *See Houman v. Lewis*, 2010 WL 2331089, at *1 (S.D. Fla. June 10, 2010) (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("A pro se litigant must nevertheless 'conform to procedural rules.'").

### B.     Remittitur is Required as the Damages Award was Improper

Rule 59 also permits a court to alter or amend a judgment. Fed. R. Civ. P. 59(e). Similarly, under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a mistake, fraud, newly discovered evidence, "or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b); *see also Sherrod*, 237 F. App'x at 424-25 ("The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999))). "Rule 59(e) may not be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Sherrod* at 425 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Although the two rules afford a party the same relief, "[a] significantly higher standard is generally used to decide

whether a movant is entitled to relief under Rule 60(b)." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) (internal quotation and citation omitted). As with Rule 50, the district court is granted substantial discretion in deciding these matters. *See Willard v. Fairfield S. Co., Inc.*, 472 F.3d 817, 821 (11th Cir.2006) (Rule 59(e) reviewed for abuse of discretion); *Lambert v. Fulton County, Ga.*, 253 F.3d 588, 595, 598 (11th Cir. 2001) (Rule 60(b) reviewed for abuse of discretion).

Further, a district court which finds that a jury's award of damages is excessive may grant the defendant a new trial on this basis. *Peer v. Lewis*, No. 06-60146-CIV, 2008 WL 2047978, at *17 (S.D. Fla. May 13, 2008) *aff'd*, No. 08-13465, 2009 WL 323104 (11th Cir. Feb. 10, 2009) (citing *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1329 (11th Cir. 1999)). Alternatively, "the court can order remittitur and reduce the damages." *Id.* (citing *Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1310 (11th Cir. 1990); *Wilson v. Taylor*, 733 F.2d 1539, 1549-50 (11th Cir. 1984)). "When it is determined that the damages awarded by a jury are excessive but the finding of liability is supported by the evidence, it is appropriate to order remittitur or a new trial limited to the issue of damages." *Copley v. BAX Glob., Inc.*, 97 F. Supp. 2d 1164, 1169 (S.D. Fla. 2000) (citation omitted). Thus, a court may issue a remittitur if the "jury's award is unreasonable on the facts." *Johansen*, 170 F.3d at 1331. Stated differently, remittitur "is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence." *Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1057 (S.D. Fla. 1995) *aff'd sub nom. Moses v. K-Mart Corp., Inc.*, 119 F.3d 10 (11th Cir. 1997) (internal citation and quotation omitted). However, the Court must not "substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, the Court should not reduce merely because it would have found differently." *Id.* If remittitur is chosen, "the award should

only be reduced to the outer limit of the proof." *Id.* at 1057-58 (internal citation and quotation omitted). However, a remittitur may not be done absent the plaintiff's consent. *Johansen*, 170 F.3d at 1329 ("[N]o judgment for a remittitur may be entered without the plaintiff's consent because the Seventh Amendment prohibits the court from substituting its judgment for that of the jury's regarding any issue of fact.").

Because the jury award inappropriately calculated Plaintiff's entitlement to minimum wages including a period predating the available time period under the FLSA's built-in limitations period, the jury's award was inappropriate.

The jury's award credits Defendants for $9,669 paid to Plaintiff during the relevant time period, but fails to credit Defendants for the remaining $19,740 which was also paid to Plaintiff during the same period. Plaintiff argues that this sum was for payments "Past Accrued." In other words, the $19,740 is an amount due to Plaintiff for periods falling outside of the FLSA's limitations period.[2] Under 29 U.S.C. § 255, given the jury's finding of willful disregard, Plaintiff was entitled to recover damages for the preceding three years. Plaintiff filed this action on October 31, 2014. Accordingly, Plaintiff's recovery was limited to FLSA violations occurring after October 31, 2011. *See* 29 U.S.C. § 255(a). While the Spreadsheet properly begins on November 5, 2011, the inclusion of the "Past Accrued" amounts and the calculation based on that amount permits Plaintiff to recover for FLSA violations which would otherwise be barred under § 255(a). When the jury failed to include the $19,740 in the calculation of Plaintiff's minimum wage entitlements, Plaintiff obtained a windfall which the FLSA disallows

