UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS, *and all others similarly situated under 29 U.S.C. 216(b),*

Plaintiff,

vs.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

Defendants.

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER [DE 90] AND MOTION FOR EXTENSION OF TIME TO RESPOND TO ORDER [DE 90]**

Plaintiff by and through her counsel of record hereby files her Motion for Reconsideration in regard to this Court's order granting Defendant's Motion in regard to remittitur [DE 90] and further, that this Court grant Plaintiff additional time to agree to remittitur, and states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.** On October 23, 2015, Defendants moved for a few types of relief, including remittitur [DE 78]. Defendants argued that Plaintiff had "calculated[ed] damages for nineteen (19) years instead of two (2) or (3) by law, but also in so doing so it showed that it was guided by tremendous sympathy passion and prejudice for the Plaintiff and against the Defendants." Defendants in their Motion mention the statute of limitations, but make arguments as to the unfairness of the Jury's decision, as opposed to addressing Plaintiff's arguments regarding attribution of payments or otherwise apply their argument to the facts of the case or the trial.

**2.** The matter was heard on November 12, 2015.[1]

**3.** This Court entered a well-reasoned Order [90] which granted the essence of Defendant's request in regard to remittitur, but for under different grounds than argued by Defendants. Particularly, the Court found that Plaintiff presented to the Jury a calculation of damages which factored in previous amounts owed, thus, effectively extending the statute of limitations. Since the Jury misattributed the amount owed, the Plaintiff's damages were reduced to $6,413.25.

**4.** Plaintiff asserts that she did not fully brief the issue of misattribution because that issue was not argued by Defendants. Particularly, if this Court had the benefit of a full briefing, it would have not ruled for remittitur in its Order [DE 90]. Instead, the Jury's finding regarding the amount owed was a finding of fact based on the evidence, and all amounts awarded to Plaintiff were properly within the statute of limitation period. Thus, to prevent manifest injustice, Plaintiff's bring this Motion to Reconsider. As described below, the facts presented to the Court and Jury do not reflect the conclusion that the Jury inappropriately calculated damages.

## I. INTRODUCTION

Most employers regularly pay their employees for the work that they perform. This makes it unquestionable that said payments are intended for contemporaneous payments for work done. This is not necessarily always true. This matter involves a case where a Defendant admitted that there was an ongoing balance, and the facts presented to the jury indisputably show sporadic flat payments which were independent of the work being contemporaneously done. The Jury found the Plaintiff's version of the facts to be persuasive (that the amounts paid between October 2011 and October 2014 were not entirely for work done between October 2011 and

1 Plaintiff's counsel appreciates the Court's patience in retrieving the exhibits at said hearing.

October 2014) and said was based off of the evidence presented. Thus, this Court should not disturb these factual findings.

## II. ARGUMENT- THIS COURT SHOULD GRANT PLAINTIFF ADDITIONAL TIME TO AGREE TO REMITTITUR

This Court has given Plaintiff until November 30, 2015 to agree to remittitur [DE 90]. This puts Plaintiff into a precarious procedural position. Plaintiff's counsel has no desire to put either the Plaintiff or this Court through the process of another trial; however, Plaintiff believes that this Court has made an error in the remittitur. This has left Plaintiff between a "rock and a hard place." There is not sufficient time for this Court to reconsider the remittitur motion in time before Plaintiff is required by the Court's order to agree or accept a new trial. If Plaintiff accepts the remittitur, then she loses her ability to seek reconsideration or appeal of what Plaintiff believes is an erroneous ruling, even if done under protest. Donovan v. Penn Shipping Co., 429 U.S. 648, 649-50 (1977). However, if Plaintiff fails to consent with remittitur with this Court's order in hopes that remittitur is reconsidered, but this Court does not grant said remittitur, then it seems the result would be for this Court to require a new trial to the chagrin of all parties.

Plaintiff cannot consent to the remittitur as of the date of filing of this Motion, and requests that this Court permits her to consent to a remittitur within seven days of a decision on this Motion for Reconsideration.

## III. ARGUMENT – REMITTITUR IS NOT APPROPRIATE

### 1. Reconsideration is Appropriate

Reconsideration is appropriate when there is (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Burger King Corp v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Plaintiff recognizes that a Motion for Reconsideration is not to "relitigate old matters,

raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). As described above, while Plaintiff employee had the opportunity to make arguments before this Court at a hearing, she did not have the opportunity to brief the issue of application of payments. As described below, the jury found that the Plaintiff employee was not paid on an ongoing basis, and instead, Defendant employers were consistently in debt to Plaintiff employee.

**2. The Jury Found Compensatory Damages Properly Within the Statute of Limitations Period**

This Court found that the Jury's award was improper because all payments made during the statute of limitations should have been attributed exclusively towards what was owed during the October 2011 to October 2014 period, and "based on the evidence and the applicable law, [the Jury] should have given [Defendants] full credit for such payments." Plaintiff asserts that this is one possible factual finding that the Jury could have made, but it is *not* the factual finding that the Jury made. If the Jury's thought process were as this Court surmised, and the Jury accepted Plaintiff's damages calculation, then the Jury found that the weight of the evidence was that certain payments made to Plaintiff employee were intended to be made for *past* amounts due, and certain payments were made for contemporaneous amounts due, as reflected by Plaintiff employee's notes and other information. This finding is reflected by the exhibits:

a. Plaintiff's Trial Exhibit 2 – Plaintiff's time notebook shows that Defendants did not pay her regularly, and instead, made inconsistent periodic payments to pay back a certain balance;

b. Plaintiff's Trial Exhibit 4 – Defendant's text message admission showing Shows that Defendants were aware of and were paying an ongoing balance;

c. Plaintiff's Trial Exhibit 6 – Plaintiff's payment stubs showing payments made inconsistently and for flat amounts, suggesting the payment of a back balance; and

d. Plaintiff's Trial Exhibit 7 – Composite exhibit showing information contained in Trial Exhibit 2, and calculating minimum wages exclusively from statute of limitations period.

