SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS,
*And all other similarly situated under 29*

    Plaintiff,

vs.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

    Defendants.
_____/

FILED by ___ D.C.
JAN 21 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## DEFENDANTS BARNEY N. WEINKLE AND ILENE M. WEINKLE'S MOTION FOR REHEARING

**COME NOW** the Defendants BARNEY N. WEINKLE AND ILENE M. WEINKLE, *pro se* and pursuant to the Federal Rules of Civil Procedure 62 and local rule 62.1 of the United States District Court for the Southern District of Florida file this their Motion for Rehearing and as grounds states as follows:

1. A Final Judgment was entered in this matter on January 11, 2016 based upon Plaintiff's Motion for Reconsideration dated November 30, 2015.

2. Defendants had conversed with the Plaintiff's counsel numerous times since the last hearing and order entered in this matter as to the status of their client's position.

3. Counsel for the Plaintiff advised that a Motion for Reconsideration would be filed soon on behalf of their client.

4. On January 11, 2016, to their surprise, the Defendants received a copy of the Final Judgment signed by this Honorable court which indicated that a hearing had occurred on Plaintiff's Motion for Reconsideration (attached hereto as **Exhibit "A"**).

5. Defendants never received a copy of the Plaintiff's Motion for Reconsideration nor did they receive a copy of the Notice of Hearing.

6. Defendants have been actively involved in this case since its inception and if they would have received a copy of the Motion, a response would have been filed well in advance of the deadline of December 17, 2015.

7. The hearing on Plaintiff's Motion for Reconsideration was never coordinated with the Defendants which would have alerted them to a Motion filed that they never received.

8. The award originally granted Plaintiff was inaccurate by statute of which the Defendants brought to this court's attention in their last filing.

9. Defendant's would not merely just walk away from such an erroneous judgment against them when in fact the court was questioning the number provided by Plaintiff to the court and jury.

10. That the Plaintiff's failure to provide the Defendants with a copy of the Motion for Reconsideration was done willfully and intentionally to deny the Defendants their due process, a fair outcome, and denied them their legal access to the court system.

11. That the Plaintiff's failure to coordinate a hearing on their Motion for

Reconsideration or even provide Defendants with a copy of the Notice of Hearing was done intentionally and has caused damage to the Defendants.

12. The Final Judgment entered January 11, 2016 be vacated.

WHEREFORE, the Defendants, respectfully request that this Court grant their Motion for Rehearing; vacate the Final Judgment of January 11, 2016 entered in this matter; and for all other further relief deemed just and proper.

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by U.S. Mail on this ____day of January, 2016 to: Elizabeth O. Hueber, Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141. In addition on this same date this document was filed with the Clerk of Court using CM/ECF.

Barney N. Weinkle
1835 Hallendale Beach Blvd.
Suite 849
Hallandale Beach, FL 33009
barneynweinkle@gmail.com

Illene M. Weinkle
1835 Hallendale Beach Blvd.
Suite 849
Hallandale Beach, FL 33009
ileneweinkle@gmail.com

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-62481-BLOOM/Valle

ISABEL TARCILA CAZORLA SALINAS,

    Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

    Defendants.
_____/

## FINAL JUDGMENT

This cause is before the Court upon the granting of Plaintiff Isabel Tarcila Cazorla Salinas' Motion for Reconsideration, ECF No. [91]. For the reasons expressed in this Court's separately entered Order on Motion for Reconsideration, ECF No. [92], and Order, ECF No. [90], and pursuant to Federal Rules of Civil Procedure 56 and 58, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Final judgment is **ENTERED** in favor of Plaintiff Isabel Tarcila Cazorla Salinas.
2. Pursuant to the Jury's Verdict, ECF No. [76], Plaintiff is **AWARDED** $26,617.25 as damages for minimum wage violations, as well as an equal amount as liquidated damages, see 29 U.S.C. § 216(b), totaling **$53,234.50**.
3. Plaintiff shall also be entitled to post-judgment interest on this award pursuant to 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").
4. The Clerk is instructed to **CLOSE** this matter.

