UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  14-CIV-62481-BLOOM/Valle

ISABEL TARCILA CAZORLA SALINAS,

    Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

This cause is before the Court upon *Pro Se* Defendants, Barney N. Weinkle and Ilene M. Weinkle's Motion for Rehearing ("Motion"), ECF No. [94], filed on January 21, 2016.  On October 14, 2015, following a jury trial, a verdict was received against Barney N. Weinkle and Ilene M. Weinkle ("Defendants") in the amount of $26,617.25, representing the amount due to Plaintiff Isabel Tarcila Cazorla Salinas ("Plaintiff") for minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Jury Verdict, ECF No. [76].  Plaintiff then filed a Motion for Liquidated Damages, ECF No. [77], seeking those damages available to her under the FLSA's penalties provision, 29 U.S.C. § 216(b), based on the jury's finding that Defendants' FLSA violation was with reckless disregard to the statute.  In turn, Defendants filed a Motion for New Trial or, in the Alternative, Motion for Remittitur, ECF No. [79].  The Court granted in part and denied in part Plaintiff's Motion for Liquidated Damages and  Defendants' Motion for New Trial.  *See* Order on Motion for Reconsideration, ECF No. [90].  The Court found that while a new trial was not warranted, the jury's award required a reduction to

1

$6,413.25.  *See id.* at 8-10.  Although Defendants did not specifically argue the point, the Court found that the jury award improperly calculated Plaintiff's entitlement to minimum wages to include a period predating the available time period under the FLSA's built-in limitations period, to wit, a $19,740 debt.  *See id.*  On November 30, 2015, Plaintiff sought reconsideration of the Court's remittitur determination.  *See* Motion for Reconsideration, ECF No. [91].

Pursuant to the Local Rules of this Court, Defendants' response to the Motion for Reconsideration was required on or before December 17, 2015.  *See* S.D. Fla. L.R. 7.1(c) (stating that "each party opposing a motion shall serve an opposing memorandum of law not later than fourteen (14) days after service of the motion").  Well after the response deadline for the Defendant had expired, the Court considered Plaintiff's Motion for Reconsideration.  The Court found the arguments presented by Plaintiff to be persuasive, granted reconsideration, and determined that the law required judgment to be entered consistent with the jury's verdict and the Court's award of liquidated damages.  *See* Order on Motion for Reconsideration, ECF No. [90].  Accordingly, on January 12, 2016, the Court entered final judgment in favor of Plaintiff and against Defendants, awarding Plaintiff $26,617.25 as damages for minimum wage violations, as well as an equal amount as liquidated damages, see 29 U.S.C. § 216(b), totaling $53,234.50, consistent with the jury's verdict.  *See* Final Judgment, ECF No. [93]. The instant Motion ensued.

Defendants' Motion sets forth various facts which do not demonstrate that a rehearing on the issue of reconsideration is warranted.  As has been the case throughout this litigation, Defendants claim that they have neither received the Plaintiff's, nor the Court's, filings.  *See generally* Motion.  The Court's electronic docket reflects that a copy of every pertinent filing was mailed to Defendants at 1835 Hallandale Beach Blvd., Suite 849, Hallandale Beach, Florida

33009, the address provided by Defendants.  Local Rule 11.1(g) of the Southern District of Florida requires that a party appearing *pro se* conventionally file a Notice of Current Address with updated contact information within 7 days of a change.  "The failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court."  *Id.*  If the aforementioned address was incorrect, Defendants were under an obligation to update it.  Nevertheless, it is curious that Defendants have received the Court's Final Judgment, but have allegedly not received any other documents placed on the record.

A majority of Defendants' Motion references a hearing on Plaintiff's Motion for Reconsideration.  *See generally* Motion.  Defendants represent that the Court's Final Judgment, ECF No. [93], states that a hearing had occurred on Plaintiff's Motion for Reconsideration and protest that they did not receive a copy of the Notice of Hearing.  *See id.* at ¶ 4-5.  Further, Defendants aver that "the Plaintiff's failure to coordinate a hearing on [her] Motion for Reconsideration or even provide Defendants with a copy of the Notice of Hearing was done intentionally."  *Id.* at ¶ 11.  The Court directs Defendants to the electronic docket and notes that no notice of hearing was entered.  This is because no hearing on the Motion for Reconsideration ever occurred.  The Motion for Reconsideration was considered exclusively on the pleadings submitted.

