SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE



ISABEL TARCILA CAZORLA SALINAS,
And all other similarly situated under 29

    Plaintiff,

vs.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

    Defendants.
_____/

### DEFENDANTS, BARNEY N. WEINKLE AND ILENE M. WEINKLE'S MOTION FOR RECONSIDERATION AND MOTION FOR EXTENSION OF TIME TO FILE CORRECTED CLAIM OF EXEMPTION, AFFIDAVIT OF EXEMPTION AND REQUEST FOR HEARING

**COME NOW** the Defendants BARNEY N. WEINKLE AND ILENE M. WEINKLE, *pro se* and file this their Motion for Reconsideration in regard to the Order on Motion for Hearing entered in this matter on May 10, 2016 and Motion for Extension of Time to File Corrected Claim of Exemption, Affidavit of Exemption and Request for Hearing, and as grounds state as follows:

    1. On March 30, 2016, Plaintiff served a Writ of Garnishment upon Defendants' bank.

    2. Defendants filed separate signed and sworn statements that they each claim head of their household, support a child or other dependent, and have net earnings of more than $750.00 per week. These identical statements were filed in error and **not** intentionally in any way whatsoever. The only statement that should have been filed was for Defendant, Ilene M. Weinkle.

    3. On April 22, 2016, Defendant, Ilene Weinkle, filed an Amended Claim

of Exemption, Affidavit of Exemption and Request for Hearing (attached hereto as **Exhibit "A"**).

4. An Order on Motions for Hearing was entered by this Honorable Court on May 10, 2016 (attached hereto as **Exhibit "B"**). The order addressed the issue of the identical claims for exemption filed by both Defendants and stated that being mutually exclusive they cannot both be correct.

5. The Court errored in entering its Order against the Defendants by failing to acknowledge and/or overlooking the Amended Claim of Exemption filed by Defendant, Ilene Weinkle on April 22, 2016, which showed the sworn statements were not identical.

6. The Court also stated in its order the following:

> "Plaintiff filed a Response, ECF No. [121], on April 27, 2016, and thus, Defendants' Reply was due on or before May 9, 2016. As of the date of this Order, the Court has not received any Reply or request from the Defendants to extend the filing deadline. Accordingly, the Motions are ripe for review."

Defendants' never received via email or U.S. Mail from the Plaintiff, a copy of the Response filed on April 27, 2016 which is why their Reply was never filed. Plaintiff has always had the mailing address and email for the Defendants but chooses to not give copies to them to allow them to defend their interests in this matter. Defendants bring to the Court's attention that this has been an ongoing issue in this case. The Court file will reflect numerous pleadings filed by the Defendants alleging failure by the Plaintiff to provide them with documents.

7. Defendants have been and continue to be damaged by the Plaintiff's actions. Plaintiff's should be ordered to provide proof of service to the Defendants in this action.

8. Defendants request that this Court reconsider its Order on Motions for Hearing entered on May 10, 2016, and to grant the Defendants' request for a hearing to adjudicate their claims for an exemption from the Writ of Garnishment entered against them.

9. The Defendants would like an opportunity to fix their error by filing a corrected Claim of Exemption, Affidavit of Exemption and Request for Hearing, and would also request an extension of time to file same with the Court.

WHEREFORE, the Defendants, respectfully request that this Court grant their Motion for Reconsideration, Motion for Extension of Time and grant their request for a hearing.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by U.S. Mail on this ____ day of May, 2016 to: J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141.

