**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-cv-62481-BLOOM/Valle**

ISABEL TARCILA CAZORLA SALINAS,

Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

Defendants.
_________________________________/

**ORDER ON MOTIONS FOR BILL OF COSTS AND ATTORNEYS FEES**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Bill of Costs, ECF No. [101] ("Motion for Costs"), and Motion for Attorneys' Fees, ECF No. [105] ("Motion for Fees") (collectively, the "Motions"). The Court has reviewed the Motions, the record, and is otherwise fully advised in the premises. For the reasons that follow, the Motions are granted.

The Court entered a Final Judgment in this matter following a jury trial, and Defendants appealed. Plaintiff filed its Motion for Costs on February 11, 2016, and filed its Motion for Fees on March 7, 2016. The Court stayed the motions pending appeal, and on May 27, 2016, the Clerk for the Eleventh Circuit Court of Appeals dismissed the appeal for Defendants' failure to prosecute. *See* ECF No. [126]. Defendants did not respond to Plaintiff's Motions, and so, the Court ordered that Defendants file a Response by June 10, 2016. *See* ECF No. [130]. The Court warned Defendants that if they did not "timely file a Response to both motions, the Court may grant the motions in default." As of the date of this Order, the Court has received neither a Response to the Motions, nor a motion to extend the filing deadline.

## I. MOTION FOR BILL OF COSTS

On January 11, 2016, the Court entered a Final Judgment in favor of Plaintiff, granting her claim under the Fair Labor Standards Act ("FLSA"). *See* ECF No. [92]. A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1); *see also* 29 U.S.C. § 216(b) (prevailing FLSA plaintiff may recover the "costs of the action"). The costs recoverable by a prevailing FLSA plaintiff under § 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920. *See Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379, at *16 (S.D. Fla. Sept. 30, 2011). More specifically, a court may order taxed as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs any items not authorized by the statute. *See, e.g.*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a

cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

In this case, Plaintiff prevailed and seeks $1,831.60 in reimbursement for costs incurred prosecuting this litigation. *See* ECF No. [101]. Specifically, Plaintiff seeks to tax as costs her filing fees, service of process fees, costs of deposition transcripts, and compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828. *See id.* Defendants have not responded to the Motion for Costs and, therefore, have failed to meet their burden to demonstrate that the requested cots are not taxable. *See Monelus*, 609 F. Supp. 2d at 1333. Based on the Court's independent review of the claimed expenses, the Court finds that the above itemized costs are reasonable and properly recoverable under the law. *See* 28 U.S.C. § 1920. Accordingly, the Motion for Costs is granted in the amount of $1,831.60.

## II. ATTORNEYS' FEES

Under the "American Rule," parties generally are not entitled to an award of attorneys' fees for prevailing in litigation unless it is permitted by statute or contract. *See, e.g., In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). The FLSA allows for an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b). In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The fee applicant bears the burden of establishing entitlement and

documenting appropriate hours and hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id*. at 428. When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983).

**A. Reasonable Hourly Rate**

The Court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1301). A reasonable hourly rate is determined by considering "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. Plaintiff has submitted a summary of hourly work and a detailed spreadsheet. *See* ECF Nos. [105] at 3-4; [105-1]. In total, four attorneys worked on this matter at an hourly rate ranging from $200/hour to $375/hour, for a total of 119.1 hours, amounting to $33,334.50. *See* ECF Nos. [105] at 4. One attorney expended the vast majority of time – 101.7 hours – at $275/hour, amounting to $29,464.50. Plaintiff states that this amount reflects the time and labor required to litigate against Defendants, who appeared *pro se*, and who "frequently refused to participate in the litigation process, stated untruths and misled the Court and Plaintiff, filed frivolous motions, and communicated and threatened Plaintiff's counsel excessively, which significantly increased the amount of labor necessary in this action." ECF No. [105] at 3. The Court is well aware of how

this matter has proceeded. Using its own independent judgment and considering the market rates for similar legal services in South Florida, the Court finds counsels' hourly rates reasonable.

**B. Reasonable Hours Expended**

With regard to hours spent, fee applicants must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. That means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301. Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428. Counsel's firm spent a total of 119.1 hours in an action that required, among other things, a significant motions practice, pre-trial activity and depositions, a jury trial, an appeal, and a litany of post-trial motions. In the absence of an objection from Defendants and based on the Court's independent judgment, the Court finds the number of hours reasonable and the billing statements sufficiently clear and concise to support an award of fees without reduction. Accordingly, the Motion for Fees is granted in the amount of $33,334.50.

**III. CONCLUSION**

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motions, **ECF Nos. [101]** and **[105]**, are **GRANTED.** Plaintiff is awarded **$33,334.50 for attorneys' fees and $1,831.60 for costs.**

**DONE AND ORDERED** in Miami, Florida this 14th day of June, 2016.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record