**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS
AND ALL OTHERS SIMILARLY
SITUATED UNDER 29 U.S.C. 216(b),

       Plaintiff,

v.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

       Defendants,

v.

WELLS FARGO BANK, N.A.,

Garnishee.

_____/

**GARNISHEE'S VERIFIED**
**MOTION TO VACATE DEFAULT AND**
**FINAL JUDGMENT OF GARNISHMENT,**
**MOTION TO STAY EXECUTION OF FINAL JUDGMENT**
**AND**
**MEMORANDUM OF LAW**

    COMES NOW Garnishee, Wells Fargo Bank, N.A. ("Garnishee" and "Wells Fargo"), by and through its undersigned attorneys, and

    (A)    pursuant to Rules 5, 6, 55(b)(c), 60(b)(1)(6)(c)(d) and 69(a), Fed. R. Civ P., moves to vacate the "Order on Motion For Final Judgment as to Garnishee" entered herein on June 1, 2016, (the "Final Judgment") on the grounds that Plaintiff did not afford Garnishee its due process entitlement to notice and an opportunity to be heard at the trial on the unliquidated damages, in that: (1) Plaintiff failed to serve Garnishee with a copy of the order setting the required trial on unliquidated damages, and (2) Plaintiff failed to serve Garnishee with a notice of the required hearing at which the issue of unliquidated damages must be determined.

59890816

(B)      pursuant to Rules 60(b)(c)(d) and 69(a)(1), <u>Fed. R. Civ. P.</u>, Article I, Section 9 of the <u>Constitution of the State of Florida</u> and the Fourteenth Amendment to the <u>Constitution of the United States</u>, moves to vacate the Final Judgment entered herein on the grounds that "enforcement of such a judgment would constitute a taking of property from the . . .[Garnishee] without due process of law."

(C)      pursuant to Rule 60(b)(c)(d), <u>Fed. R. Civ. P.</u>, and Section 77.083, <u>Florida Statutes</u>, moves to vacate the Final Judgment entered herein on the grounds that the amount of damages contained in the Final Judgment is contrary to Florida Law.

(D)      pursuant to Rule 60(b)(c)(d), <u>Fed. R. Civ. P.</u>, and Section 77.083, <u>Florida Statutes</u>, moves to vacate the Final Judgment entered herein on the grounds that the allegations in the complaint do not entitle the Plaintiff to relief, in that the "affirmative relief [granted to Plaintiff] . . . is not supported by . . . substantive law applicable to the pleadings".

(E)      pursuant to Rule 60(b)(c)(d), <u>Fed. R. Civ. P.</u>, and Section 77.083, <u>Florida Statutes</u>, moves to vacate the "Clerk's Default" entered herein on May 31, 2016 (the "Default") and the Final Judgment entered herein on the grounds: (1) that because of mistake, inadvertence or excusable neglect, Garnishee did not timely file its Answer to the Writ of Garnishment, (2) that Garnishee has a meritorious defense to the amount contained in the Final Judgment, and (3) that the amount of damages contained in the Final Judgment is contrary to Florida Law.

(F)      pursuant to Rule 62(b)(4), <u>Fed. R. Civ. P.</u>, moves to stay execution of the Final Judgment entered herein until this Court has had an opportunity to hold a hearing and/or enter a ruling on Garnishee's pending Garnishee's Verified Motion To Vacate Default and Final Judgment of Garnishment (the "Motion to Vacate Default and Final Judgment") on the grounds: (1) that Garnishee failed to timely file its Answer to the Writ of Garnishment because of mistake, inadvertence or excusable neglect, (2) that Garnishee has a meritorious defense to the amount contained in the Final Judgment, and (3) that the amount of damages contained in the Final Judgment is contrary to Florida Law,

and in support thereof states:

1.      Garnishee was <u>allegedly</u> served with a Writ of Garnishment on or about March 30, 2016 (the "Writ of Garnishment"), based on the Return of Service filed with the Court as to Defendants "Barney N. Weinkle and Ilene M. Weinkle" (the "Defendants").

59890816

2.       Based solely on the Return of Service filed with this Court reflecting that the Writ of Garnishment was served on the Garnishee on March 30, 2016, Garnishee filed and served its Answer to the Writ of Garnishment on August 10, 2016, as to Defendants in which **Garnishee states that it is only indebted to Defendants in the amount of $2,738.72** (the "Answer").

