UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. 216(B),

    Plaintiff,

v.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

    Defendants,

v.

WELLS FARGO BANK, N.A., Successor in Interest to Wachovia Bank, N.A.

    Garnishee.

_____/

## NOTICE OF FILING AFFIDAVIT

Garnishee, Wells Fargo Bank, N.A., hereby files the original Affidavit of Erica D. Cook In Support Of Garnishee's Motion To Vacate Default And Final Judgment.

    MARKS GRAY, P.A.

    By __/s/ John B. Kent__
    John B. Kent
    Florida Bar No. 042442
    P.O. Box 447
    Jacksonville, FL 32201
    Telephone: (904) 398-0900
    Facsimile: (904) 399-8440
    jkent@marksgray.com
    Attorneys for Garnishee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY (1) that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the first name

59890816

on the attached Service List and (2) that a copy hereof has been furnished to those other address(es) listed on the attached service list by US mail on August 10th, 2016.

MARKS GRAY, P.A.

By _____*John B. Kent*_____
John B. Kent
Florida Bar No. 042442
P.O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

## SERVICE LIST

J.H. Zidell, Esq., P.A.
300 71st Street
# 605
Miami Beach, FL 33141
(zabogado@aol.com)

Ilene M. Weinkle
10070 Bay Harbor Terrace
Bay Harbor Islands, Florida 33154-1510

Barney N. Weinkle
10070 Bay Harbor Terrace
Bay Harbor Islands, Florida 33154-1510

59890816

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62481-CIV-BLOOM/VALLE

ISABEL TARCILA CAZORLA SALINAS AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. 216(B),

    Plaintiff,

v.

BARNEY N. WEINKLE,
ILENE M. WEINKLE,

    Defendants,

v.

WELLS FARGO BANK, N.A., Successor in Interest to Wachovia Bank, N.A.

    Garnishee.

_____/

## AFFIDAVIT IN SUPPORT OF GARNISHEE'S
## MOTION TO VACATE DEFAULT AND FINAL JUDGMENT

STATE OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

    BEFORE ME, the undersigned authority, this day personally appeared ERICA D. COOK (the "Affiant"), who, being by me first duly sworn, did depose and say as follows:

    <u>Section 1.</u>    Affiant is the Paralegal in the Legal Order Processing Department of Wells Fargo Bank, N.A. (the "Department"), which Department is responsible for administering writs of garnishment served in the State of Florida, and in such capacity is knowledgeable of the depositors' accounts at Wells Fargo Bank, N.A. ("Wells Fargo") in Florida and is authorized to make this affidavit.

    <u>Section 2.</u>    Affiant is one of the individuals with Wells Fargo responsible for identifying the accounts, if any, in which Defendants "Barney N. Weinkle and Ilene M. Weinkle" (the "Defendants") has or had an interest.

Section 3.    The Department never received a Writ of Garnishment served on Wells Fargo in this garnishment proceeding prior to July 5, 2016.

Section 4.    The Department, in the normal course of business, receives all writs of garnishment served in the State of Florida by facsimile and/or overnight courier from the various local branches of Wells Fargo in Florida immediately after service of the writ of garnishment on Wells Fargo's employee. However, in this garnishment proceeding, the Department never received a writ of garnishment from the local Wells Fargo branch in Florida. The Wells Fargo employee identified by the process server as the person served with the Writ of Garnishment (a) has no independent recollection of such service ever having been made and (b) has confirmed that the Wells Fargo's branch's on-line mail log in which all legal documents are recorded immediately upon receipt, does not reflect that the Writ of Garnishment was received on March 30, 2016. However, since the Return of Service filed with this Court reflects that service of the Writ of Garnishment was made, then Wells Fargo's employee in the local branch of Wells Fargo in Florida that was served with the Writ of Garnishment, and who is responsible for forwarding such writs of garnishments to the Department of Wells Fargo, either through mistake, inadvertence, or excusable neglect, and <u>contrary to Wells Fargo's standard procedures</u>, did not furnish the Writ of Garnishment to the Department of Wells Fargo for Processing and forwarding to its attorneys for preparation and filing of an Answer to the Writ of Garnishment.

Section 5.    Affiant has examined the records of Wells Fargo and determined that Wells Fargo was indebted to Defendants in the amount of $2,738.72 "at the time of the answer, or was indebted at the time of service of the writ, plus sufficient time not to exceed 1 business day for garnishee to act expeditiously on the writ, or at any time between such times". Section 77.04, <u>Florida Statutes</u>.

Section 6.    Further Affiant sayeth not.

Signed this 9th day of August, 2016.

_____
Signature of Affiant

_____
Signature of Notary Public

BRYCE WINTERBORNE
Printed Name of Notary Public

My Commission Expires: 8/8/2017
(Notarial Seal)

**Commonwealth of Pennsylvania**
NOTARIAL SEAL
Bryce Winterborne, Notary Public
Philadelphia City, Philadelphia County
My Commission Expires August 8, 2017