UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  14-cv-62481-BLOOM/Valle

ISABEL TARCILA CAZORLA SALINAS,

      Plaintiff,

v.

BARNEY N. WEINKLE, and
ILENE M. WEINKLE,

      Defendants.
_____/

## ORDER ON MOTION FOR ATTORNEYS FEES

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Attorney's Fees Pursuant to 28 U.S.C. § 216(b) and Eleventh Circuit Rule 39-2(d), ECF No. [148] (the "Motion").  The Court has carefully reviewed the record, the Motion, and the applicable law.

The Local Rules provide: "Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default."  S.D. Fla. L.R. 7.1(c). Plaintiff filed its Motion on August 17, 2016, providing Defendants until September 6, 2016 – at the latest – to file a Response.  *See* ECF No. [148].  As of the date of this Order, Defendants have not filed a Response, nor requested an extension of time to do so.  Nevertheless, the Court has considered Plaintiff's arguments, and finds that the grant of attorney's fees is warranted.

The Court entered a Final Judgment in this matter following a jury trial and Defendants appealed.  On May 27, 2016 the United States Court of Appeals for the Eleventh Circuit dismissed the appeal and, on August 8, 2016, the Eleventh Circuit remanded to this Court the

decision as to what constitutes reasonable prevailing party attorney's fees for said appeal. *See* ECF Nos. [126], [137]. In its remand Order, the Eleventh Circuit specifically found "that Appellee is entitled to appellate attorney's fees pursuant to 29 U.S.C. § 216(b)." ECF No. [137]. Pursuant to that Order, Plaintiff now requests $10,940.00 in appellate attorney's fees. *See* ECF No. [148] at 5.

Under the "American Rule," parties generally are not entitled to an award of attorneys' fees for prevailing in litigation unless it is permitted by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). The FLSA allows for an award of reasonable attorney's fees and costs, and the Eleventh Circuit has determined that Plaintiff is entitled to appellate attorney's fees in this case. *See* 29 U.S.C. § 216(b); ECF No. [137]. In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id*. at 428. When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983).

The Court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1301).  A reasonable hourly rate is determined by considering "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*.  Plaintiff has submitted a summary of hourly work and a detailed spreadsheet.  *See* ECF No. [148-1].  In total, three attorneys worked on the appellate filings at an hourly rate ranging from $290/hour to $390/hour, for a total of 36 hours, amounting to $10,940.00.  *See id.*  Using its own independent judgment and considering the market rates for similar legal services in South Florida, the Court finds counsels' hourly rates reasonable.

With regard to hours spent, fee applicants must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434.  That means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301.  Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428.  Counsels' firm spent a total of 36 hours in an action that required appellate research, writing, and filing consistent with the Eleventh Circuit's specific filing requirements.  In the absence of an objection from Defendants and based on the Court's independent judgment, the Court finds the number of hours to be reasonable and the billing statements sufficiently clear and concise to support an award of fees without reduction.  Accordingly, the Motion for Attorney's Fees for Plaintiff's Counsels' appellate work is granted in the amount of **$10,940.00**.

**Case No. 14-cv-62481-BLOOM/Valle**

To the extent that Plaintiff additionally states that its "verified motion for attorney's fees in the amount of $33,334.50 . . . is now ripe for adjudication," the Court adjudicated said motion on June 14, 2016.  *See* ECF No. [134].

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [148]**, is **GRANTED.**  Plaintiff is awarded **$10,940.00** in appellate attorney's fees.

**DONE AND ORDERED** in Miami, Florida this 9th day of September, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record