---

[2] Plaintiff's testimony at trial confirms this fact. When questioned about the payments, specifically, those occurring at the beginning of the three-year period, Plaintiff noted that Defendants "owed [her] more." *See* Unofficial Deposition Transcript at 13-14, 17, 21-24, 47. At oral argument, counsel reiterated that the "Past Accrued" was for funds preceding November 5, 2011 that were allegedly owed to Plaintiff.

by virtue of imposing a three-year limitations period. In sum, if the jury intended to credit Defendants for the funds paid to Plaintiff during the period from October 2011 to October 2014, based on the evidence and the applicable law, it should have given them full credit for such payments. It is clear that based on the verdict, that the jury did no such thing; instead, the jury accepted Plaintiff's improper calculation.[3]

Based on the foregoing, it is evident that the correct measure of Plaintiff's minimum wage damages is $6,413.25, equaling the $35,822.25 in minimum wage payments the jury found Plaintiff was entitled to under the FLSA, minus the $29,409.00 paid to Plaintiff during the time period from October 31, 2011 to October 31, 2014. This erroneous calculation and Plaintiff's resulting windfall permits a recovery which runs afoul of 29 U.S.C. § 255. Thus, the verdict necessitates that the Court grant a remittitur of the jury's damages award to $6,413.25.

### C. Plaintiff is Entitled to Liquidated Damages on the Corrected Award

When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, an award of liquidated damages is generally mandatory. *See id.* However, a district court "retains the discretion to withhold an award of liquidated damages where it finds that the employer has acted in 'good faith.'" *Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1246 (S.D. Fla. 2014) (citing 29 U.S.C. § 260). Section 260's "safe harbor" provision provides:

> In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the [FLSA] . . . if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was

---

[3] Admittedly, there is a discrepancy of $464.25 between the amount the jury awarded and the amount calculated in the Spreadsheet.

>> not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260; *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1307 n.2 (11th Cir. 2013) ("The court has discretion not to award liquidated damages if it finds that the defendant acted in good faith."). "An employer who violates the FLSA . . . carries the burden of proving its entitlement to the safe harbor." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). "The employer's burden of showing 'good faith' has been characterized as 'plain and substantial,'" and requires a showing of both subjective and objective "good faith," that is: "(1) that its actions were taken in a 'good faith' belief that they did not violate the law and (2) that it had reasonable grounds for believing that its actions were not in violation of the law." *Bautista* at 1246 (citing 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Rodriguez*, 518 F.3d at 1272; *Barcellona v. Tiffany Eng. Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979)).

Defendants have made no such showing and, in fact, do not address these requirements in their responsive memorandum despite such requirements being clearly raised by Plaintiff's Motion. More importantly, the jury's determination that Defendants acted with willful disregard to the FLSA's requirements conflicts with any potential finding that Defendants acted in "good faith." Consequently, Plaintiff is entitled to her damages and an "equal amount as liquidated damages." 29 U.S.C. § 216(b). However, the amount of liquidated damages must be calculated based on the proper measure of damages as set forth in Section II.B., *supra*.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants, Barney N. Weinkle and Ilene M. Weinkle's Motion for New Trial, or in the Alternative Motion for Remittitur, **ECF No. [79],** is

11

**GRANTED IN PART** and **DENIED IN PART**. The Motion for New Trial is **GRANTED** with respect to Defendants' request for remittitur but **DENIED** in all other respects. The jury's award must be reduced to $6,413.25, or the amount of minimum wage violations for the period from October 31, 2011 to October 31, 2014, less those funds actually paid as compensation to Plaintiff during the same period.

2. Because the Court may not issue a remittitur absent Plaintiff's consent, **on or before November 30, 2015**, Plaintiff shall advise the Court as to whether she agrees to the remittitur or whether she elects to have a new trial.

3. Plaintiff Isabel Tarcila Cazorla Salinas' Motion for Liquidated Damages, **ECF No. [77]**, is **GRANTED**. Logically, Plaintiff will only be awarded punitive damages should they consent to the remittitur.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of November, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Barney N Weinkle and Ilene M. Weinkle
1835 Hallandale Beach Blvd
Suite 849
Hallandale Beach, FL 33009