Essentially, the Court finds fault with the way that It believes that the Jury came to a conclusion on damages. It is not *per se* incorrect for a finder of fact to consider or attribute payments made to any party merely because the controversy is between an employer and an employee and wages are at issue.

To say it another way, it cannot be true that *all* payments made by an employer to an employee during the statute of limitations period *must* be attributed to payments of minimum wage during that same period. While common sense dictates that this is generally true, this is not a global truism, particularly when an employee does not receive regular pay checks.

This principle is better illustrated through a hypothetical change of facts. If all other facts in this case being the same, we hypothetically consider that Defendant employers borrowed $10,000 from Plaintiff in September 1, 2011. In this hypothetical, Defendant employers repaid that $10,000 on November 1, 2011. We would certainly not consider that repayment of $10,000 in November 1, 2011 to be part of Plaintiff employee's minimum wage payments, merely because the moneys were borrowed before the statute of limitations period for minimum wages began, and were repaid after the statute of limitations period for minimum wages began. That's because this hypothetical $10,000 payment was for repayment of a loan, and not to pay minimum wages.

This hypothetical is no different than the circumstance presented here. The Jury here apparently found, as Plaintiff's counsel argued, that there were many payments made which were not contemporaneous payments for work done, and instead, were payments for past work done while minimum wages accrued. This is evidenced by the payments being flat numbers, and seemingly arbitrary, and because the Defendants admitted that there was an outstanding balance.

By ordering a remittitur, the Court is substituting Its own factual findings (the purpose of particular payments being contemporaneous work payments) with the Jury's specific factual

findings (the purpose of particular payments being to be to address an outstanding balance that the parties agreed existed). This Court cannot make particular fact findings and substitute these factual findings for the Jury's, even if this Court is right. It defeats the purpose of the Jury system and is contrary to our Constitution.

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and **no fact tried by a jury, shall be otherwise reexamined in any Court of the United States**, than according to the rules of the common law.

U.S. Const. amend. VII. "[W]ithout a waiver of the right of trial by jury, by consent of parties, the court errs if it substitutes itself for the jury, and, passing upon the effect of the evidence, finds the facts involved in the issue, and renders judgment thereon." Baylis v. Travelers' Ins. Co., 113 U.S. 316, 319-21, 5 S. Ct. 494, 497, 28 L. Ed. 989 (1885).

The Court can only take away the Jury's fact finding role in certain limited circumstances. "A district judge's discretion as to remittitur is circumscribed by the Seventh Amendment: He must not substitute his judgment of damages for that of the jury. We have, therefore, held that the trial court may not require remission of a sum which would reduce the verdict below the maximum award which is reasonably supported by the evidence." Bonura v. Sea Land Serv., Inc., 505 F.2d 665, 669-70 (5th Cir. 1974). The judicial power to order remittitur arises from the Court's ability to order a new trial. The Seventh Amendment prohibits the court from substituting its judgment for that of the jury's regarding any issue of fact. Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1329 (11th Cir. 1999).

A trial judge may grant a motion for new trial if the jury verdict is contrary to the great weight of the evidence. Watts v. Great Atlantic & Pacific Tea Co., Inc., 842 F.2d 307, 310 (11th Cir.1988). The judge may weigh the evidence, but to assure It does not simply substitute Its

judgment for that of the jury, It "must find the verdict contrary to the great, not merely the greater, weight of the evidence." Id.

The Court should not exercise its judgment to reduce a compensatory damages award if there is **some** basis for that damages award. "[P]roof of the amount of damage is less severe than the burden of proving the fact of damage." G.M. Brod & Co., Inc. v. U.S. Home Corp., 759 F.2d 1526, 1540 (11th Cir.1985); *see also* Williams v. City of Valdosta, 689 F.2d 964, 975 (11th Cir. 1982).

In this matter, this Court should not order a new trial. The evidence and trial testimony provides a significant evidentiary basis for the Jury to calculate their damages. This Court did not find that the "great weight" of the evidence was against the Jury's finding, instead, the Court simply substituted how It thought the Jury should have found in regard to attribution of the payments. While the Court's reasoning is learned and well-reasoned, the Order [DE 90] is contrary to the federal jury system and the Seventh Amendment. Plaintiff requests that this Court reconsider its Order [DE 90], and, if that is not possible, to grant Plaintiff one additional opportunity to consider this Court's remittitur before the matter is committed to a new trial or appeal.

*Wherefore*, Plaintiff requests that this Court award liquidated damages in accordance with Plaintiff's Motion for Liquidated Damages.

Respectfully submitted this 30th day of November, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Bar No. 0073061
elizabeth.hueber.esq@gmail.com

Certificate of Good Faith Conferral

I hereby certify that I spoke with Barney Weinkle regarding the content and relief sought in this Motion. He expressed that he opposed said motion.

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to *pro se* Defendants Defendants Barney N. Weinkle and Ilene M. Weinkle via email at barneynweinkle@gmail.com, on November 30, 2015.

.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Bar No. 0073061
elizabeth.hueber.esq@gmail.com