EXHIBIT A

5. The Court retains jurisdiction to entertain any motions that raise issues collateral to this Final Judgment and, to the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of January, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Barney and Ilene Weinkle
Defendants *Pro Se*
1835 Hallendale Beach Blvd., Suite 849
Hallendale Beach Blvd., FL 33009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-62481-BLOOM/Valle

ISABEL TARCILA CAZORLA SALINAS,

    Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

    Defendants.
_____/

### ORDER ON MOTION FOR RECONSIDERATION

This cause is before the Court upon Plaintiff Isabel Tarcila Cazorla Salinas' Motion for Reconsideration, ECF No. [91] ("Motion"), in which Plaintiff Isabel Tarcila Cazorla Salinas ("Plaintiff") seeks reconsideration of this Court's Order granting a remittitur of the jury's damages, ECF No. [90]. Pursuant to the Local Rules of this Court, a response to the Motion, filed on November 30, 2015, was required on or before December 17, 2015. *See* S.D. Fla. L.R. 7.1(c) (stating that "each party opposing a motion shall serve an opposing memorandum of law not later than fourteen (14) days after service of the motion"). *Pro Se* Defendants, Barney N. Weinkle ("Mr. Weinkle") and Ilene M. Weinkle ("Mrs. Weinkle") (collectively, "Defendants") have elected not to respond and, accordingly, the Motion is ripe for adjudication.[1] Having reviewed the Motion, and otherwise being fully advised, the Court finds that the Motion is due to be granted.

---

[1] While *pro se* litigants are afforded a general leniency, they "must nevertheless conform to procedural rules." *See Houman v. Lewis*, 2010 WL 2331089, at *1 (S.D. Fla. June 10, 2010) (citing *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

1

Plaintiff commenced this action against Defendants on October 31, 2014, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claiming entitlement to minimum wage and overtime compensation. *See generally* Complaint, ECF No. [1]. On October 13, 2015, the matter proceeded to jury trial. During trial, Plaintiffs introduced into evidence a notebook containing Plaintiff's handwritten record of her daily hours and the monies purportedly owed to her by the Defendants (hereinafter, the "Notebook"), as well as a summary of the same, and a typed ledger listing the transactions in chronological order (hereinafter, the "Spreadsheet"). *See* Spreadsheet, ECF No. [87-3]. The Spreadsheet contained a "Past Accrued" column containing a $19,740 deficit comprised of funds purportedly owed to Plaintiff for the period occurring prior to October 31, 2011. *Id.* Only after Defendant's had satisfied their alleged $19,740 debt does the Spreadsheet begin to credit payments made from Defendants to Plaintiff. *See id.* Based on the Spreadsheet, Plaintiff submitted to the jury that she was entitled to a total of $28,292.00 for Defendants' FLSA violations. *Id.* at 7. After deliberation, the jury returned a verdict in favor of Plaintiff, finding that Defendants showed "reckless disregard" for the FLSA's requirements and awarding her $26,617.25 in minimum wages, but no compensation for overtime violations. *See* Jury Verdict, ECF No. [76].

On October 23, 2015, Defendants, continuing *pro se*, filed a Motion for New Trial or, in the Alternative, Motion for Remittitur, ECF No. [79]. Although Defendants did not specifically argue the impropriety of the application of payments with respect to their claim for remittitur, the Court, nevertheless, deemed it incumbent to address the issue. After review, the Court found that the jury award improperly calculated Plaintiff's entitlement to minimum wages to include a period predating the available time period under the FLSA's built-in limitations period, to wit, the $19,740 debt. *See* Order, ECF No. [90] at 8-10. In short, Plaintiff's application of certain

2

payments to the period falling outside of the limitations period set forth in 29 U.S.C. § 255(a), which the jury accepted as proper, permitted Plaintiff to obtain a substantial windfall for wage violations which had expired by operation of § 255(a). *See id.* In order to remedy this issue, the Court reduced the award accordingly and, thereafter, requested that Plaintiff consent to the remittitur. *Id.* at 11-12. In response, Plaintiff filed the instant Motion, claiming that reconsideration of this Court's Order was necessary to prevent manifest injustice. *See* Motion at 2.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted); *see also Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact."). Arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made: "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (internal formatting omitted). If a motion for reconsideration merely submits previously rejected arguments, the motion should generally be denied. *Sierra Equity Grp., Inc.*

Case 0:14-cv-62481-BB Document 92 Entered on FLSD Docket 01/20/2016 Page 3 of 7

*v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")). "[However], [a] motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (internal formatting and citation omitted).

Ultimately, motions for reconsideration are considered an "extraordinary remedy" for which the district court is granted substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)) ("District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings.").