Notwithstanding Defendants' lack of response,[1] the Motion for Reconsideration was considered on its merits and represents the correct application of the law to the circumstances presented in this case.  Accordingly, Defendants, Barney N. Weinkle and Ilene M. Weinkle's

---

[1] Although *pro se* litigants are afforded a general leniency, they "must nevertheless conform to procedural rules."  *See Houman v. Lewis*, 2010 WL 2331089, at *1 (S.D. Fla. June 10, 2010) (citing *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Motion for Rehearing, **ECF No. [94]**, is **DENIED**. As a courtesy, a copy of this Court's Order on Motion for Reconsideration, ECF No. [90], is attached hereto.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of January, 2016.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Barney N Weinkle
1835 Hallendale Beach Blvd
Suite 849
Hallandale Beach, FL 33009

Ilene M Weinkle
1835 Hallendale Beach Blvd
Suite 849
Hallandale Beach, FL 33009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-62481-BLOOM/Valle

ISABEL TARCILA CAZORLA SALINAS,

    Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

    Defendants.
_____/

**ORDER ON MOTION FOR RECONSIDERATION**

This cause is before the Court upon Plaintiff Isabel Tarcila Cazorla Salinas' Motion for Reconsideration, ECF No. [91] ("Motion"), in which Plaintiff Isabel Tarcila Cazorla Salinas ("Plaintiff") seeks reconsideration of this Court's Order granting a remittitur of the jury's damages, ECF No. [90]. Pursuant to the Local Rules of this Court, a response to the Motion, filed on November 30, 2015, was required on or before December 17, 2015. *See* S.D. Fla. L.R. 7.1(c) (stating that "each party opposing a motion shall serve an opposing memorandum of law not later than fourteen (14) days after service of the motion"). *Pro Se* Defendants, Barney N. Weinkle ("Mr. Weinkle") and Ilene M. Weinkle ("Mrs. Weinkle") (collectively, "Defendants") have elected not to respond and, accordingly, the Motion is ripe for adjudication.[1] Having reviewed the Motion, and otherwise being fully advised, the Court finds that the Motion is due to be granted.

---

[1] While *pro se* litigants are afforded a general leniency, they "must nevertheless conform to procedural rules." *See Houman v. Lewis*, 2010 WL 2331089, at *1 (S.D. Fla. June 10, 2010) (citing *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiff commenced this action against Defendants on October 31, 2014, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claiming entitlement to minimum wage and overtime compensation. *See generally* Complaint, ECF No. [1]. On October 13, 2015, the matter proceeded to jury trial. During trial, Plaintiffs introduced into evidence a notebook containing Plaintiff's handwritten record of her daily hours and the monies purportedly owed to her by the Defendants (hereinafter, the "Notebook"), as well as a summary of the same, and a typed ledger listing the transactions in chronological order (hereinafter, the "Spreadsheet"). *See* Spreadsheet, ECF No. [87-3]. The Spreadsheet contained a "Past Accrued" column containing a $19,740 deficit comprised of funds purportedly owed to Plaintiff for the period occurring prior to October 31, 2011. *Id.* Only after Defendant's had satisfied their alleged $19,740 debt does the Spreadsheet begin to credit payments made from Defendants to Plaintiff. *See id.* Based on the Spreadsheet, Plaintiff submitted to the jury that she was entitled to a total of $28,292.00 for Defendants' FLSA violations. *Id.* at 7. After deliberation, the jury returned a verdict in favor of Plaintiff, finding that Defendants showed "reckless disregard" for the FLSA's requirements and awarding her $26,617.25 in minimum wages, but no compensation for overtime violations. *See* Jury Verdict, ECF No. [76].

On October 23, 2015, Defendants, continuing *pro se*, filed a Motion for New Trial or, in the Alternative, Motion for Remittitur, ECF No. [79]. Although Defendants did not specifically argue the impropriety of the application of payments with respect to their claim for remittitur, the Court, nevertheless, deemed it incumbent to address the issue. After review, the Court found that the jury award improperly calculated Plaintiff's entitlement to minimum wages to include a period predating the available time period under the FLSA's built-in limitations period, to wit, the $19,740 debt. *See* Order, ECF No. [90] at 8-10. In short, Plaintiff's application of certain

payments to the period falling outside of the limitations period set forth in 29 U.S.C. § 255(a), which the jury accepted as proper, permitted Plaintiff to obtain a substantial windfall for wage violations which had expired by operation of § 255(a). *See id.* In order to remedy this issue, the Court reduced the award accordingly and, thereafter, requested that Plaintiff consent to the remittitur. *Id.* at 11-12. In response, Plaintiff filed the instant Motion, claiming that reconsideration of this Court's Order was necessary to prevent manifest injustice. *See* Motion at 2.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted); *see also Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact."). Arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made: "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (internal formatting omitted). If a motion for reconsideration merely submits previously rejected arguments, the motion should generally be denied. *Sierra Equity Grp., Inc.*

3

*v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")). "[However], [a] motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (internal formatting and citation omitted).