Barney N. Weinkle
1835 Hallendale Beach Blvd.
Suite 849
Hallandale Beach, FL 33009
barneynweinkle@gmail.com

Illene M. Weinkle
1835 Hallendale Beach Blvd.
Suite 849
Hallandale Beach, FL 33009
ileneweinkle@gmail.com

EXHIBIT A

✱ AMENDED ✱

IN THE ~~COUNTY/CIRCUIT COURT OF THE~~ UNITED STATES DISTRICT COURT
IN THE ~~AND FOR~~ Southern ~~COUNTY, FLORIDA~~ ~~JUDICIAL CIRCUIT~~ IN
DISTRICT OF FLORIDA

ISABEL TARCILA CAZORLA SALINAS

CASE NO. 14-62481-CIV

Plaintiff
-vs-
Barney N Weinkle & Ilene Weinkle
Defendant

FILED by _____ D.C.
APR 22 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**CLAIM OF EXEMPTION, AFFIDAVIT OF EXEMPTION AND REQUEST FOR HEARING**

I claim exemptions from garnishment under the following categories as checked:

_____ 1. Head of family wages. (You must check a. or b. below.)
_____ a. I provide more than one-half of the support for a child or other dependent and have net earnings of $750 or less per week.
__X__ b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.
_____ 2. Social Security benefits.
_____ 3. Supplemental Security Income benefits. (SSI)
_____ 4. Public assistance (welfare).
_____ 5. Workers Compensation.
_____ 6. Unemployment Compensation.
_____ 7. Veterans benefits.
_____ 8. Retirement or profit-sharing benefits or pension money.
_____ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.
_____ 10. Disability income benefits.
_____ 11. Prepaid College Trust Fund or Medical Savings Account.
_____ 12. Other exemptions as provided by law.

**AFFIDAVIT OF EXEMPTION BY HEAD OF FAMILY PURSUANT TO §222.12 FLA. STAT.**

BEFORE ME, the undersigned authority, personally appeared ILENE WEINKLE who first being duly cautioned, deposes and says as follows:

1. My name is ILENE WEINKLE and I live at 10070 Bay Harbor Terr Bay Harbor Island FL 33154

2. The funds that are being garnished in the above styled action are funds that are due me for my labor and services.

1

3. I am the head of my family in that I am providing more than one-half the support for my dependent(s) who is (are): __TAYLOR WEINKLE / PAIGE WEINKLE__

4. I understand that pursuant to Florida Statutes §222.11 and §222.12 that since I am the head of a family and the money being garnished is due to me for personal labor and services, that this garnishment action must cease (unless my affidavit is denied pursuant to provisions of the above cited statutes).

_____
Defendant Signature

Address: __10070 Bay Harbor Terrace__
__Bay Harbor Islands, FL 33154__

SUBSCRIBED AND SWORN to before me this __21__ day __April__ of 20__16__ by the above named person who is either known personally to me or who produced a valid Florida driver's license.

_____
Notary Public

MAYTE D GAMIOTEA
Notary Public - State of Florida
My Comm. Expires Jun 21, 2016
Commission # EE 210160

NOTICE: If the Plaintiff does not file a sworn written statement that contests this Claim of Exemption within 2 business days after hand delivering of the Claim or, alternatively, 7 business days, if the Claim were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

If the Plaintiff properly contests this Claim I request a hearing to decide the validity of my Claim.

Notice of the hearing should be given to me at:

Address: __ILENE WEINKLE__
__10070 Bay Harbor Terr__
__Bay Harbor Island FL 33154__
Telephone: __305-213-6035__

The statements made in this Claim, Affidavit and Request are true to the best of my personal knowledge and information.

_____  Date: __4/21/16__
Signature

2

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-62481-BLOOM/Valle

ISABEL TARCILA CAZORLA SALINAS,

    Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

    Defendants.
_____/

## ORDER ON MOTIONS FOR HEARING

**THIS CAUSE** is before the Court upon Defendants' Motions for Hearing on Validity of Claim, ECF Nos. [117] and [119].[1] The history of this matter is known to both parties and comprehensively documented in the Court's prior Orders, but will be briefly summarized. On January 11, 2016, the Court issued a Final Judgment pursuant to the Jury's Verdict, ECF No. [76], awarding Plaintiff $53,234.50 in total damages. *See* ECF No. [93]. On January 22, 2016, the Court denied Defendants' Motion for Reconsideration, ECF No. [94], and on January 29, 2016, Defendants filed a Notice of Appeal. *See* ECF No. [95], [96]. On February 3, 2016, Plaintiff filed a Motion for a Writ of Garnishment. *See* ECF No. [98]. On March 30, 2016, Plaintiff served a Writ of Garnishment upon Defendants' bank. *See* ECF No. [110].