3.       The Wells Fargo employee identified by the process server as the person served with the Writ of Garnishment (a) has no independent recollection of such service ever having been made and (b) has confirmed that the Wells Fargo's branch's on-line mail log in which all legal documents are recorded immediately upon receipt, does not reflect that the Writ of Garnishment was received on March 30, 2016. However, since the Return of Service filed with this Court reflects that service of the Writ of Garnishment was made, then Wells Fargo's employee in the local branch of Wells Fargo in Florida that was allegedly served with the Writ of Garnishment, and who is responsible for forwarding such writs of garnishments to the Legal Order Processing Department of Wells Fargo, either through mistake, inadvertence, or excusable neglect, and contrary to Wells Fargo's standard procedures, did not furnish the Writ of Garnishment to the Legal Order Processing Department of Wells Fargo for Processing and forwarding to its attorneys for preparation and filing of an Answer to the Writ of Garnishment. The Default was entered on May 31, 2016. The Final Judgment was entered on June, 1, 2016, in favor of Plaintiff against Garnishee for **$53,234.50, the full amount of Defendant's obligation to Plaintiff.**

4.       On or about July 5, 2016, Plaintiff's counsel furnished a copy of the Final Judgment to Well Fargo's attorney in Florida that prepares and files answers to writs of garnishment for Wells Fargo in Florida.   Wells Fargo's attorney thereafter obtained and forwarded the Writ of Garnishment and Return of Service to the Legal Order Processing Department of Wells Fargo in Phoenix, Arizona, which Department is responsible for administering writs of garnishments for Wells Fargo in Florida.

5.       Thereafter, the undersigned attorneys for Wells Fargo (a) received from Wells Fargo's Legal Order Processing Department the work papers reflecting Wells Fargo's actual indebtedness to Defendants, (b) ascertained that the Final Judgment against Garnishee had been entered by the Court in an amount in excess of Garnishee's liability to Defendants and (c) were retained by Garnishee to file an appropriate responsive pleading to the Default and Final Judgment.

## MEMORANDUM OF LAW

6.      After a review of the alleged service of the Writ of Garnishment and the veracity of the Return of Service, Garnishee did not file a motion to quash service of process since the Final Judgment is itself unconstitutional under Florida law [see Paragraph 14 below]. The Garnishee acted with due diligence in moving to set aside the Default and Final Judgment in that Garnishee prepared and served on Plaintiff's attorney, and filed with the Clerk of the Court: (a) its Answer to the Writ of Garnishment in which **Garnishee states that it is only indebted to Defendants in the amount of $ 2,738.72** (a copy of which is attached hereto), (b) its Motion to Vacate Default and Final Judgment and (c) its Affidavits in support thereof.

7.      Garnishee has a meritorious defense to the amount contained in the Final Judgment as shown by its Answer which states that Garnishee is only indebted to Defendants in the amount of $2,738.72. Bailey v. Deebold, 351 So.2d 355 (Fla. App. 2 Dist 1977); Clark V. Roberto's Inc., 320 So.2d 870 (Fla App. 4 Dist 1975); and Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 801 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved by the Florida Supreme Court, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997).

8.      Section 77.083, Florida Statutes, states in relevant part as follows:

". . . No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee" (Emphasis added).

Section 77.083, Florida Statutes, follows the general intent of the Garnishment Statute, Chapter 77, Florida Statutes, in limiting a garnishee's liability under a writ of garnishment to garnishee's liability to the defendants, in that Section 77.06, Florida Statutes, states in relevant part as follows:

"77.06 Writ; effect.-

(1)     Service of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of garnishee's answer." (Emphasis added)

9.      "It is well settled that when a plaintiff obtains a default in a suit for unliquidated damages, the default only establishes liability. **It remains necessary for the plaintiff to prove**

its damages at a hearing after notice to the defaulting party." (Emphasis added) Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 798 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997).

10. "[A] writ of garnishment under chapter 77 [Florida Statutes] asserts a claim for an unliquidated sum. That being so, plaintiff was not allowed to obtain an ex parte default judgment. Instead, plaintiff was required to give notice of trial on damages, and adduce proof of the amount of money held by the Bank." (Emphasis added) Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 802 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). See also: Caruana and Lorenzen, P.A. v. Garone, 748 So.2d 321 (Fla. App. 3 Dist. 1999)

11. "A defaulting party [Garnishee] has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages." (Emphasis added) Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 800 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997).