Plaintiff argues that the testimony and evidence presented at trial established that the monies being paid to Plaintiff between October 31, 2011 and April 6, 2013, were for work completed prior to October 31, 2011, and that the jury clearly accepted this fact as evidenced by its verdict. *See* Mot. at 2-3, 4-7. Thus, Plaintiff asserts that the Court's decision to grant remittitur interferes with the jury's role as factfinder. *See id.*

Case: 0:14-cv-62481-BB   Document #: 92   Entered on FLSD Docket: 01/11/2016   Page 5 of 7

Although the Court disagrees with the application of Plaintiff's hypothetical,[2] the Court ultimately concurs with Plaintiff's apprehension of the jury's role. It is indisputable that, at a maximum, the FLSA only permits a plaintiff to recover for violations occurring in the three years prior to when the litigation is commenced. *See* 29 U.S.C. § 255(a). As noted, the Court does not substitute its own factual findings for that of the jury. Previously, and without the benefit of argument, the Court found that the jury's award failed to attribute all payments made by Defendants to Plaintiff for the period preceding the limitations cutoff, or October 31, 2011. Thus, the Court assumed that the jury implicitly failed to include Defendants' payments during this period in calculating the damages. Plaintiff is correct in asserting that this is not the only factual finding the jury could have made.

"A district judge's discretion as to remittitur is circumscribed by the Seventh Amendment: [She] must not substitute [her] judgment of damages for that of the jury." *Bonura v. Sea Land Serv., Inc.*, 505 F.2d 665, 669 (5th Cir. 1974). Accordingly, "the trial court may not require remission of a sum which would reduce the verdict below the maximum award which is reasonably supported by the evidence." *Id.* (citing *Jenkins v. Aquatic Contractors & Engineers*, 446 F.2d 520, 522 (5th Cir. 1971)). Stated differently, a court may only issue a remittitur if the

---

[2] Plaintiff contends that the circumstances presented herein are akin to a loan made to Defendants prior to the limitations period, and that the payments occurring after October 31, 2011 were made for repayment of said loan, not for repayment of minimum wages. *See* Mot. at 5. While the Court commends counsel's creativity, it disagrees that such a hypothetical presents a factually analogous situation. Here, the payments were not for a loan or distinct contract but, instead, for FLSA violations preceding October 31, 2011. A more apropos hypothetical would involve a defendant who has willfully failed to comply with the FLSA for a period of ten years and has promised the plaintiff that he will pay her the money owed to her. On the last day of the tenth year, the hypothetically defendant is sued. Can the hypothetical plaintiff recover for the seven years she worked without pay? Unflinchingly, the FLSA says "no"; the hypothetical plaintiff may only reach back three years to recover the money owed to her. *See* 29 U.S.C. § 255(a).

"jury's award is unreasonable on the facts." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1331 (11th Cir. 1999)); *see also Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1057 (S.D. Fla. 1995) *aff'd sub nom. Moses v. K-Mart Corp., Inc.*, 119 F.3d 10 (11th Cir. 1997) (noting that remittitur "is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.") (internal citation and quotation omitted). The Court must not "substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, the Court should not reduce merely because it would have found differently." *Moses*, 905 F. Supp. at 1057.

Here, the jury may have credited only a portion of Defendants' payments set forth in the Spreadsheet. Ultimately, the evidence, as presented by the Plaintiff, supports a minimum wage damage award up to $35,822.25, or the total amount of minimum wages Plaintiff was owed, excluding any payments from Defendants. The jury was free to credit Defendants for the payments they made during the relevant time period to the extent they deemed fit. While the numbers may appear to support the conclusion that the jury utilized the "Past Accrued" amount in their calculation of damages, the fact remains that this may have equally not been the conclusion reached by the jury behind the sealed jury room doors. As the Court is not permitted to interfere with the jury's deliberations or factual findings, and given the fact that the evidence supported a maximum minimum damages award of $35,822.25, remittitur was inappropriate.

It is, therefore, **ORDERED AND ADJUDGED** that Plaintiff Isabel Tarcila Cazorla Salinas' Motion for Reconsideration, **ECF No. [91]**, is **GRANTED**. Final judgment shall be entered by separate order consistent with the jury's verdict and the Court's award of liquidated damages as elucidated in its November 23rd Order, ECF No. [90].

**DONE AND ORDERED** in Miami, Florida, this 11th day of January, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Barney and Ilene Weinkle
Defendants *Pro Se*
1835 Hallendale Beach Blvd., Suite 849
Hallendale Beach Blvd., FL 33009

7