Ultimately, motions for reconsideration are considered an "extraordinary remedy" for which the district court is granted substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)) ("District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings.").

Plaintiff argues that the testimony and evidence presented at trial established that the monies being paid to Plaintiff between October 31, 2011 and April 6, 2013, were for work completed prior to October 31, 2011, and that the jury clearly accepted this fact as evidenced by its verdict. *See* Mot. at 2-3, 4-7. Thus, Plaintiff asserts that the Court's decision to grant remittitur interferes with the jury's role as factfinder. *See id.*

Although the Court disagrees with the application of Plaintiff's hypothetical,[2] the Court ultimately concurs with Plaintiff's apprehension of the jury's role. It is indisputable that, at a maximum, the FLSA only permits a plaintiff to recover for violations occurring in the three years prior to when the litigation is commenced. *See* 29 U.S.C. § 255(a). As noted, the Court does not substitute its own factual findings for that of the jury. Previously, and without the benefit of argument, the Court found that the jury's award failed to attribute all payments made by Defendants to Plaintiff for the period preceding the limitations cutoff, or October 31, 2011. Thus, the Court assumed that the jury implicitly failed to include Defendants' payments during this period in calculating the damages. Plaintiff is correct in asserting that this is not the only factual finding the jury could have made.

"A district judge's discretion as to remittitur is circumscribed by the Seventh Amendment: [She] must not substitute [her] judgment of damages for that of the jury." *Bonura v. Sea Land Serv., Inc.*, 505 F.2d 665, 669 (5th Cir. 1974). Accordingly, "the trial court may not require remission of a sum which would reduce the verdict below the maximum award which is reasonably supported by the evidence." *Id.* (citing *Jenkins v. Aquatic Contractors & Engineers*, 446 F.2d 520, 522 (5th Cir. 1971)). Stated differently, a court may only issue a remittitur if the

---

[2] Plaintiff contends that the circumstances presented herein are akin to a loan made to Defendants prior to the limitations period, and that the payments occurring after October 31, 2011 were made for repayment of said loan, not for repayment of minimum wages. *See* Mot. at 5. While the Court commends counsel's creativity, it disagrees that such a hypothetical presents a factually analogous situation. Here, the payments were not for a loan or distinct contract but, instead, for FLSA violations preceding October 31, 2011. A more apropos hypothetical would involve a defendant who has willfully failed to comply with the FLSA for a period of ten years and has promised the plaintiff that he will pay her the money owed to her. On the last day of the tenth year, the hypothetically defendant is sued. Can the hypothetical plaintiff recover for the seven years she worked without pay? Unflinchingly, the FLSA says "no"; the hypothetical plaintiff may only reach back three years to recover the money owed to her. *See* 29 U.S.C. § 255(a).

"jury's award is unreasonable on the facts." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1331 (11th Cir. 1999)); *see also Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1057 (S.D. Fla. 1995) *aff'd sub nom. Moses v. K-Mart Corp., Inc.*, 119 F.3d 10 (11th Cir. 1997) (noting that remittitur "is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.") (internal citation and quotation omitted). The Court must not "substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, the Court should not reduce merely because it would have found differently." *Moses*, 905 F. Supp. at 1057.

Here, the jury may have credited only a portion of Defendants' payments set forth in the Spreadsheet. Ultimately, the evidence, as presented by the Plaintiff, supports a minimum wage damage award up to $35,822.25, or the total amount of minimum wages Plaintiff was owed, excluding any payments from Defendants. The jury was free to credit Defendants for the payments they made during the relevant time period to the extent they deemed fit. While the numbers may appear to support the conclusion that the jury utilized the "Past Accrued" amount in their calculation of damages, the fact remains that this may have equally not been the conclusion reached by the jury behind the sealed jury room doors. As the Court is not permitted to interfere with the jury's deliberations or factual findings, and given the fact that the evidence supported a maximum minimum damages award of $35,822.25, remittitur was inappropriate.

It is, therefore, **ORDERED AND ADJUDGED** that Plaintiff Isabel Tarcila Cazorla Salinas' Motion for Reconsideration, **ECF No. [91]**, is **GRANTED**. Final judgment shall be entered by separate order consistent with the jury's verdict and the Court's award of liquidated damages as elucidated in its November 23rd Order, ECF No. [90].

**DONE AND ORDERED** in Miami, Florida, this 11th day of January, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Barney and Ilene Weinkle
Defendants *Pro Se*
1835 Hallendale Beach Blvd., Suite 849
Hallendale Beach Blvd., FL 33009