Defendants now request a hearing to adjudicate their claims for an exemption from the Writ of Garnishment. *See* ECF Nos. [116], [117], [118] and [119]. Both Defendant Barney Weinkle and Ilene Weinkle claim in separate signed and sworn statements that they each qualify

---

[1] Plaintiff filed a Response, ECF No. [121], on April 27, 2016, and thus, Defendants' Reply was due on or before May 9, 2016. As of the date of this Order, the Court has not received any Reply or request from Defendants to extend the filing deadline. Accordingly, the Motions are ripe for review.

Case 0:14-cv-62481-BB Document 123 Entered on FLSD Docket 05/17/2016 Page 7 of 9
Case: 0:14-cv-62481-BB Document #: 122 Entered on FLSD Docket: 05/11/2016 Page 2 of 2

Case No. 14-cv-62481-BLOOM/Valle

for an exemption because each act as the head of their household and "provide more than one-half of the support for a child or other dependent" with net "earnings of more than $750 per week." *See id.* Both Defendants live in the same household, and both list Taylor and Paige Weinkle as their "dependents." *See id.* Accordingly, the signed and sworn claims for an exemption are mutually exclusive and cannot both be correct. Defendants have not filed any evidence or argument in support of their claims for an exemption or in support of their motion for a hearing on said claims. Moreover, the Court's Final Judgment holds the Weinkles jointly liable. *See* ECF No. [93]. Accordingly, Defendants have not established good cause for a hearing on their requested exemptions. It is therefore

**ORDERED AND ADJUDGED** that Defendants' Motion for Hearing on Validity of Claim, **ECF Nos. [117] and [119]**, are **DENIED.**

**DONE AND ORDERED** in Miami, Florida this 10th day of May, 2016.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Barney and Ilene Weinkle
10070 Bay Harbor Terrace
Bay Harbor, FL 33154

## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

### CERTIFICATE OF SERVICE



FILED by ___ D.C.
MAY 16 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA – MIAMI

BARNEY N. WEINKLE AND ILENE M. WEINKLE vs. ISABLE TARCILA CAZORLA SALINAS

CASE # 1462481 CIV Bloomivalle   Appeal No. 16-10398-CC

FRAP 25(b) through (d) (see reverse) requires that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. In addition, the person who made service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses.

**You may use this form to fulfill this requirement.** *Please type or print legibly.*

I hereby certify that on (date) April 21st 2016, a true and correct copy of the

foregoing (title of filing) INITIAL BRIEF, with first class postage prepaid, has been (check one)

X   deposited in the U.S. Mail           ___ deposited in the prison's
                                              internal mailing system

and properly addressed to the persons whose names and addresses are listed below:

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141


Barney Weinkle

Ilene Weinkle

**U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**CERTIFICATE OF SERVICE**



FILED by _PP_ D.C.
MAY 16 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

BARNEY N. WEINKLE AND ILENE M. WEINKLE vs. ISABLE TARCILA CAZORLA SALINAS CASE # 14-62481 CIV Bloom/Valle Appeal No. 16-10398-CC

FRAP 25(b) through (d) (see reverse) requires that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. In addition, the person who made service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses.
**You may use this form to fulfill this requirement.** *Please type or print legibly.*

I hereby certify that on (date) __April 21st 2016__, a true and correct copy of the

foregoing (title of filing) , with first class __APPENDIX__ postage prepaid, has been (check one)

__X__ deposited in the U.S. Mail     ___ deposited in the prison's
                                         internal mailing system

and properly addressed to the persons whose names and addresses are listed below:

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

_Barney Weinkle_                    _[signature]_

_Ilene Weinkle_                     _[signature]_