12. No notice of the trial on damages was given to Garnishee or its attorney of record. On the contrary, based on the docket of this case obtained from the Clerk of the Court's online website, Plaintiff ex parte:

    a.   Filed a Motion for Clerk's Default on May 30, 2016;

    b.   Obtained the Default against Garnishee on May 31, 2016;

    c.   Filed a Motion For Judgment as to Garnishee on May 31, 2016; and

    d.   Obtained the Final Judgment as to the Garnishee on June 1, 2016.

13. **In a case involving the identical issue presented to the Court in this case**, an appellate court reviewed a lower court decision in which "The trial court entered final judgment after default against appellant/garnishee without first receiving evidence of any indebtedness from garnishee to the judgment debtors. The garnishee appeals. We reverse." Hauser v. Dr. Chatelier's Plant Food Co., Inc., 350 So.2d 548, at page 549 (Fla. App. 2d Dist. 1977). The appellate court then ruled that "Hauser [garnishee] **merely by suffering a default against the**

59890816

writ did not admit any ultimate facts on which a judgment could be based. [citations omitted]. Accordingly, Chatelier [plaintiff] has not established any rights whatsoever to the garnishee's assets." Hauser v. Dr. Chatelier's Plant Food Co., Inc., 350 So.2d 548, at page 549 (Fla. App. 2d Dist. 1977) (Emphasis added).

14.     **A judgment cannot be entered against the Garnishee for an amount in excess of the amount of Garnishee's indebtedness to the Defendant,** because to do so "would lead to **a deprivation of the garnishee's property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution and Article I, Sec. 9 of the Constitution of Florida.**" (Emphasis added) (Carpenter v. Benson; 478 So.2d 353, at page 354 (Fla. App. 5 Dist. 1985), *review denied*, 488 So.2d 829 (Fla. 1986)); therefore, the amount of damages against Garnishee included in the Final Judgment is contrary to Florida law. Section 77.083, Florida Statutes; Carpenter v. Benson; 478 So.2d 353 (Fla. App. 5 Dist. 1985), *review denied*, 488 So.2d 829 (Fla. 1986); Tire Kingdom, Inc. v. Bowman, 480 So.2d 221 (Fla. App.5 Dist. 1985); and see Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 803 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997).

15.     "'Judgment creditors derive their right to proceed against a garnishee only by virtue of the fact that the garnishee holds money or property owed to the judgment debtor.  Trial judges should exercise their discretion in such a way as to insure that the judgment creditor receives no greater rights against a garnishee than would have been available to the judgment debtor in a proceeding against the garnishee. *Reeves v. Don L. Tullis and Assoc., Inc.*, 305 So.2d 813 (Fla. 1st DCA 1974).' *United Presidential Life Insurance Co. v. King*, 361 So.2d 710, 713 (Fla.1978). 'The Garnishee is not, by service of the writ, to be placed in any worse condition than if the defendant, his creditor, had brought suit upon the claim which is garnished.  As to the garnishee, the plaintiffs take the shoes of the defendant, the principal debtor, and can assert only the rights of the latter.' *Howe v. Hyer*, 36 Fla. 12, 17 So. 925, 926 (1895)." Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 799 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). See also Carpenter v. Benson; 478

So.2d 353, at page 354 (Fla. App. 5 Dist. 1985), *review denied*, 488 So.2d 829 (Fla. 1986) (Emphasis added).

16.     Further, "'[A] **motion to set aside a default judgment requires no allegations or showing of excusable neglect where** the basis for the motion is that the allegations in the complaint do not entitle the plaintiff to relief. Magnificent Twelve, Inc. v. Walker, 552 So.2d 1031 (Fla. 3rd DCA 1988)'. Becerra v. Equity Imports, Inc., 551 So.2d at 488-89 (footnotes and citations omitted; emphasis added)." (Emphasis added) Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 803 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). "This Court has also held that on a Rule 1.540 [similar to Rule 60, Fed. R. Civ. P.] motion, relief can be granted where the plaintiff has obtained relief that is not supported by the pleadings or by substantive law applicable to the pleadings." Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795, at page 803 (Fla. App. 3 Dist. 1996), rehearing denied, review granted 690 So.2d 1299, decision approved, BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla. 1997). In this case, the substantive law in Chapter 77, Florida Statutes, which Chapter governs all Florida garnishments, specifically states that "**. . . No judgment . . . in excess of the amount of the liability of the garnishee to the defendant . . . shall be entered against the garnishee.**" Section 77.083, Florida Statutes.

17.     Rule 60 **Relief from a Judgment or Order**, Fed. R. Civ. P. states in pertinent part as follows:

> "**(b) Grounds for Relief from a Final Judgment, Order or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief. . . .
>
> (c) **Timing and Effect of Motion.**  (1) Timing.  A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order, or the date of proceeding."

18.     Garnishee, with due diligence, served its Motion to Vacate Default and Final Judgment on Plaintiff within a reasonable time, and less than one year after the entry of the Final Judgment, by certifying by Certificate of Service that said Motion was filed on ____ , 2016, pursuant to this Court's Case Management / Electronic Case Filing (CM/ECF) system, and that a

notice of electronic filing of said Motion was sent to Plaintiff's attorney and that copies of said Motion were mailed to the two individual defendants by Garnishee on August 10, 2016. Rule 5, Fed. R. Civ. P., U.S. District Court, Southern District Local Rule 5.1 and 5.2 and U.S. District Court, Southern District Administrative Order 2006-26. Plaintiff will not be prejudiced by the delay in having this Motion heard by the Court.

19.    Rule 62 **Stay of Proceedings to Enforce a Judgment**, Fed. R. Civ. P. states in pertinent part as follows:

> "(b) **Stay Pending the Deposition of a Motion.** On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions: . . . (4) under Rule 60, for relief from a judgment or order."

20.    Based on the content of this motion, including the citations herein, and the affidavit in support thereof filed herein by Garnishee, the Default and Final Judgment should be set aside on the grounds described in paragraphs (A) through (F) above.

21.    Garnishee should be awarded its attorney's fees, pursuant to Section 77.28, Florida Statutes, for being required to defend itself as garnishee herein against a Final Judgment against Garnishee for an amount in excess of Garnishee's indebtedness to Defendants, based on facts that Plaintiff is aware, or should be aware, prohibit recovery by Plaintiff because of its failure to give Garnishee the required notice of the hearing on damages and because of Section 77.083, Florida Statutes.

22.    The Garnishee has retained the law firm of Marks Gray, P.A. to represent it in this matter and requests that it be paid its attorney's fees and costs pursuant to section 77.28, Florida Statutes.

WHEREFORE, Garnishee prays this Court to enter an Order pursuant to Rules 5, 6, 55(b)(c), 60(b)(c)(d), 62(b)(4) and 69(a)(1), Fed. R. Civ. P., Sections 77.06, 77.061, 77.083 and 77.28, Florida Statutes, Article I, Section 9 of the Constitution of the State of Florida and the Fourteenth Amendment to the Constitution of the United States, (a) vacating the Default and Final Judgment and reflecting that Garnishee is only indebted to Plaintiff or Defendants in the amount of $2,738.72 and (b) awarding Garnishee its attorney's fees and costs.

MARKS GRAY, P.A.

By _____

John B. Kent
Florida Bar No. 042442
P. O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

VERIFICATION

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me this 10th day of August, 2016, by

JOHN B. KENT, who is personally known to me and did take an oath.

SHARON L. PALMER
MY COMMISSION # FF 905485
EXPIRES: November 27, 2019
Bonded Thru Notary Public Underwriters

Notary Public, STATE OF FLORIDA
Print Name: Sharon L. Palmer
My Commission Expires:_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY (1) that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the first name on the attached Service List and (2) that a copy hereof has been furnished to those other address(es) listed on the attached service list by US mail on August 10th, 2016.

59890816

MARKS GRAY, P.A.

By _____

John B. Kent
Florida Bar No. 042442
P.O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

J.H. Zidell, Esq., P.A.
300 71st Street
# 605
Miami Beach, FL 33141
(zabogado@aol.com)

Ilene M. Weinkle
10070 Bay Harbor Terrace
Bay Harbor Islands, Florida 33154-1510

Barney N. Weinkle
10070 Bay Harbor Terrace
Bay Harbor Islands, Florida 33154-1510

59890816

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS
AND ALL OTHERS SIMILARLY
SITUATED UNDER 29 U.S.C. 216(b),

      Plaintiff,

v.

BARNEY N. WEINKLE
ILENE M. WEINKLE,

      Defendant,

v.

WELLS FARGO BANK, N.A.,

      Garnishee.

_____/

## ANSWER OF GARNISHEE
## AND
## DEMAND FOR GARNISHMENT FEE

COME NOW Garnishee, Wells Fargo Bank, N.A., successor in interest to Wachovia Bank, N.A., by and through its undersigned attorneys, and answers the Writ of Garnishment served herein on it and says:

1.      At the time of service of said Writ (plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ) and at the time of this Answer, and in between said times, excluding any "protected amount" as defined in Title 31, Subtitle B, Chapter II, Subchapter A, Part 212, Code of Federal Regulations, **if any**, the Garnishee may be indebted to Defendant(s), "Ilene M. Weinkle and/or Barney N. Weinkle":

      A.      in the amount of $25.00 by virtue of an account(s) in the name of "Ilene Weinkle"

59890816

        B.     in the amount of $2,570.46 by virtue of an account(s) in the name of "Ilene Weinkle"

        C.     in the amount of $139.26 by virtue of an account(s) in the name of "Ilene Weinkle"

        D.     in the amount of $4.00 by virtue of an account(s) in the name of "Ilene Weinkle" at the following address(es):

10070 Bay Harbor Ter.
Bay Harbor Islands, Florida 33154-1510

and Garnishee in good faith has retained the sum of **$2,738.72** in accordance with Chapter 77, and primarily Section 77.06(2) and (3), *Florida Statutes*.

    2.     Under Garnishee's Account Agreement with Garnishee's customer, Garnishee has a contractual right of setoff and a security interest in its customer's accounts for Legal Process, including garnishments, and it hereby claims this right as an Affirmative Defense. Specifically, among its other rights, Garnishee is authorized to charge against its customer's account(s) a Legal Process Fee in the amount of $125.00. See *Baxter Healthcare Corp. v. Universal Medical Labs, Inc.*, 760 So. 2d 1126 (Fla. App. 5 Dist 2000). Said sum has been taken from an account(s) enumerated in paragraph 1 above, or charged to an account(s), and the amount shown in paragraph 1 reflects the sum held and available for garnishment after setoff. Garnishee's Legal Process Fee is in addition to the statutory $100.00 garnishment fee payable to Garnishee's attorney for filing this Answer (Section 77.28 *Florida Statutes*).

    3.     The Garnishee has no other deposit, account or tangible or intangible personal property of Defendant(s) in its possession or control at the time of service of said Writ and at the time of this Answer, and in between said times, and knows of no other person indebted to the Defendant(s) or who may have any of the effects of the Defendant(s).

    4.     Except as provided in paragraph 1 above, the Garnishee has no obligation to make, and has not made, a factual determination as to whether any property of the Defendant(s) in its possession or control is subject to any exemption provided to the Defendant(s) by State or Federal law.

59890816

5.    The Garnishee has retained the law firm of Marks Gray, P.A. to represent it in this matter and requests that it be paid its attorney's fees and costs as allowed by law.

## DEMAND FOR GARNISHMENT FEE

The Plaintiff/Plaintiff's Counsel shall pay to the undersigned Law Firm the $100.00 deposit for Garnishee's attorney's fee for issuance of the garnishment Writ in the above-style cause pursuant to Section 77.28, *Florida Statutes*, as amended effective July 1, 2014.

MARKS GRAY, P.A.

By _____
John B. Kent
Florida Bar No.  042442
P.O. Box 447
Jacksonville, FL 32201
Telephone:  (904) 398-0900
Facsimile:  (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY (1) that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the first name on the attached Service List and (2) that a copy hereof has been furnished to those address(es) listed on the attached service list by US mail on August 10, 2016.

MARKS GRAY, P.A.

By _____
John B. Kent
Florida Bar No.  042442
P.O. Box 447
Jacksonville, FL 32201
Telephone:  (904) 398-0900
Facsimile:  (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

59890816

## SERVICE LIST

J.H. Zidell, Esq., P.A.
(zabogado@aol.com)

Barney Weinkle
10070 Bay Harbor Ter.
Bay Harbor Islands, Florida 33154-1510

Ilene Weinkle
10070 Bay Harbor Ter.
Bay Harbor Islands, Florida 33154-1510

59890816

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS AND ALL OTHERS SIMILARLY SITUATED
UNDER 29 U.S.C. 216(B),

      Plaintiff,

v.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

      Defendants,

v.

WELLS FARGO BANK, N.A., Successor in
Interest to Wachovia Bank, N.A.

      Garnishee.

_____/

### AFFIDAVIT IN SUPPORT OF GARNISHEE'S
### MOTION TO VACATE DEFAULT AND FINAL JUDGMENT

STATE OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

      BEFORE ME, the undersigned authority, this day personally appeared ERICA D. COOK
(the "Affiant"), who, being by me first duly sworn, did depose and say as follows:

      <u>Section 1.</u>    Affiant is the Paralegal in the Legal Order Processing Department of
Wells Fargo Bank, N.A. (the "Department"), which Department is responsible for administering
writs of garnishment served in the State of Florida, and in such capacity is knowledgeable of the
depositors' accounts at Wells Fargo Bank, N.A. ("Wells Fargo") in Florida and is authorized to
make this affidavit.

      <u>Section 2.</u>    Affiant is one of the individuals with Wells Fargo responsible for
identifying the accounts, if any, in which Defendants "Barney N. Weinkle and Ilene M.
Weinkle" (the "Defendants") has or had an interest.

Section 3.    The Department never received a Writ of Garnishment served on Wells Fargo in this garnishment proceeding prior to July 5, 2016.

Section 4.    The Department, in the normal course of business, receives all writs of garnishment served in the State of Florida by facsimile and/or overnight courier from the various local branches of Wells Fargo in Florida immediately after service of the writ of garnishment on Wells Fargo's employee.  However, in this garnishment proceeding, the Department never received a writ of garnishment from the local Wells Fargo branch in Florida. The Wells Fargo employee identified by the process server as the person served with the Writ of Garnishment (a) has no independent recollection of such service ever having been made and (b) has confirmed that the Wells Fargo's branch's on-line mail log in which all legal documents are recorded immediately upon receipt, does not reflect that the Writ of Garnishment was received on March 30, 2016. However, since the Return of Service filed with this Court reflects that service of the Writ of Garnishment was made, then Wells Fargo's employee in the local branch of Wells Fargo in Florida that was served with the Writ of Garnishment, and who is responsible for forwarding such writs of garnishments to the Department of Wells Fargo, either through mistake, inadvertence, or excusable neglect, and contrary to Wells Fargo's standard procedures, did not furnish the Writ of Garnishment to the Department of Wells Fargo for Processing and forwarding to its attorneys for preparation and filing of an Answer to the Writ of Garnishment.

Section 5.    Affiant has examined the records of Wells Fargo and determined that Wells Fargo was indebted to Defendants in the amount of $2,738.72 "at the time of the answer, or was indebted at the time of service of the writ, plus sufficient time not to exceed 1 business day for garnishee to act expeditiously on the writ, or at any time between such times". Section 77.04, Florida Statutes.

Section 6.    Further Affiant sayeth not.

Signed this 9th  day of August, 2016.

Signature of Affiant

_____
Signature of Notary Public

BRYCE WINTERBORNE
_____
Printed Name of Notary Public

My Commission Expires: 8/8/2017
(Notarial Seal)

Commonwealth of Pennsylvania
NOTARIAL SEAL
Bryce Winterborne, Notary Public
Philadelphia City, Philadelphia County
My Commission Expires August 8, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS AND ALL OTHERS SIMILARLY SITUATED
UNDER 29 U.S.C. 216(B),

        Plaintiff,

v.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

        Defendants,

v.

WELLS FARGO BANK, N.A., Successor in
Interest to Wachovia Bank, N.A.

        Garnishee.

_____/

AFFIDAVIT IN SUPPORT OF GARNISHEE'S
MOTION TO VACATE DEFAULT AND FINAL JUDGMENT

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

        BEFORE ME, the undersigned authority, this day personally appeared ANGEL CRESPO (the "Affiant"), who, being by me first duly sworn, did depose and say as follows:

        1.    Affiant is the Manager of the Wells Fargo Bank Store located at 9401 Harding Avenue, Surfside, Florida (the "Store"), and in such capacity is knowledgeable of the overall administration of the Store and is authorized to make this affidavit.

        2.    Affiant (a) has no independent recollection of service of the Writ of Garnishment issued herein ever having been served on him and (b) confirms that the Wells Fargo's Store's on-line mail log in which all legal documents are recorded immediately upon receipt, does not reflect that the Writ of Garnishment was received on March 30, 2016.

        3.    Further Affiant sayeth not.

59890816

Signed this _9ᵗʰ_ day of August, 2016.

_____
Signature of Affiant

_____
Signature of Notary Public

**Amanda Concepcion**
**Notary Public**
**State of Florida**
**My Commission Expires 01/09/2018**
**Commission No. FF 82131**

Printed Name of Notary Public

My Commission Expires: 1 | 9 | 18
(Notarial Seal)

59890816